ALLEN HYMAN, ESQ. (CBN: 73371)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
North Hollywood, California 91602
P: (818) 763-6289 or (323) 877-3405
F: (818) 763-4676
E: lawoffah@aol.com

Attorneys for Creditor
Law Offices of Allen Hyman

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>Monica H. Hujazi<br><br>        Alleged Debtor. | Case No. 13-30477-HLB<br><br>Chapter 7<br><br>**PETITIONER ALLEN HYMAN'S STATUS CONFERENCE STATEMENT**<br><br>**DATE:    October 1, 2015**<br>**TIME:    10:00 A.M.**<br>**BEFORE:  The Honorable Hannah L. Blumsteil, Bankruptcy Court Judge Presiding (Courtroom 23)**<br><br>**(Appearance by Telephone Conference Requested)** |

### INTRODUCTION

Per this Court's earlier determination, the issue for trial is whether Monica Hujazi ("HUJAZI") has been or is able to timely pay her creditors in the ordinary course.

### Compliance with July 16, 2015 Court Order

In compliance with the Court's Order of July 16, 2015, (attached as Ex. No. 1), on July 29, 2015, Creditor/Party attorney Allen Hyman served and filed a Declaration as to disclosures (copy attached as Ex. No. 2).

1
**PETITIONER ALLEN HYMAN'S STATUS CONFERENCE STATEMENT**

The Court's Order of July 16, 2015 provides in part:

> "All parties are to produce documents no later than 8/31/15. Parties shall certify if there are no further documents to produce." (Order, Ex. No. 1)

There does not appear to have been a certification filed by the Debtor HUJAZI.

As previously indicated in prior status reports, this office had produced all bills and correspondence, and thereafter, on January 27, 2015, produced all electronically stored documents it has pertaining or relating to the Debtor HUJAZI. Attached as Exhibit No. 3 is a January 22, 2015 letter to the Debtor's Counsel indicating complete disclosure by this office of all ESD pertaining to the Debtor.

**DISCOVERY**

As of date of this Status Report, counsel for Petitioners have in part conducted the deposition of Debtor HUJAZI.

As well, as reflected in the Status Report of Petitioner Recoverex, it appears that HUJAZI's counsel is resisting production of documents of the Debtor's accountant.

On July 27, 2015, the Debtor filed a Notice of Withdrawal of Expert Witness Disclosure (attached as Ex. No. 4).

This Creditor is aware of the ongoing discovery disputes and disclosure disputes that have been presented to the Court. This Creditor has nothing to add that has not been presented to the Court.

**Motions In Limine**

Given the Debtor's lack of disclosures, the admissions in discovery of the Debtor having no documents to demonstrate what

income the Debtor is receiving nor what debts the Debtor is paying in the ordinary course of business, and given the totally deficient expert disclosure, and the failure (as indicated in Recoverex's Status Report) of the Debtor's accountant to produce documents, and the automatic preclusion of evidence provided by FRCP Rule 37(c), one must suggest to the Court that the issues at trial may be very limited.

Petitioner respectfully suggests (as Petitioner has suggested previously), given the resistance to discovery, that Motions in Limine may greatly limit the admissibility of the Debtor's evidence and narrow the issues of what will be tried in this case, if any.

### **THE CENTRAL ISSUE OF DEBTOR PAYING HER OBLIGATIONS IN THE ORDINARY COURSE**

It would appear that possibly a Rule 37(c) motion may preclude Debtor HUZAJI from presenting any evidence at the trial which identifies: (a) revenue received by HUJAZI on a monthly basis (Request No. 2); (b) HUJAZI's financial obligations (Request No. 7); (c) evidence of "funds received from any trust, corporation, partnership or business organization (Request No. 23);" (d) documents prepared by any accountant (Request No. 12); (e) any financial statements (Request Nos. 7 and 9); and (f) amounts HUJAZI pays for monthly mortgage, rent or housing on a monthly basis (Request No. 14), among other evidence.

It also appears that Rule 37(c) precludes the Debtor from providing expert testimony. The central issue is the ability of the Debtor to pay her expenses in the ordinary course. In that the Debtor does not have any documents showing receipt of revenue

or the Debtor's obligations, the lack of such documents and in that the best evidence rule precludes the Debtor from testifying as to the content of documents may limit the issues at trial as to only the bona fides of the Petitioners' debts.

If the Petitioner's debts are established and HUJAZI is precluded (since she has no documents) from identifying her "monthly revenue" and "obligations," her "funds received" and "financial statements," and has no documents showing "amounts paid for monthly mortgage, rent or housing...," this case is possibly resolved simply on the basis establishing Petitioners' debts.

Respectfully submitted,

Dated: September 28, 2015   By: /s/ Allen Hyman
                               Allen Hyman, Esq.
                               LAW OFFICES OF ALLEN HYMAN
                               Attorneys for Creditor
                               Law Offices of Allen Hyman