ALLEN HYMAN, ESQ. (CBN: 73371)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
North Hollywood, California 91602
P: (818) 763-6289 or (323) 877-3405
F: (818) 763-4676
E: lawoffah@aol.com

Attorneys for Creditor
Law Offices of Allen Hyman

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>Monica H. Hujazi<br><br>    Alleged Debtor. | Case No. 13-30477-HLB<br><br>Chapter 7<br><br>**PETITIONER ALLEN HYMAN'S MEMORANDUM IN SUPPORT OF JOINDER BY PETITIONER ALLEN HYMAN IN RECOVEREX CORPORATION'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY PARTIAL SUMMARY JUDGMENT**<br><br>**DATE:** November 19, 2015<br>**TIME:** 10:00 A.M.<br>**BEFORE:** Bankruptcy Court, Northern District of California, the Honorable Hannah L. Blumsteil, Bankruptcy Court Judge Presiding<br><br>**(Appearance by Telephone Conference Requested)** |

    In support of and in joinder of the Recoverex Corporation's ("RECOVEREX") Motion for Summary Judgment, Petitioner Allen Hyman has submitted a Notice of Joinder and a Declaration. This limited Memorandum addresses some of the exhibits attached to the supporting Declaration of Allen Hyman.

///

1

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## Rule 26 (a)(1)(A) Disclosures

In this adversary proceeding, on December 12, 2013, pursuant to Fed. R. Bank 7026 (Fed. R. Civ. P. 26(a)), Monica Hujazi ("HUJAZI") provided her initial disclosures (Dec., of Allen Hyman, Ex. No. 25).

In HUJAZI's initial December 12, 2013 disclosures, HUJAZI Rule 26(a)(1)(A)(ii) disclosure of documents was limited to six (6) categories:

(1) "American Express Card statements" (Ex. No. 25 at 2:9-12);

(2) "Town of Hillsborough water bills and invoices" (Ex. No. 25 at 2:13-16);

(3) "Pacific Gas & Electric bills and invoices" (Ex. No. 25 at 2:17-19);

(4) "Recology-Sunset Scavenger bills and invoices" (Ex. No. 25 at 2:20-23);

(5) "AT&T phone bills and invoices" (Ex. No. 25 at 2:24-27);

(6) "Visa Credit Card bills and invoices" (Ex. No. 25 at 3:1-4); and

(7) "QuickBooks account statements for American Express, AT&T, PG&E and Visa" (Ex. No. 25 at 3:4-8).

These seven (7) categories were the totality of all documents identified by HUJAZI in her initial Rule 26(a)(1)(A) disclosures (Dec., of Allen Hyman, Ex. No. 25).

## Supplemental Disclosures

On July 31, 2015, HUJAZI served her Supplemental Disclosures (Dec., of Allen Hyman, Ex. No. 26) where counsel for

HUJAZI stated:

> "Alleged debtor hereby submits that at this time there is no additional material to be disclosed other than that which has previously been produced by the various parties through discovery and/or otherwise."
> (Dec., of Allen Hyman, Ex. No. 26)

Fed. Rule of Civ. Pro. Rule 37(c), "Failure to Disclose, to Supplement an Earlier Response, or to Admit" provides:

> "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence in a motion, at a hearing, or at trial...."

HUJAZI has identified seven (7) categories of documents, that being utilities and credit card bills. No further documents were disclosed to Petitioner Hyman.

### Monica Hujazi's Discovery Responses

As to the Debtor HUJAZI, on January 16, 2014, Petitioner Allen Hyman served a Request for Production, twenty-six (26) requests (attached to the Dec., of Allen Hyman as Ex. No. 27). On March 26, 2014, Monica Hujazi provided her responses (Dec., of Allen Hyman, Ex. No. 28).[1] This Petitioner has identified these responses in Status Conference Reports and again restates them in part, in that they support summary judgment.

### Request No. 2 For Revenue Received On A Monthly Basis

Request No. 2 (Ex. No. 27 at 2:1-3) asks:

> "Documents showing all revenue received by Monica Hujazi on a monthly basis during January 1, 2013

---

[1] The HUJAZI responses do not, as required by the Federal Rules, identify the request in the response.

to the present, identifying the
source of each revenue."

HUJAZI's response (at Ex. No. 28 at 3:8-9) states:

"Responding party does not believe to
have responsive documents in
possession or custody."

**Request No. 7 For Identifying Financial Obligations**

Request No. 7 (Ex. No. 27 at 2:14-18) asks:

"Documents indicating each and every
financial obligation that Monica
Hujazi has, either directly or as a
personal guarantor, in which funds
are owned or to be paid or guaranteed
which obligation exists or existed
during January 1, 2013 to the
present."

HUJAZI's response (at Ex. No. 28 at 3:16-17) states:

"Responding party does not believe to
have responsive documents in
possession or custody."

