BRADLEY KASS, ESQ.   (CBN# 127658)
KASS & KASS LAW OFFICES
520 S. El Camino Real, Suite 810
San Mateo, CA 94402
Phone Number: (650) 579-0612
Fax: (650) 579-0760

Attorney for Alleged Debtor Monica Hujazi

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PETITIONING CREDITORS:<br><br>RECOVEREX ET. AL.<br><br>V.<br><br>ALLEGED DEBTOR:<br><br>MONICA HUJAZI | Case No. 13-30477<br><br>Chapter 7-Involuntary<br><br>**SPECIAL OBJECTION AND REQUEST TO STRIKE**<br>BY ALLEGED DEBTOR MONICA HUJAZI IN OPPOSITION TO PETITIONING CREDITOR ALLEN HYMAN'S JOINDER MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY PARTIAL SUMMARY JUDGMENT<br><br>DATE: November 19, 2015<br>TIME: 10:00 am<br>DEPT: 23 |

SPECIAL OBJECTION

1

TO THE COURT AND THE MOVING PARTY AND THROUGH ANY ATTORNEY OF RECORD:

**ALLEGED DEBTOR MONICA HUJAZI HEREBY SPECIALLY OBJECTS TO THE UNTIMELY SERVED MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY PARTIAL SUMMARY JUDGMENT FILED BY PETITIONING CREDITOR ALLEN HYMAN:**

On October 13, 2015, Petitioning Creditor Allen Hyman filed a purported joinder in Recoverex Corporation's Motion for Summary Judgment or alternatively partial Summary Judgment. This purported joinder should be stricken as it is a disguised attempt to file and serve an untimely motion for Summary Judgment or partial Summary Judgment.

It is respectfully asserted that this Court should as a guideline follow that a joinder in a Summary Judgment is not allowed under state law. <u>Barak v. The Quisenberry Law Firm</u>, 135 Cal. App. 4th 654, 661 states on page 661 in pertinent part in finding that a joinder is not appropriate in a summary judgment motion states:

> "...When a party merely joins in a motion for summary judgment without presenting its own evidence, the party fails to establish the necessary factual foundation to support the motion. In order to trigger a response from a plaintiff in a special motion to strike, a moving defendant need only demonstrate that the action arises out of protected First Amendment activity...."

This filing by Petitioning Creditor Allen Hyman is not a proper joinder nor was it timely filed.

//

SPECIAL OBJECTION

2

Case: 13-30477    Doc# 321    Filed: 11/05/15    Entered: 11/05/15 16:00:03    Page 2 of 7

Even if a joinder was appropriate, it would merely be one (1) or two (2) pages long specifying joinder to a motion. The purported joinder moving papers for the motion by Petitioning Creditor Allen Hyman consists of approximately three-hundred fifty-four (354) pages.

On July 16, 2015, Honorable Hannah Blumenstiel of the United States Bankruptcy Court of Northern California entered an Order that states in pertinent part:

> "...Dispositive motions shall be filed and served by 9/30/15."

(Attached hereto as Exhibit A is a true and correct copy of the United States Bankruptcy Court of Northern California docket order on July 16, 2015 case no. 13-30477) (Ex. A)

In analogy to the present motion Petitioning Creditor Allen Hyman filed his moving papers on **October 13, 2015**. (Docket nos. 309, 310, 311, 311-1 thru 29) The moving papers were ordered to be served and filed by **September 30, 2015**. Accordingly, Petitioning Creditor Allen Hyman filed and served his motion **thirteen (13) days late** on October 13, 2015 and there is **no basis** for this motion to be heard.

Alleged Debtor hereby specially objects to the **untimely** filed and served moving papers since they are **not** served in compliance with this Court's order of July 16, 2015. Alleged Debtor respectfully requests that the **untimely** filed and served moving papers not be considered by this court and the Motion for Summary Judgment be **denied** in its entirety.

//

SPECIAL OBJECTION

3

Since there is no basis for this motion to be heard, the substance of the Motion for Summary Judgment has not been addressed by way of this objection or otherwise. This position is taken so as to not constitute a waiver of the untimely filing and service.

As a guideline in the state court, the case of <u>Carlton v. Quint</u>, (Jan. 2000) 77 Cal. App 4th 690 in discussing the waiver of insufficient notice/defective service by appearing and opposing on the merits states in pertinent part on page 697:

> "It is well settled that the appearance of a party at the hearing of a motion and his or her opposition to the motion on its merits is a waiver of any defects or irregularities in the notice of motion. [Citations.] This rule applies even when no notice was given at all. [Citations.] Accordingly, a party who appears and contests a motion in the court below cannot object on appeal or by seeking extraordinary relief in the appellate court that he had no notice of the motion or that the notice was insufficient or defective..." [Cites omitted]

This Court has the power to strike this motion pursuant to FRCP 12 (f)(1) and 11 U.S.C. Sec. 105.

11 U.S.C Sec. 105 states in pertinent part:

> "(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process...."

//

SPECIAL OBJECTION

4

DATED: November 5, 2015          KASS AND KASS LAW OFFICES


                                 ____/S/_____
                                 BRADLEY KASS ESQ.
                                 Attorney for Alleged Debtor Monica
                                 Hujazi

SPECIAL OBJECTION

5

EXHIBIT A

Case: 13-30477    Doc# 321    Filed: 11/05/15    Entered: 11/05/15 16:00:03    Page 6 of 7

| | | |
|---|---|---|
| 07/16/2015 | | Hearing Continued (related document(s):242 Order To Set Hearing) **Hearing scheduled for 10/01/2015 at 10:00 AM at San Francisco Courtroom 23 - Blumenstiel.** Bradley Kass appeared for the alleged Debtor. Sid Luscutoff appeared for Recoverex. Thomas Koegel appeared for E. Lynn Schoenmann. Petitioining Creditors, Allen Hyman and Harold Greenberg appeared. The discovery cut-off is extended to 8/31/15. All parties are to produce documents no later than 7/31/15. Parties shall certify if there are no further documents to produce. Unproduced documents will not be admitted at trial. By 8/31/15, Monica Hujazi shall complete 1 day of deposition. Dispositive motions shall be filed and served by 9/30/15. Trial will be scheduled at the continued status conference. The court will issue an amended trial scheduling order. (bg ) Corrective Entry: Court modified docket text to reflect the correct deadline for all parties to produce documents (7/31/15). Modified on 8/24/2015 (bg). (Entered: 07/16/2015) |

Case: 13-30477    Doc# 321    Filed: 11/05/15    Entered: 11/05/15 16:00:03    Page 7 of 7

data:text/html;charset=utf-8,%3Ctable%20border%3D%221%22%20cellpadding%3D%2210%22%20cellspacing%3D%220%22%20style%3D%22font-family%...    1/1