1 │ BRADLEY KASS, ESQ.     (CBN# 127658)
  │ KASS & KASS LAW OFFICES
2 │ 520 S. El Camino Real, Suite 810
  │ San Mateo, CA 94402
3 │ Phone Number: (650) 579-0612
  │ Fax: (650) 579-0760
4 │
5 │ Attorney for Alleged Debtor Monica Hujazi
6 │
7 │
8 │                UNITED STATES BANKRUPTCY COURT
9 │              NORTHERN DISTRICT OF CALIFORNIA
10 │                SAN FRANCISCO DIVISION
11 │
12 │
13 │ In re:                          )   Case No. 13-30477
14 │ PETITIONING CREDITORS:          )   Chapter 7-Involuntary
                                     )
15 │ RECOVEREX ET. AL.               )
                                     )   REQUEST FOR JUDICIAL NOTICE IN
16 │ V.                              )   OPPOSITION   TO   PETITIONING
                                     )   CREDITOR ALLEN HYMAN'S JOINDER
17 │ ALLEGED DEBTOR:                 )   MOTION FOR SUMMARY JUDGMENT OR
                                     )   ALTERNATIVELY PARTIAL SUMMARY
18 │ MONICA HUJAZI                   )   JUDGMENT
                                     )
19 │                                 )   DATE: November 19, 2015
                                     )   TIME: 10:00 am
20 │                                 )   DEPT: 23
                                     )
21 │                                 )
                                     )
22 │                                 )
                                     )
23 │                                 )
                                     )
24 │                                 )
                                     )
25 │ ─────────────────────────────── )
26 │
27 │
28 │ REQUEST FOR JUDICIAL NOTICE
                                          1

TO THE COURT AND PETITIONING CREDITOR RECOVEREX:

Alleged Debtor Monica Hujazi hereby requests that pursuant to FRE 201(d); and see Mullis v. United States Bank. Ct. (9th Cir. 1987) 828 F2d 1385, 1388 this Court take judicial notice of the following attached hereto as:

1. Superior Court of the State of California City and County of San Francisco First Amended Complaint for Damages for Legal Malpractice case no. CGC-11-513683. (Exhibit A)

2. Superior Court of California County of San Francisco Substitution of Attorney-Civil (Without Court Order) case no. CGC-11-513683. (Exhibit B)

3. Superior Court of the State of California County of San Francisco Defendants Sydney A. Luscutoff and Luscutoff, Lendormy & Associates' Answer to Plaintiffs' First Amended Complaint case no. CGC-11-513683. (Exhibit C)


DATED: November 5, 2015        KASS AND KASS LAW OFFICES



            /S/
            BRADLEY KASS ESQ.
            Attorney for Alleged Debtor Monica
            Hujazi

REQUEST FOR JUDICIAL NOTICE

2

EXHIBIT A

**MONICA HUJAZI**
911 North Amphlett Blvd.
San Mateo, CA 94401
Telephone:     (650) 685-8551

*In Pro Per*

F I L E D
Superior Court of California
County of San Francisco
MAR 15 2013
CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| MONICA HUJAZI, an Individual and Trustee of the ZUERCHER FAMILY TRUST<br><br>Plaintiffs,<br><br>v.<br><br>SYDNEY A. LUSCUTOFF, ~~et al.~~ an individual;<br>LUSCUTOFF, LENDORMY and Associates;<br>and DOES 1 thru 10 Defendants.<br>inclusive | No. CGC-11-513683<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR LEGAL MALPRACTICE** |

Plaintiffs allege:

1.    Plaintiff MONICA HUJAZI ("HUJAZI" or Plaintiff) is at all times herein mentioned a resident of San Mateo County, California, and the Trustee of Plaintiff THE ZUERCHER FAMILY TRUST ("Trust" or "Plaintiff").

2.    Defendant SYDNEY A. LUSCUTOFF ("LUSCUTOFF" or Defendant) resides in California, and at all times herein mentioned Defendant was licensed to engage in the practice of law in the State of California, and practiced law in the City and County of San Francisco.

3.    Defendant LUSCUTOFF, LENDORMY & ASSOCIATES ("Firm" or Defendant) is, and at all times herein mentioned was, a professional corporation organized and existing under the laws of California, duly registered with the State Bar of California as a law corporation, serving the City and County of San Francisco area, with its principal place of business at 400 Montgomery Street, Suite 600, San Francisco, California.

4.    At all times herein mentioned, Defendant LUSCUTOFF was the agent and employee of Defendant Firm and in doing the things herein alleged was acting within the scope of such agency.

1

Case: 13-30477    Doc# 322    Filed: 11/05/15    Entered: 11/05/15 16:10:29    Page 4 of 31

5.      Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believes and thereon alleges that each of the fictitiously named defendants is negligently responsible in some manner for the occurrences herein alleged, and that Plaintiffs' losses as herein alleged were proximately caused by such negligence.

## FIRST CAUSE OF ACTION

### (Negligence – General Against All Defendants)

6.      Plaintiffs repeat, reallege and incorporate herein by this reference all of the allegations set forth in Paragraphs 1 through 15 inclusive of this Complaint as though fully set forth herein.

7.      In or about 2003, at 400 Montgomery Street, Suite 600, San Francisco, California, Plaintiffs retained and employed Defendant LUSCUTOFF and Defendant Firm to represent Plaintiffs as Plaintiffs' attorneys at law in regard to her mother's estate and conservatorship, and several other on-going lawsuits, including disputes over property owned by Plaintiffs in Los Angeles County. At such time and place Defendants accepted such employment and agreed to perform such services for Plaintiffs. Specifically, from 2003, Defendants, and each of them, provided Plaintiffs with legal representation and legal services regarding numerous matters. The legal services and legal representation, for which Plaintiffs were billed by Defendants, and each of them, and for which Plaintiffs paid for such legal services, included, but were not limited to, the following Los Angeles Superior Court cases: BC337699 (Dror), BC303621 (Gastelum), BC382166 (McCloskey), 3CR02910 (People v. Hujazi), BC347607 (Gladney), 05K16151 (Simplex), 393886 (Guzman), BC364479 (American Tech), 07K1149 (Espinoza), 380110 (Vasquez), BC384194 (Seyde), BS117144 (Oxford tenants), BC438088 (Valdovinos), and San Mateo County Superior Court Action No. 493680 (Anderson), and matters regarding Plaintiff MONICA HUJAZI's mother's estate (Helena Hujazi), San Mateo County Superior Court Action No. 113462.