**Request No. 9 For Electronically Stored Personal Financial Records, Income Statements, Cash Flow, January 1, 2012 To Present**

Request No. 9 (Ex. No. 27 at 2:21-24) asks:

"Electronically stored data and hard
copies of Monica Hujazi's personal
financial records balance sheet,
income statement, cash flow during
the period January 1, 2012 to the
present."

Hujazi's response (Ex. No. 28 at 3:19) states:

"Responding party does not believe to
have responsive documents in
possession or custody."

**Request No. 10 For Financial Reports Or Financial Statements, January 1, 2012 To Present**

Request No. 10. (Ex. No. 27 at 2:25-27) asks:

"All financial reports or financial
statements that Monica Hujazi has

4
**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

completed during the period of time,
January 1, 2012 to the present."

HUJAZI's response (Ex. No. 28 at 3:19-20) states:

"Responding party does not believe to
have responsive documents in
possession or custody."

### Request No. 12 For Identification of Monica Hujazi's Accountant

Request No. 12 (Ex. No. 27 at 3:4-7) states:

"Documents identifying the name of
Monica Hujazi's accountant or
accountants, or persons who have
prepared financial statements on
Monica Hujazi's behalf at any time
during January 1, 2012 to the
present."

HUJAZI's response (Ex. No. 28 at 3:24-25) states:

"Responding party does not believe to
have responsive documents in
possession or custody."

HUJAZI asserts she has no documents showing how much she paid for "mortgage, rent or housing on a monthly basis" during the period of time January 1, 2012 to the present (Request No. 14).

And, HUJAZI also states she has no documents showing "...funds received from any trust, corporation, partnership or a business organization during the period of time January 1, 2012 to the present." (Request No. 23).

### Verification of Monica Hujazi

Attached to the Monica Hujazi responses (Ex. No. 5) is a Verification of Monica Hujazi which states, the contents thereof and that the same is true of my own knowledge..."

Putting aside the technical inadequacy of the form of the response, one accepts the Debtor HUJAZI's verification that no

such documents exist as to the categories identified.[2]

### Again, Rule 26(g)(1)(A) and (B)

The Debtor discovery responses (Ex. No. 5) are signed by counsel, Bradley Kass, which signature again carries with it the representation of counsel that the disclosure or response: "...is complete and correct as of the time made..." (Rule 26(g)(1)(A)) and that the responses are "...consistent with the rules..." and are "not interposed for any improper purposes..." (Rule 26(g)(1)(B)).

### Attorney Fee Bills Submitted by Allen Hyman

As set forth in the Declaration of Allen Hyman, commencing in August, 2009, and continuing to April, 2010, HUJAZI requested that Petitioner Allen Hyman undertake to represent HUJAZI in numerous proceedings and to provide legal assistance in other matters. Upon HUJAZI failing to provide payment and upon HUJAZI failing to provide new counsel when requested, Petitioner HYMAN was required to file six (6) Motions to Be Relieved as Counsel, all of which were granted.

HUJAZI did not at any time question any of the Petitioner's legal bills or claim that the legal work provided was not undertaken adequately and professionally.

### Conclusion

As to the Petitioner Allen Hyman debt, it has not been contested by HUJAZI.

---

[2] Rule 34 requires a response to state: "...a diligent search and reasonable inquiry has been made in an effort to locate the item requested and the document never existed," "has been lost or stolen," "was inadvertently destroyed," "or is not in the possession, custody or control of the responding party..." As well, discovery responses signed by counsel "Bradley Kass, Esq., Kass and Kass Law Offices," must be in good faith.

6
**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

As to HUJAZI being able to present evidence that at the date of the petition, HUJAZI regularly pays her debts, HUJAZI is unable to make that showing in that HUJAZI did not provide disclosures under Rule 26(a)(1)(A) (and even stated under oath in response to discovery) that HUJAZI had no documents, which shows "each and every (HUJAZI's) financial obligation that Monica Hujazi has, either directly or as a personal guarantor, in which funds are owned or to be paid or guaranteed which obligation exists or existed during January 1, 2013 to the present." (Response to Request for Production No. 7).

Nor does HUJAZI have documents showing revenue HUJAZI receives on a monthly basis (Response to Request No. 2), nor does HUJAZI have any documents showing her "personal financial statements, income statements, balance sheet or cash flow." (Request Nos. 10 and 11).

Debtor HUJAZI is unable to contest the debt owing to Petitioner Allen Hyman, and is precluded by Rule 37(a) and by HUJAZI's responses to discovery from providing any evidence to demonstrate that she is able to or has or does regularly pay her financial obligations on a regular basis as of the date of the petition.

Respectfully submitted,

Dated: October 12, 2015   By: /s/ Allen Hyman
                              Allen Hyman, Esq.
                              LAW OFFICES OF ALLEN HYMAN
                              Attorneys for Creditor
                              Law Offices of Allen Hyman

7
**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**