9.      With regard to the representation of Plaintiffs regarding the above-referenced matters, on March 28, 2012, Defendants, and each of them, through their company Recoverex, filed an action in San Francisco Superior Court entitled *Recoverex Corporation v. Monica Hujazi, et al.*, San Francisco *Superior Court Action No. CGC 12-519577* seeking recovery of attorney's fees totaling over $600,000. A true and correct copy of this Complaint is attached hereto and marked Exhibit "A" and incorporated

herein by reference ("Recoverex Lawsuit"). Plaintiffs, and each of them, dispute the claims made by Recoverex concerning the allegation that they owe Defendants SYDNEY A. LUSCUTOFF and the law firm of Luscutoff, Lendormy & Associates over $600,000 in attorney's fees. Plaintiffs do not deny that they were represented by Defendants in the matters identified in the Recoverex Lawsuit.

10.    With regard to the representation of Plaintiffs in the San Mateo County Superior Court conservatorship proceeding involving Helena W. Hujazi (No. 113462), as late as May 17, 2010, Plaintiffs received correspondence from Defendants concerning their representation of Plaintiffs in the Helena Hujazi San Mateo County proceeding (No. 113462). A true and correct copy of this correspondence is attached hereto as Exhibit "B". Defendants, and each of them, continued to represent Plaintiffs in the Helena Hujazi San Mateo County proceeding through and including August 26, 2010.

11.    Defendant LUSCUTOFF and Defendant Firm performed work for Plaintiffs related to the conservatorship of Plaintiff's mother in both San Francisco and San Mateo Counties, and work the real property matters in Los Angeles County. At all times thereafter, Defendants and each of them failed to exercise reasonable care and skill in undertaking to perform and performing such legal services for Plaintiffs. Defendants' negligence included, but is in no way limited to: (1) negligently failing to properly plead and pursue claims against certain tenants and the named plaintiffs in the _Vasquez_ matter concerning property damage at 621 So. Union, Los Angeles, California caused by said tenants and plaintiffs in the _Vasquez_ matter; (2) failed to provide a confidentiality provision regarding the settlement reached in the _Vasquez_ matter; (3) allowed Certain Underwriters at Lloyd's London, Syndicate No. 330.555(07) (hereinafter "Lloyds") to pay $1 million towards the settlement of the _Vasquez_ matter under Commercial General Liability policy number CG000011004 without first securing a waiver by Lloyd's of any claims against plaintiff for the return of the $1 million indemnity payment and other claims. Plaintiff did not become aware of Defendants' negligence regarding the settlement of the _Vasquez_ matter until served with a complaint in November 2010 filed by Lloyd's in San Mateo County Superior Court seeking the rescission of policy number CG000011004, the return of the $1 million paid towards settlement of the _Vasquez_ lawsuit, and other relief; (4) by negligently advising Plaintiff and otherwise demanding that policy limits be paid by HUJAZI's insurance carriers in the _Gastelum_ matter, which demand resulted in a coverage lapse for the apartments located at 621 So. Union, Los Angeles, California; (5) failed to

3

properly defend and otherwise negligently provided legal advice regarding the _Aguilar_ lawsuit and the defenses and cross-claims, or lack thereof, pursued in the _Aguilar_ lawsuit by HUJAZI.

12.    On August 26, 2010, Plaintiffs terminated employment of Defendants LUSCUTOFF and Firm, ending Defendants' role as Plaintiffs' counsel, via telephone regarding the _Vasquez_ proceeding **_only_**. Defendants were still Plaintiffs' attorneys regarding various insurance coverage issues pertaining to the other above-referenced matters and her mother's estate until well after August 26, 2010.

13.    Had Defendants exercised proper care and skill in the foregoing matters, Plaintiff HUJAZI would be conservator of her mother's estate, would not have been isolated from her mother during her illness, would have authority with regard to end of life treatment decisions for her mother, the value of Plaintiff's mother's estate would not have been substantially diminished and would not have been forced to retain other attorneys to adequately advocate for her interests.

14.    Had Defendants exercised proper care and skill in the foregoing matters, Plaintiffs would not have closed the Bellevue rental property. Had Defendants exercised proper care and skill Plaintiffs would not have been otherwise damaged in an amount not yet ascertained, but which exceeds $2 million.

15.    As a proximate result of such negligence, Plaintiff HUJAZI has also been forced to helplessly watch her incapacitated mother's heath deteriorate, and incur excessive amounts of legal fees as she was required to retain other attorneys to represent her interests where Defendants failed. As a result has been additionally damaged in a sum not yet ascertained.

16.    As a proximate result of such negligence, Plaintiffs have been forced to also incur repair fees in excess of $2.8 million to repair the Bellevue property.

### SECOND CAUSE OF ACTION

### (Negligent Advice To Client Against Defendant LUSCUTOFF

17.    Plaintiffs repeat, reallege and incorporate herein by this reference all of the allegations set forth in Paragraphs 1 through 16 inclusive of this Complaint as though fully set forth herein.

18.    In rendering legal services to Plaintiff HUJAZI pursuant to such representation, Defendant LUSCUTOFF, in addition to the above, failed to exercise reasonable care and skill and negligently advised Plaintiff (1) that she should not be the conservator of her mother's person or estate; (2) to go through Adult Protective Services regarding her concern that her mother was experiencing

4

elder abuse, and (3) that the restraining order against Plaintiff HUJAZI and two of her mother's close friends was not evidence of undue influence of the conservator on Plaintiff's mother, and should not be challenged.

19. In rendering legal services to Plaintiffs, Defendant LUSCUTOFF also advised that Plaintiffs to close the rental property located at 1168 Bellevue, Los Angeles, California, rather than explore alternative settlement options. In addition, Defendants knowingly allowed Plaintiffs to go without insurance coverage at the property located at 601 S. Union, Los Angeles, California for a period of time, and sought to conceal that fact from Plaintiffs.

20. Plaintiff HUJAZI relied on such advice with regard to her mother's conservatorship, and in consequence thereof failed to request that the court appoint her conservator of her mother's person or estate, or act to immediately protect her incapacitated mother's interests. Plaintiff so acted only at the advice of Defendant LUSCUTOFF, and would not have so acted without such advice.

21. Plaintiff relied on such advice with regard to the Bellevue property, and in consequence thereof agree to close the Bellevue rental property. Plaintiff so acted only at the advice of Defendant LUSCUTOFF, and would not have so acted without such advice.

22. As a proximate result of such negligence and advice, Plaintiff HUJAZI was not appointed conservator of her mother's person or estate, and have been blocked from making acting out her mother's wishes and best interests with regard to end of life treatment, and the value of Plaintiff HUJAZI's mother's estate would not have been substantially diminished, all to Plaintiff's damage.

23. As a further proximate result of such negligence and advice, Plaintiffs were defrauded with regard to the property located at 1168 Bellevue, Los Angeles, California. Plaintiffs were forced to incur over $2.8 million in repair costs to the property; and were damaged in other amounts not yet ascertained.

///

///

///

///

///

///

5

1  **WHEREFORE**, Plaintiffs pray judgment against Defendants and each of them as follows;

2  1.      For damages in the sum in excess of $2 million according to proof;

3  2.      For costs of suit herein incurred; and

4  3.      For such other and further relief as the Court may deem proper.

5

6  Dated: March 15, 2013

7  **MONICA HUJAZI**
   *In Pro Per*

8

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Sidney A. Luscutoff (096943)
Christine E. McPhee (255963)
Luscutoff, Lendormy & Associates
400 Montgomery St. Suite 600
San Francisco, CA 94104
TELEPHONE NO (415) 989-7500     FAX NO. *(Optional)* (415) 989-1465
E-MAIL ADDRESS *(Optional):* sidney.luscutoff@lla-law.com
ATTORNEY FOR *(Name):* Plaintiff Recoverex Corporation

FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

2012 MAR 28 AM 8: 25

CLERK OF THE COURT

BY: _____ DEPUTY CLERK

D. STEPPE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF: Recoverex Corporation

DEFENDANT: Monica Hujazi, individually and as Trustee of the Zuercher Family Trust

[X] DOES 1 TO    6

| CONTRACT | CASE NUMBER: |
|---|---|
| [X] COMPLAINT      [ ] AMENDED COMPLAINT *(Number):* | |
| [ ] CROSS-COMPLAINT   [ ] AMENDED CROSS-COMPLAINT *(Number):* | |

Jurisdiction *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded [ ] does not exceed $10,000
            [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:

CGC-12-519577

1. Plaintiff* *(name or names):* Recoverex Corporation, assignee of the claims of Luscutoff, Lendormy & Associates, Inc. and of Sidney A. Luscutoff
   alleges causes of action against defendant* *(name or names):*  Monica Hujazi and Does 1-6.

2. This pleading, including attachments and exhibits, consists of the following number of pages: 7

3. a. Each plaintiff named above is a competent adult
       [X] except plaintiff *(name):*  Recoverex Corporation

       (1) [X] a corporation qualified to do business in California
       (2) [ ] an unincorporated entity *(describe):*
       (3) [ ] other *(specify):*

   b. [ ] Plaintiff *(name):*
       a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

       b. [ ] has complied with all licensing requirements as a licensed *(specify):*

   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
       [ ] except defendant *(name):*       [ ] except defendant *(name):*

       (1) [ ] a business organization, form unknown   (1) [ ] a business organization, form unknown
       (2) [ ] a corporation   (2) [ ] a corporation
       (3) [ ] an unincorporated entity *(describe):*   (3) [ ] an unincorporated entity *(describe):*

       (4) [ ] a public entity *(describe):*   (4) [ ] a public entity *(describe):*

       (5) [ ] other *(specify):*   (5) [ ] other *(specify):*

Page 1 of 2

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

COMPLAINT—Contract

Legal
Solutions
Plus

Code of Civil Procedure, § 425.12

Case: 13-30477    Doc# 322    Filed: 11/05/15    Entered: 11/05/15 16:10:29    Page 10 of 31

| SHORT TITLE: Recoverex Corporation vs. Hujazi | CASE NUMBER: |
|---|---|

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ☐ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) ☒ Doe defendants *(specify Doe numbers):* **1-6** are persons whose capacities are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, *or*
   b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.
7. This court is the proper court because
   a. ☒ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☐ a defendant lives here now.
   d. ☒ the contract was to be performed here.
   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   ☒ Breach of Contract
   ☒ Common Counts
   ☒ Other *(specify):* Fraud

9. ☒ Other allegations:
   **With this complaint plaintiff is serving defendants a "Notice of Right to Arbitration" pursuant to Business and Professions Code Section 6201(a).**

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. ☒ damages of: $ According to proof
   b. ☒ interest on the damages
      (1) ☒ according to proof
      (2) ☒ at the rate of *(specify):* **10** percent per year from *(date):* **05/01/2010**
   c. ☐ attorney's fees
      (1) ☐ of: $
      (2) ☐ according to proof.
   d. ☒ other *(specify):*
   Damages of more than $600,000, or according to proof, for the quantum merit value of the services provided to defendants by plaintiffs answers.

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: March 28, 2012

Sidney A. Luscutoff (096943)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

| SHORT TITLE: Recoverex Corporation vs. Hujazi | CASE NUMBER: |
|---|---|

FIRST
(number)

## CAUSE OF ACTION—Breach of Contract

ATTACHMENT TO [x] Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name)*: Recoverex Corporation

alleges that on or about *(date)*: various dates commencing in 2003.

a [x] written [x] oral [x] other *(specify)*: Agreements based on defendants' written and oral requests for services. agreement was made between *(name parties to agreement)*: Monica Hujazi, on the one hand, and Sidney A Luscutoff and Luscutoff, Lendormy & Associates on the other.

☐ A copy of the agreement is attached as Exhibit A, or
[x] The essential terms of the agreement [x] are stated in Attachment BC-1 [x] are as follows *(specify)*: Defendants from time to time requested legal services via telephone and by facsimile transmission; and defendants agreed to pay for same, **when billed**, according to the then current rates charged by plaintiff's assignors; and, further, agreed to reimburse plaintiff's assignors for litigation and other costs advanced on defendants' behalf. Plaintiff's assignors provided legal services (and advanced various costs) in response to defendants' requests, as and when those requests were made.

BC-2. On or about *(dates)*: Various dates in 2010, including in May 2010 and afterwards, defendant breached the agreement by ☐ the acts specified in Attachment BC-2 [x] the following acts *(specify)*: Failing to pay attorney's fees and costs reflected on invoices delivered to defendants by plaintiff's assignors; and by otherwise failing to compensate plaintiffs' assignors for their services and for costs advanced by them.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement ☐ as stated in Attachment BC-4 [x] as follows *(specify)*: $520,777 billed to defendants for services, etc. rendered that are otherwise unpaid. Plaintiff is otherwise entitled to receive, and has been deprived of, the reasonable value of the services defendants have received from Plaintiff's assignors.

BC-5. ☐ Plaintiff is entitled to attorney fees by an agreement or a statute
☐ of $
☐ according to proof.

BC-6. [x] Other: The reasonable value of the services provided to defendants by plaintiff's assignors substantially exceeds the contract amount(s) and/or the account(s) stated.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

## CAUSE OF ACTION—Breach of Contract

Legal Solutions & Plus

Code of Civil Procedure, § 425.12

Attachment BC-1

Defendants requested and agreed to compensate plaintiff's assignors, as and when billed, for legal services rendered in connection with defendants' Los Angeles business and commercial residential real estate including:

(a) the defense of defendants in civil matters in Los Angeles County and providing separate counsel to defendants at times when other law firms were counsel of record;

(b) tendering claims to defendants' insurers and thereafter dealing with insurers and their counsel in connection with tenant lawsuits and resolution (by settlement) of related Los Angeles County litigation;

(c) advising and representing defendants in connection with defendants' pursuit (through Greenspan Co.) of a fire loss claim made to Mt Hawley Insurance Company based on a July 2005 fire at defendants' 1168 Bellevue Avenue property;

(d) filing and pursuit of an insurance broker malpractice claim against defendants' insurance broker in connection with the fire policy and policy coverages for 1168 Bellevue Avenue, Los Angeles.

And, in addition to the foregoing, providing counsel in connection with San Mateo Superior Court case no. 493080 and providing representation (based on defendants' guarantee of payment of their fees) to the sisters of Helena Hujazi in connection with the conservatorship proceedings of Helena Hujazi.

Case: 13-30477    Doc# 322    Filed: 11/05/15    Entered: 11/05/15 16:10:29    Page 13 of
31

## SECOND CAUSE OF ACTION—Common Counts
(number)

ATTACHMENT TO [ X ] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):* Recoverex Corporation

alleges that defendant *(name):* Monica Hujazi

became indebted to [ ] plaintiff [ X ] other *(name):* Plaintiff's assignors.

a. [ X ] within the last four years
     (1) [ X ] on an open book account for money due.
     (2) [ X ] because an account was stated in writing by and between plaintiff and defendant in which it
         was agreed that defendant was indebted to plaintiff.

b. [ X ] within the last [ ] two years [ X ] four years
     (1) [ ] for money had and received by defendant for the use and benefit of plaintiff.
     (2) [ X ] for work, labor, services and materials rendered at the special instance and request of defendant
         and for which defendant promised to pay plaintiff
         [ ] the sum of $
         [ X ] the reasonable value.
     (3) [ ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant
         promised to pay plaintiff
         [ ] the sum of $
         [ ] the reasonable value.
     (4) [ ] for money lent by plaintiff to defendant at defendant's request.
     (5) [ ] for money paid, laid out, and expended to or for defendant at defendant's special instance and
         request.
     (6) [ X ] other *(specify):* for money laid out for defendants' benefit, to wit litigation related
         costs, court reporter fees, copying documents, etc.

CC-2. $ , which is the reasonable value, is due and unpaid despite plaintiff's demand,
plus prejudgment interest [ ] according to proof [ X ] at the rate of 10% percent per year
from *(date):* May 1, 2010

CC-3. [ ] Plaintiff is entitled to attorney fees by an agreement or a statute
     [ ] of $
     according to proof.

CC-4. [ X ] Other: The reasonable value of services rendered to defendants (and costs advanced) by
plaintiff's assignors exceeded $634,000.000.

Page 5 of 7

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2009]

CAUSE OF ACTION—Common Counts

Legal
Solutions
® Plus

Code of Civil Procedure, § 425.12

Case: 13-30477    Doc# 322    Filed: 11/05/15    Entered: 11/05/15 16:10:29    Page 14 of 31

PLD-C-001(3)

| SHORT TITLE: Recoverex Corporation vs. Hujazi | CASE NUMBER: |
|---|---|

<u>THIRD</u>    **CAUSE OF ACTION—Fraud**
(number)

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR-1. Plaintiff *(name)*: Recoverex Corporation as assignee

    alleges that defendant *(name)*: Monica Hujazi

    on or about *(date)*: 2005 and since then    defrauded plaintiff as follows:

FR-2. [X] **Intentional or Negligent Misrepresentation**
  a. Defendant made representations of material fact [ ] as stated in Attachment FR-2.a [X] as follows:
Defendant Hujazi regularly told plaintiff's assignors that she would pay for the services rendered by plaintiff's assignors whenever she was billed for those services. Defendant then encouraged plaintiff's assignors continue providing services, but to delay billing for their services until her 1168 Bellevue Avenue and other real estate projects stabilized.

  b. These representations were in fact false. The truth was [ ] as stated in Attachment FR-2.b [X] as follows:

Although defendants did pay assignors, as and when billed, sometime prior to presentation of assignor's bills/invoices dated May 2010, defendant formed the intention to not pay plaintiff's assignors.

  c. When defendant made the representations,
   [X] defendant knew they were false, **or**
   [X] defendant had no reasonable ground for believing the representations were true.

  d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described in item FR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. [X] **Concealment**
  a. Defendant concealed or suppressed material facts [ ] as stated in Attachment FR-3.a [X] as follows:
Her intention to not pay plaintiff's assignors when she was billed.

  b. Defendant concealed or suppressed material facts
   [X] defendant was bound to disclose.
   [X] by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts.

  c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts and would not have taken the action if plaintiff had known the facts.

Page 6 of 7

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Fraud**

Legal Solutions Plus

Code of Civil Procedure, § 425.12

Case: 13-30477  Doc# 322  Filed: 11/05/15  Entered: 11/05/15 16:10:29  Page 15 of 31

| SHORT TITLE: Recoverex Corporation vs. Hujazi | CASE NUMBER: |
|---|---|

**THIRD** CAUSE OF ACTION—Fraud
_(number)_

FR-4. [X] **Promise Without Intent to Perform**

    a. Defendant made a promise about a material matter without any intention of performing it [ ] as stated in Attachment FR-4.a [x] as follows: Per the allegations in FR-1, FR-2, FR-3 and FR-5.

    b. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act [ ] as stated in Attachment FR-5 [X] as follows: Plaintiff's assignors provided legal services upon defendant's request in connection with various matters including the pursuit of her insurance claim with Mt. Hawley insurance and in representing defendants in (or counseling defendants on such things as insurance matters related to) the following civil issues in Los Angeles Superior Court cases: BC337699 (Dror), BC303621 (Gastelum), BC382166 (McCloskey), 3CR02910 (People v. Hujazi), BC347607 (Gladney), 05K16151 (Simplex), 393886 (Guzman), BC364479 (American Tech), 07K1149 (Espinoza), 380110 (Vasquez), BC 384194 (Seyde), BS117144 (Oxford tenants); and in connection with San Mateo County Superior Court case no 493680 (Anderson) and work for defendant's aunt in San Mateo County, case no 113462 (Helena Hujazi).

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged [ ] as stated in Attachment FR-6 [X] as follows: Plaintiff's assignors provided legal services to defendants but were not compensated for those services. The reasonable value of the services provided to defendants by plaintiff's assignors was in excess of $600,000.00.

FR-7. Other: Plaintiff's assignors discovered defendants' fraud and concealment within the three years preceding the filing of this complaint.

LUSCUTOFF, LENDORMY & ASSOCIATES
ATTORNEYS AT LAW
400 MONTGOMERY STREET - 6th FLOOR
SAN FRANCISCO, CALIFORNIA 94104
(415) 989-7500

FACSIMILE:
(415) 989-1465

May 17, 2010

VIA FACSIMILE (650) 685-8558
AND FIRST CLASS MAIL

Ms. Monica H. Hujazi
M & J Real Estate Appraisers
2141 Forest View Avenue
Hillsborough, Ca 94010

Re:   Conservatorship of Helena W. Hujazi
      Probate Department Case No. 113462
      San Mateo Superior Court
      Our File No. 3004-15

      Substituted Judgment Petition Proceeding
      Litigation of Estate Plan, etc.
      Helena Hujazi Conservatorship
      Our File No. 3004-16

Dear Monica:

        As you will recall, we have kept track of time in your
mother's conservatorship based on whether our work involved the
Substituted Judgment litigation or the Conservatorship generally.

        Under cover of this letter, Via U.S. Mail, I am sending
you our most recent detailed statement for services in each of
these matters through April 2010.  A summary follows here.

        So that your bookkeeper can 'tie in' your earlier
payment (in March 2007) I am including with the mailed original
of this letter a copy of the next most recent statement to you
prior to the current/enclosed statement.

        As noted, it appears that your last payment to us in
connection with your mother's conservatorship matters was in
March 2007.  This 2007 payment was via your check No. 641.  And
the amount of that check was allocated to the balances on the two
separate files regarding our services in the conservatorship.

        After that, we received payments from the Conservator
(per court order) in 2008 and 2009 that have been applied to the
accrued time and charges.

Monica H. Hujazi
Re: Helena Hujazi Conservatorship
          and
Re: Substituted Judgment Petition
May 17, 2010
Page 2


        As you can see, after all these payments, there remains a balance due now for services through April 2010. Thank you in advance for your prompt payment of this balance due.

        Finally, for your ease and the ease of your accounting staff, I have also asked my assistant to email these statements to you along with electronic copies of all of the earlier statements for the Conservatorship work generally [Our File No. 3004-15] as well as for the Substituted Judgment Petition litigation during the Conservatorship [Our File No. 3004-16].

        I am told that the emailed statements (current and prior) will go out to you tomorrow, Tuesday.

                        Yours very truly,



                        SIDNEY A. LUSCUTOFF

SAL:aca

**PROOF OF SERVICE**

I am a citizen of the United States and employed in the City and County of San Francisco, State of California; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 425 California Street, Suite 1625, San Francisco, California 94104-2216.

On the date below, I served the within **FIRST AMENDED COMPLAINT FOR DAMAGES FOR LEGAL MALPRACTICE** on the parties in said action or proceedings by placing a true copy thereof enclosed in a sealed envelope and addressed as follows:

> Michael P. Bradley, Esq.
> Jason E. Fellner, Esq.
> Murphy, Pearson, Bradley & Feeney
> 88 Kearny Street, 10th Floor
> San Francisco, CA 94108-5530
> Tel:   (415) 788-1900
> Fax:   (415) 393-8087

☐   BY FIRST CLASS MAIL (CCP §§1013A, et seq.):  I personally deposited in the United States mail in a sealed envelope with postage fully prepaid at San Francisco, California, on the date shown below

☒   BY HAND DELIVERY/PERSONAL SERVICE (CCP §§1011, et seq.):  I caused said document(s) to be personally delivered by a courier.

☐   BY TELECOPY/FACSIMILE (CCP §§1012.5, et seq.):  I caused said document(s) to be telecopied to each addressee's telecopier ("fax") number.

☐   BY EXPRESS MAIL (CCP §§1013(c)(d), et seq.):  I caused said document(s) to be deposited with an express service carrier in a sealed envelope designated by the carrier as an express mail envelope, with fees and postage prepaid.

☐   BY REGISTERED/CERTIFIED MAIL (CCP §§1020. et seq.):  I caused said document(s) to be deposited with the United States mail, postage prepaid, return receipt requested, signed by addressee that said documents were received.

I declare under penalty of perjury, pursuant to California law, that the foregoing is true and correct.  Executed on March 15, 2013, at San Francisco, California.

_Wendy Wong_

WENDY WONG

7

EXHIBIT B

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*

LEO M. LaROCCA, ESQ./SBN 115014
NIVEN & SMITH
425 California Street, Suite 1625
San Francisco, CA 94104
TELEPHONE NO.: 415-981-5451    FAX NO. *(Optional):* 415-433-5439
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

FOR COURT USE ONLY

*FILED*
*SUPERIOR COURT*
*COUNTY OF SAN FRANCISCO*
2013 MAY 10 AM 9: 32
*CLERK OF THE COURT*
BY:
*DEPUTY CLERK*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME:
MONICA HUJAZI v. SYDNEY A. LUSCUTOFF, et al.

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

CASE NUMBER:
CGC-11-513683

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* Monica Hujazi    makes the following substitution:

1. **Former legal representative**    [✓] Party represented self    [ ] Attorney *(name):*
2. **New legal representative**    [ ] Party is representing self*    [ ] Attorney
   a. Name: Leo M. LaRocca    b. State Bar No. *(if applicable):* 115014
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):*
      425 California Street, Suite 1625
      San Francisco, CA 94104
   d. Telephone No. *(include area code):* (415) 981-5451
3. The party making this substitution is a    [X] plaintiff    [ ] defendant    [ ] petitioner    [ ] respondent    [ ] other *(specify):*

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee

- Personal Representative
- Probate fiduciary
- Corporation

- Guardian ad litem
- Unincorporated
  association

**If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.**

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
**A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.**

---

4. I consent to this substitution.
   Date: May 9, 2013
   MONICA HUJAZI
   _____    ▶ _____
   (TYPE OR PRINT NAME)    (SIGNATURE OF PARTY)

5. [ ]    I consent to this substitution.
   Date:
   _____    ▶ _____
   (TYPE OR PRINT NAME)    (SIGNATURE OF FORMER ATTORNEY)

6. [✓]    I consent to this substitution.
   Date: May 9, 2013
   LEO M. LaROCCA
   _____    ▶ _____
   (TYPE OR PRINT NAME)    (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)    Page 1 of 2

Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2009]

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

Code of Civil Procedure, §§ 284(1), 285;
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov

| CASE NAME: | CASE NUMBER: |
|---|---|
| MONICA HUJAZI v. SYDNEY A. LUSCUTOFF, et al. | CGC-11-513683 |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*
425 California Street, Suite 1625, San Francisco, CA 94104

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

(1) Date of mailing: May 1 0 , 2013     (2) Place of mailing *(city and state):* San Francisco, CA

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 1 0 , 2013

WENDY WONG
(TYPE OR PRINT NAME)

_____
(SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served: Jason E. Fellner, Esq.     Murphy, Pearson, Bradley & Feeney
   b. Address *(number, street, city, and ZIP):*
   88 Kearny Street, 10th Floor, San Francisco, CA 94108-5530

   c. Name of person served:
   d. Address *(number, street, city, and ZIP):*

   e. Name of person served:
   f. Address *(number, street, city, and ZIP):*

   g. Name of person served:
   h. Address *(number, street, city, and ZIP):*

   i. Name of person served:
   j. Address *(number, street, city, and ZIP):*

☐ List of names and addresses continued in attachment.

MC-050 [Rev. January 1, 2009]

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

Case: 13-30477   Doc# 322   Filed: 11/05/15   Entered: 11/05/15 16:10:29   Page 22 of 31

*Hujazi v. Luscutoff, et al.*
*Case No. CGC 11-513683*

## PROOF OF SERVICE

1       I am a citizen of the United States and employed in the City and County of San Francisco, State of California; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 425 California Street, Suite 1625, San Francisco, California 94104-2216.

      On the date below, I served the within **SUBSTITUTION OF ATTORNEY-CIVIL** on the parties in said action or proceedings by placing a true copy thereof enclosed in a sealed envelope and addressed as follows:

      Jason E. Fellner, Esq.
      Murphy, Pearson, Bradley & Feeney
      88 Kearny Street, 10th Floor
      San Francisco, CA 94108-5530

☐    BY FIRST CLASS MAIL (CCP §§1013A, et seq.): I personally deposited in the United States mail in a sealed envelope with postage fully prepaid at San Francisco, California, on the date shown below

☒    BY HAND DELIVERY/PERSONAL SERVICE (CCP §§1011, et seq.): I caused said document(s) to be personally delivered by a courier.

☐    BY TELECOPY/FACSIMILE (CCP §§1012.5, et seq.): I caused said document(s) to be telecopied to each addressee's telecopier ("fax") number.

☐    BY EXPRESS MAIL (CCP §§1013(c)(d), et seq.): I caused said document(s) to be deposited with an express service carrier in a sealed envelope designated by the carrier as an express mail envelope, with fees and postage prepaid.

☐    BY REGISTERED/CERTIFIED MAIL (CCP §§1020. et seq.): I caused said document(s) to be deposited with the United States mail, postage prepaid, return receipt requested, signed by addressee that said documents were received.

      I declare under penalty of perjury, pursuant to California law, that the foregoing is true and correct. Executed on May 10, 2013, at San Francisco, California.

WENDY WONG

**NIVEN & SMITH**
425 CALIFORNIA STREET, SUITE 1625
SAN FRANCISCO, CALIFORNIA 94104-2216
TEL: (415) 981-5451

EXHIBIT C

1  Michael P. Bradley - 070243
   Jason E. Fellner - 245364
2  MURPHY, PEARSON, BRADLEY & FEENEY
   88 Kearny Street, 10th Floor
3  San Francisco, CA 94108-5530
   Tel:   (415) 788-1900
4  Fax:   (415) 393-8087

5  Attorneys for Defendants
   SYDNEY A. LUSCUTOFF AND
6  LUSCUTOFF, LENDORMY &
   ASSOCIATES

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                     COUNTY OF SAN FRANCISCO

11

12 MONICA HUJAZI, an individual; and Trustee of       Case No.: CGC-11-513683
   the ZUERCHER FAMILY TRUST,
13                                                     **DEFENDANTS SYDNEY A. LUSCUTOFF**
           Plaintiff,                                  **AND LUSCUTOFF, LENDORMY &**
14                                                     **ASSOCIATES' ANSWER TO PLAINTIFFS'**
   v.                                                  **FIRST AMENDED COMPLAINT**
15 SYDNEY A. LUSCUTOFF, an individual,
   LUSCUTOFF, LENDORMY & ASSOCIATES,
16 and DOES 1-10, inclusive,

17         Defendants.                                 **BY FAX**

18

19        Defendants SYDNEY A. LUSCUTOFF AND LUSCUTOFF, LENDORMY & ASSOCIATES

20 respond to the unverified First Amended Complaint ("Complaint") of Plaintiffs as follows:

21                            **GENERAL DENIAL**

22        Defendants deny generally and specifically, all and singular, each and every allegation of the

23 Complaint, deny that Defendants were negligent and/or careless or otherwise at fault in and about the

24 matters alleged in said complaint; further deny that Plaintiffs have been injured and/or damaged in any

25 sum, sums, or at all.

26                        **FIRST AFFIRMATIVE DEFENSE**

27        1.      Defendants allege that the complaint, and each cause of action contained therein, fails to

28

Case: 13-30477    Doc# 322    Filed: 11/05/15    Entered: 11/05/15 16:10:29    Page 25 of 31

1  state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

3  2.  Defendants are informed and believe and thereon allege that the Complaint, and each
4  cause of action therein, is barred by the applicable statute of limitations stated in Part Two, Title II,
5  Chapter 3, of the Code of Civil Procedure, including, but not limited to, sections 335.1, 337, 338, 339,
6  and 340.6 and Business and Professions Code section 17208.

## THIRD AFFIRMATIVE DEFENSE

8  3.  Defendants are informed and believe and thereon allege that Plaintiffs themselves were
9  negligent and/or careless in and about the matters alleged in the Complaint, and to the extent said
10  negligence and/or carelessness caused and/or contributed to injuries and/or damages, if any, Plaintiffs'
11  recovery should be barred or proportionately reduced.

## FOURTH AFFIRMATIVE DEFENSE

13  4.  Defendants are informed and believe and thereon allege that other persons, including
14  Plaintiffs' authorized agents, officers, employees and/or representatives, were careless and/or
15  negligent, and/or committed intentional acts, and that this carelessness and negligence or these
16  intentional acts proximately contributed to the happening of the incidents referred to in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

18  5.  Defendants are informed and believe and thereon allege that Plaintiffs failed and
19  neglected to use reasonable care to protect themselves and to minimize the losses and damages
20  complained of, if any there were.

## SIXTH AFFIRMATIVE DEFENSE

22  6.  Defendants are informed and believe and thereon allege that Plaintiffs did not rely upon
23  any representations made by Defendants, and therefore, any injuries, losses or damages complained of
24  by Plaintiffs, if any there were, were not occasioned by any representations made by Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

26  7.  Defendants are informed and believe and thereon allege that Plaintiffs had superior
27  knowledge in and about the matters alleged to have been represented by Defendants, which knowledge
28  precludes any recovery based upon any alleged misrepresentations.

- 2 -

## EIGHTH AFFIRMATIVE DEFENSE

8.      Defendants are informed and believe and thereon allege that Plaintiffs and/or Plaintiffs' agents and/or employees, or both, conducted a complete unhindered inspection and investigation of the business transactions referred to in said complaint prior to the time the transactions occurred, and Plaintiffs knew, or should have known, of the character and condition of said transactions, including those matters about which Plaintiffs now complain; and that by reason of said inspection and investigation, Plaintiffs are presumed to have relied upon their own observations or on the observations of their agents and/or employees and not upon the representations asserted or made by Defendants, if any there were, completely barring recovery.

## NINTH AFFIRMATIVE DEFENSE

9.      Defendants are informed and believe and thereon allege that Plaintiffs ratified and confirmed the transactions, litigation and strategy which are the subject matter of the Complaint, and every representation, if any, made by these Defendants.

## TENTH AFFIRMATIVE DEFENSE

10.     Defendants deny that they have breached any contract with Plaintiffs, giving rise to the damages alleged in the Complaint; and further allege any liability and damages incurred herein by Plaintiffs is due solely and totally to the acts of Plaintiffs herein and/or another third party, for which Defendants have no responsibility.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Defendants are informed and believe and thereon allege that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Laches.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Defendants are informed and believe and thereon allege that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Unclean Hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Defendants are informed and believe and thereon allege that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Waiver and Plaintiffs are also estopped from maintaining this action.

SYDNEY A. LUSCUTOFF AND LUSCUTOFF, LENDORMY & ASSOCIATES'S ANSWER TO COMPLAINT

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendants are informed and believe and thereon allege that reasonable research was undertaken in an effort to ascertain relevant legal principles and informed discretion regarding the rights of the client and was exercised based on an intelligent assessment of the problem. Said discretion bars recovery hereunder.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Defendants are informed and believe and thereon allege that Plaintiffs consented to all the acts and advice of the Defendants complained of in the Complaint, and that said consent was both express and implied.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Defendants are informed and believe and thereon allege that the scope of the representation contracted for by Plaintiffs was limited and that therefore Defendants were under no duty to pursue claims or causes of action outside that scope of the agreement.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Defendants are informed and believe and thereon allege that Plaintiffs' Complaint, and each cause of action thereof, is barred by the doctrine of res judicata.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Defendants are informed and believe and thereon allege that Plaintiffs' Complaint, and each cause of action thereof, is barred by the doctrine of collateral estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Defendants are informed and believe and thereon allege that all entitled persons have not been joined as Plaintiffs herein thus barring recovery by Plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Defendants allege that all their actions were taken in good faith and with a reasonable belief that such actions were lawful.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Defendants allege that the acts complained of by Plaintiffs were provoked by Plaintiffs' unlawful and wrongful conduct.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Defendants are informed and believe and thereon allege that Plaintiffs lack the capacity to sue on behalf of the bankrupt Zuercher Family Trust.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Defendants are informed and believe and thereon allege that Plaintiffs lack standing to sue.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Defendants are informed and believe and thereon allege that Defendants' conduct was privileged pursuant to Civil Code Section 47 and as a result, the Complaint, and each cause of action thereof, is barred.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     These answering Defendants allege, upon information and belief, that other persons or entities and each of them, named and unnamed in the Complaint were guilty of negligence, or other acts or omissions in the matters set forth in the Complaint, which proximately caused or contributed to the damages or loss complained of, if any, and that defendants are liable, if at all, only for the amount of non-economic damages allocated to fault, and that the court is requested to determine and allocate the percentage of negligence attributable to each of the other persons or entities at fault.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     None of these answering Defendants' practices, particularly those pertinent to allegations in Plaintiffs' Complaint, are or were unlawful in that these answering Defendants have complied with any and all applicable statues, regulations and common law requirements.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Defendants are informed and believe and thereon allege that other people or entities' later misconduct and/or intentional acts were superseding and/or intervening causes for Plaintiffs' injuries and/or damages, if any there were, for which these answering Defendants cannot be responsible.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Defendants are informed and believe and thereon allege that Defendants' conduct did

SYDNEY A. LUSCUTOFF AND LUSCUTOFF, LENDORMY & ASSOCIATES'S ANSWER TO COMPLAINT

1  not cause Plaintiffs any damage.

2  <center>**TWENTY-NINTH AFFIRMATIVE DEFENSE**</center>

3      29.    Defendants are informed and believe and thereon allege that Plaintiffs failed to mitigate

4  their damages and are not entitled to the damages they claim in their Complaint.

5  <center>**THIRTIETH AFFIRMATIVE DEFENSE**</center>

6      30.    Without conceding that any act of these Defendants caused damage to the Plaintiffs in

7  any respect, these Defendants are entitled to offset and recoup against any judgment that may be

8  entered for the Plaintiffs all obligations of the Plaintiffs owing to these Defendants for unpaid legal

9  fees and costs for services provided to Plaintiffs.

10      Defendants presently have insufficient knowledge or information on which to form a belief as

11  to whether Defendants may have additional, as yet unstated, defenses available.  Defendants reserve

12  herein the right to assert additional defenses in the event discovery indicates that they would be

13  appropriate.

14  <center>**PRAYER**</center>

15      WHEREFORE, Defendants pray as follows:

16      1.    That Plaintiffs take nothing from these answering Defendants by this Complaint;

17      2.    That Defendants be awarded judgment in this action;

18      3.    For costs of suit incurred herein; and

19      4.    For such other and further relief as the Court deems proper.

20  DATED: August 1, 2013

                      MURPHY, PEARSON, BRADLEY & FEENEY

21

22

23                    By  *Caitlin DiMaggio*
                          Caitlin T. DiMaggio
                          Attorneys for Defendants
24                        SYDNEY A. LUSCUTOFF AND LUSCUTOFF,
                          LENDORMY & ASSOCIATES
25

26  CTD.20623887.doc

27

28

<center>- 6 -</center>
<center>SYDNEY A. LUSCUTOFF AND LUSCUTOFF, LENDORMY & ASSOCIATES'S ANSWER TO COMPLAINT</center>

# CERTIFICATE OF SERVICE

I, Gena G. James, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On August 1, 2013, I served the following document(s) on the parties in the within action:

**SYDNEY A. LUSCUTOFF AND LUSCUTOFF, LENDORMY & ASSOCIATES'S ANSWER TO COMPLAINT**

| | |
|---|---|
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
| | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |

Leo M. LaRocca
Niven & Smith
425 California Street, 15th Floor
San Francisco, CA 94104-2118

Attorney For Plaintiffs
MONICA HUJAZI, AND INDIVIDUAL; AND TRUSTEE OF THE ZUERCHER FAMILY TRUST

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on August 1, 2013.

By _____
     Gena G. James

SYDNEY A. LUSCUTOFF AND LUSCUTOFF, LENDORMY & ASSOCIATES'S ANSWER TO COMPLAINT