1    BRADLEY KASS, ESQ.   (CBN# 127658)
     KASS & KASS LAW OFFICES
2    520 S. El Camino Real, Suite 810
     San Mateo, CA 94402
3    Phone Number:   (650) 579-0612
     Fax Number:     (650) 579-0760
4    *kassoffice@sbcglobal.net*

5    Attorney for Alleged Debtor Monica Hujazi

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12

13   In re:                          )   Case No. 13-30477
                                      )
14   PETITIONING CREDITORS:           )   Chapter 7-Involuntary
                                      )
15   RECOVEREX ET. AL.                )   DECLARATION OF BRADLEY KASS
                                      )   ESQ IN OPPOSITION TO MOTION
16   V.                               )   FOR SUMMARY JUDGMENT OR IN
                                      )   THE ALTERNATIVE SUMMARY
17   ALLEGED DEBTOR:                  )   ADJUDICATION OF ISSUES BY
                                      )   RECOVEREX
18   MONICA HUJAZI                    )
                                      )
19                                    )   DATE: November 19, 2015
                                      )   TIME: 10:00 a.m.
20                                    )   DEPT: 23
     _____ )
21

22

23

24

25

26

27

28

     DECLARATION OF BRADLEY KASS

                                      1

I, BRADLEY KASS, ESQ. STATE:

    1.    I am attorney for alleged debtor and licensed to practice law in the State of California.

    2.    The facts stated in this declaration are based upon my personal knowledge and/or of which I have a factual basis for.

    3.    I am competent to testify, and if called to do so, I would testify consistently with matters stated within this declaration.

    4.    On March 1, 2013, Recoverex Corporation filed this Petition for Involuntary Bankruptcy. Attached hereto as Ex. A is a true and correct copy of the Involuntary Bankruptcy Petition. (Ex. A)

    5.    On March 27, 2012, Recoverex Corporation filed their articles of incorporation. Attached hereto as Ex. B is a true and correct copy of the status from the California Secretary of State. (Ex. B )

    6.    As part of the discovery production in this case, on July 30, 2015, Recoverex served a supplemental response to request for production of documents which included a disc that contained the purported unpaid billing statements of Luscutoff et. al. Attached hereto as Ex. C is a true and correct copy of the supplemental response. (Ex. C)

    7.    The last produced purported unpaid billing statements produced by Recoverex is dated May 14, 2010. Attached hereto as Ex. D is a true and correct copy of the first and the last page of the produced billing statement. (Ex. D)

8. Despite an extensive document request from Alleged Debtor, I have not seen an assignment document from Luscutoff, Lendormy & Associates to Recoverex, if any.

9. Under this court's order of July 16, 2015, any such purported document even if one existed would be excluded for not being produced. Attached hereto as Ex. E is a true and correct copy of the docket entry order from the July 16, 2015 hearing. (Ex. E)

10. On September 26, 2012, Zuercher Trust filed a chapter 11 bankruptcy. Attached hereto as Ex. F is a true and correct copy of the face docket page reflecting the filing date. (Ex. F)

11. Attached hereto as Exhibit G is a true and correct copy of the Claims Summary in the Zuercher Trust case no. 12-32747. (Ex. G to Dec. of Bradley Kass Esq.)

12. In discovery productions in this case, the Petitioning Creditors have not produced written fee agreements covering all the alleged unpaid fees.

13. On August 5, 2013, this court entered an Order Denying Alleged Debtor's Motion to Dismiss. Attached hereto as Exhibit H is a true and correct copy of the Order. (Ex. H)

14. During the discovery produced by attorneys minimal if any correspondence files have been produced.

15. The claims of Otto Miller are disputed as settled and in fact his allegation regarding a promissory note and deed of trust has not been finalized in San Mateo County Superior Court case no. 502245.

///

1  I declare under penalty of perjury under the laws of
2  the State of California that the foregoing is true and correct.
3  Executed at San Mateo, California on November 5, 2015.

4

5                                    /S/ Bradley Kass
                                    BRADLEY KASS ESQ.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

# ORIGINAL

B 5 (Official Form 5) (12/07)

| UNITED STATES BANKRUPTCY COURT | INVOLUNTARY |
|---|---|
| Northern District of California | PETITION |

| IN RE (Name of Debtor – If Individual: Last, First, Middle)<br><br>HUJAZI, MONICA H. | ALL OTHER NAMES used by debtor in the last 8 years (Include married, maiden, and trade names.)<br><br>Zuercher Family Trust, The Zuercher Trust of 1999, Bay Cities Financial, Alexandria Apartments, Brownstone Lofts, Peninsula Commons, Emerald Square Apartments, SF Corners |
|---|---|

Last four digits of Social-Security or other Individual's Tax-I.D. No./Complete EIN (If more than one, state all.):   xxx-xx-unknown

| STREET ADDRESS OF DEBTOR (No. and street, city, state, and zip code)<br><br>2141 Forest View Avenue<br>Hillsborough, California<br><br>COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS<br>San Mateo<br><br>ZIP CODE 94010 | MAILING ADDRESS OF DEBTOR (If different from street address)<br><br><br>ZIP CODE |
|---|---|

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from previously listed addresses)

CHAPTER OF BANKRUPTCY CODE UNDER WHICH PETITION IS FILED

☑ Chapter 7      ☐ Chapter 11

## INFORMATION REGARDING DEBTOR (Check applicable boxes)

| Nature of Debts<br>(Check one box.)<br><br>Petitioners believe:<br><br>☐ Debts are primarily consumer debts<br>☑ Debts are primarily business debts | Type of Debtor<br>(Form of Organization)<br><br>☑ Individual (Includes Joint Debtor)<br>☐ Corporation (Includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | Nature of Business<br>(Check one box.)<br><br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51)(B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other |
|---|---|---|

| VENUE | FILING FEE (Check one box) |
|---|---|
| ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☑ A bankruptcy case concerning debtor's affiliate, general partner or partnership is pending in this District. | ☑ Full Filing Fee attached<br><br>☐ Petitioner is a child support creditor or its representative, and the form specified in § 304(g) of the Bankruptcy Reform Act of 1994 is attached. *[If a child support creditor or its representative is a petitioner, and if the petitioner files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.]* |

## PENDING BANKRUPTCY CASE FILED BY OR AGAINST ANY PARTNER OR AFFILIATE OF THIS DEBTOR (Report information for any additional cases on attached sheets.)

| Name of Debtor<br>The Zuercher Trust of 1999 | Case Number<br>12-32747 TEC | Date<br>09/26/2012 |
|---|---|---|
| Relationship<br>Affiliate | District<br>Northern District of California | Judge<br>Thomas Carlson |

## ALLEGATIONS
(Check applicable boxes)

COURT USE ONLY

1.   ☑ Petitioner (s) are eligible to file this petition pursuant to 11 U.S.C. § 303 (b).
2.   ☑ The debtor is a person against whom an order for relief may be entered under title 11 of the United States Code.
3.a. ☑ The debtor is generally not paying such debtor's debts as they become due, unless such debts are the subject of a bona fide dispute as to liability or amount;

or

b.   ☐ Within 120 days preceding the filing of this petition, a custodian, other than a trustee receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

Name of Debtor  HUJAZI, MONICA H.

Case No._____

---

**TRANSFER OF CLAIM**

[] Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents that evidence the transfer and any statements that are required under Bankruptcy Rule 1003(a).

**REQUEST FOR RELIEF**

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition. If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

| | |
|---|---|
| x _____ | x _____     02/20/2013 |
| Signature of Petitioner or Representative (State title) | Signature of Attorney     Date |
| Recoverex Corp., Sidney Luscutoff    02/20/2013 | Sidney A. Luscutoff-Luscutoff, Lendormy & Associates |
| Name of Petitioner     Date Signed | Name of Attorney Firm (If any) |
| | 400 Montgomery St., Suite 600, SF CA 94104 |
| Name & Mailing    Sidney A. Luscutoff | Address |
| Address of Individual | (415) 989-7500 |
| Signing in Representative | Telephone No. |
| Capacity | |

| | |
|---|---|
| x _____ | x _____ |
| Signature of Petitioner or Representative (State title) | Signature of Attorney     Date |
| Michael E. Grodsky | Michael E. Grodsky, Law Offices of Michael Grodsky |
| Name of Petitioner     Date Signed | Name of Attorney Firm (If any) |
| | 5900 Wilshire Blvd., Ste 2600, Los Angeles CA 90036 |
| Name & Mailing | Address |
| Address of Individual | (323) 692-9291 |
| Signing in Representative | Telephone No. |
| Capacity | |

| | |
|---|---|
| x _____ | x _____ |
| Signature of Petitioner or Representative (State title) | Signature of Attorney     Date |
| Allen Hyman | Allen Hyman, Law Offices of Allen Hyman |
| Name of Petitioner     Date Signed | Name of Attorney Firm (If any) |
| | 10737 Riverside Drive, North Hollywood, CA 91602 |
| Name & Mailing | Address |
| Address of Individual | (818) 763-6289 |
| Signing in Representative | Telephone No. |
| Capacity | |

---

**PETITIONING CREDITORS**

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Recoverex Corp/Luscutoff - 400 Montgomery #600 SF CA | Fees for Legal Services | 634,000.00 |
| Michael Grodsky - 5900 Wilshire Blvd. #2600 LA, CA 90036 | Fees for Legal Services | 312,940.00 |
| Allen Hyman - 10737 Riverside Dr., N. Hollywood CA 91602 | Fees for Legal Services | 144,936.86 |
| Note:   If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims | 1,119,876.86 |

one  continuation sheets attached

Name of Debtor  HUJAZI, MONICA H.

Case No. _____

---

**TRANSFER OF CLAIM**

{} Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents that evidence the transfer and any statements that are required under Bankruptcy Rule 1003(a).

**REQUEST FOR RELIEF**

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition. If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

| x _____ | x _____ 02/20/2013 |
|---|---|
| Signature of Petitioner or Representative (State title) | Signature of Attorney                    Date |
| Recoverex Corp., Sidney Luscutoff   02/20/2013 | Sidney A. Luscutoff-Luscutoff, Lendormy & Associates |
| Name of Petitioner                 Date Signed | Name of Attorney Firm (If any) |
| | 400 Montgomery St., Suite 600, SF CA 94104 |
| Name & Mailing          Sidney A. Luscutoff | Address |
| Address of Individual | (415) 989-7500 |
| Signing in Representative | Telephone No. |
| Capacity   _____ | |

| x *Michael E. Grodsky* | x *Michael E. Grodsky* 2/20/13 |
|---|---|
| Signature of Petitioner or Representative (State title) | Signature of Attorney                    Date |
| Michael E. Grodsky   2/20/13 | Michael E. Grodsky, Law Offices of Michael Grodsky |
| Name of Petitioner                 Date Signed | Name of Attorney Firm (If any) |
| | 5900 Wilshire Blvd., Ste 2600, Los Angeles CA 90036 |
| Name & Mailing | Address |
| Address of Individual | (323) 692-9291 |
| Signing in Representative | Telephone No. |
| Capacity   _____ | |

| x _____ | x _____ |
|---|---|
| Signature of Petitioner or Representative (State title) | Signature of Attorney                    Date |
| Allen Hyman | Allen Hyman, Law Offices of Allen Hyman |
| Name of Petitioner                 Date Signed | Name of Attorney Firm (If any) |
| | 10737 Riverside Drive, North Hollywood, CA 91602 |
| Name & Mailing | Address |
| Address of Individual | (818) 763-6289 |
| Signing in Representative | Telephone No. |
| Capacity   _____ | |

---

**PETITIONING CREDITORS**

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Recoverex Corp/Luscutoff - 400 Montgomery #600 SF CA | Fees for Legal Services | 634,000.00 |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Michael Grodsky - 5900 Wilshire Blvd. #2600 LA, CA 90036 | Fees for Legal Services | 312,940.00 |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Allen Hyman - 10737 Riverside Dr., N. Hollywood CA 91602 | Fees for Legal Services | 144,936.86 |
| Note: If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims | 1,119,876.86 |

one continuation sheets attached

**Name of Debtor** HUJAZI, MONICA H.

**Case No.** _____

## TRANSFER OF CLAIM

☐ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents that evidence the transfer and any statements that are required under Bankruptcy Rule 1003(a).

## REQUEST FOR RELIEF

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition. If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

| | |
|---|---|
| x _____ | x _____ 02/20/2013 |
| Signature of Petitioner or Representative (State title) | Signature of Attorney     Date |
| Recoverex Corp., Sidney Luscutoff   02/20/2013 | Sidney A. Luscutoff-Luscutoff, Lendormy & Associates |
| Name of Petitioner     Date Signed | Name of Attorney Firm (If any) |
| | 400 Montgomery St., Suite 600, SF CA 94104 |
| Name & Mailing    Sidney A. Luscutoff | Address |
| Address of Individual | (415) 989-7500 |
| Signing in Representative | Telephone No. |
| Capacity | |
| x _____ | x _____ |
| Signature of Petitioner or Representative (State title) | Signature of Attorney     Date |
| Michael E. Grodsky | Michael E. Grodsky, Law Offices of Michael Grodsky |
| Name of Petitioner     Date Signed | Name of Attorney Firm (If any) |
| | 5900 Wilshire Blvd., Ste 2600, Los Angeles CA 90036 |
| Name & Mailing | Address |
| Address of Individual | (323) 692-9291 |
| Signing in Representative | Telephone No. |
| Capacity | |
| x _____ | x _____ 2/21/2013 |
| Signature of Petitioner or Representative (State title) | Signature of Attorney     Date |
| Allen Hyman    2/20/2013 | Allen Hyman, Law Offices of Allen Hyman |
| Name of Petitioner     Date Signed | Name of Attorney Firm (If any) |
| | 10737 Riverside Drive, North Hollywood, CA 91602 |
| Name & Mailing | Address |
| Address of Individual | (818) 763-6289 |
| Signing in Representative | Telephone No. |
| Capacity | |

## PETITIONING CREDITORS

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Recoverex Corp/Luscutoff - 400 Montgomery #600 SF CA | Fees for Legal Services | 634,000.00 |
| Michael Grodsky - 5900 Wilshire Blvd. #2600 LA, CA 90036 | Fees for Legal Services | 312,940.00 |
| Allen Hyman - 10737 Riverside Dr., N. Hollywood CA 91602 | Fees for Legal Services | 144,936.86 |
| Note: If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims | 1,119,876.86 |

one continuation sheets attached

Name of Debtor HUJAZI , MONICA H.

Case No. Continuation Sheet

---

**TRANSFER OF CLAIM**

☐ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents that evidence the transfer and any statements that are required under Bankruptcy Rule 1003(a).

**REQUEST FOR RELIEF**

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition. If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

| | |
|---|---|
| x _Signature_ | x _Signature_  26 Feb 13 |
| Signature of Petitioner or Representative (State title) | Signature of Attorney                Date |
| Law Firm of Harold Greenberg   26 FEB 13 | Harold Greenberg - Law Firm of Harold Greenberg |
| Name of Petitioner            Date Signed | Name of Attorney Firm (If any) |
| | 2263 S. Harvard Blvd., Los Angeles CA 90018 |
| Name & Mailing      Harold Greenberg | Address |
| Address of Individual | (323) 732-9536 |
| Signing in Representative | Telephone No. |
| Capacity | |

| | |
|---|---|
| x | x |
| Signature of Petitioner or Representative (State title) | Signature of Attorney                Date |
| Name of Petitioner            Date Signed | Name of Attorney Firm (If any) |
| Name & Mailing | Address |
| Address of Individual | |
| Signing in Representative | Telephone No. |
| Capacity | |

| | |
|---|---|
| x | x |
| Signature of Petitioner or Representative (State title) | Signature of Attorney                Date |
| Name of Petitioner            Date Signed | Name of Attorney Firm (If any) |
| Name & Mailing | Address |
| Address of Individual | |
| Signing in Representative | Telephone No. |
| Capacity | |

---

**PETITIONING CREDITORS**

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Harold Greenberg - 2263 S. Harvard Blvd, LA  CA 90018 | Legal Fees+Court Award | 642,023.14 |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| | | |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| | | |

| Note: | If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims |
|---|---|---|

n/a  continuation sheets attached

**EXHIBIT B**

# Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Tuesday, November 03, 2015. Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | RECOVEREX CORPORATION |
| Entity Number: | C3464784 |
| Date Filed: | 03/27/2012 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | 400 MONTGOMERY ST., SUITE 600 |
| Entity City, State, Zip: | SAN FRANCISCO CA 94104 |
| Agent for Service of Process: | K.M. KIM |
| Agent Address: | 400 MONTGOMERY ST., SUITE 600 |
| Agent City, State, Zip: | SAN FRANCISCO CA 94104 |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Privacy Statement | Free Document Readers
Copyright © 2015   California Secretary of State

**EXHIBIT C**

SIDNEY A. LUSCUTOFF (096943)
JEAN-YVES LENDORMY (101695)
LUSCUTOFF, LENDORMY & ASSOCIATES
400 Montgomery Street, Suite 600
San Francisco, California 94104-1217
Tel: (415) 989-7500
Fax: (415) 989-1465

Attorneys for Petitioner
Recoverex Corporation

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 13-30477 HLB |
| Monica H. Hujazi | **RECOVEREX CORPORATION'S** **SUPPLEMENTAL** RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS |
| Alleged Debtor. | |

PROPOUNDING PARTY:   Alleged Debtor Monica H. Hujazi

RESPONDING PARTY:   Petitioner Recoverex Corporation/Luscutoff

SET NUMBER:   One

RECOVEREX' SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION                    13-30477 HLB

Alleged Debtor Monica Hujazi earlier served a document production request in this case; and Recoverex hereby *supplements* its earlier October 16, 2014, responses to that request (and its October 2014 production of documents) as follows:

1. Included and delivered here is a compact disc with images of various documents related to Monica Hujazi (and her related entities) including, but not limited to, the following materials:

(a) Trust documents for the Zuercher Trust and the Monica Hujazi Trust.

(b) Unpaid billing statements of Luscutoff, Lendormy & Associates delivered to Monica Hujazi.

(c) Declaration of George Eshoo.

(d) Declaration of Robert Wrinkle.

(e) Loan documents for Michael Joseph Profit Sharing Plan.

(f) State of California administrative law judge decision revoking real estate broker license of Monica Hujazi.

(g) Records of San Mateo County Superior Court Case No. SCS-123980, including the judgment and case file in the matter of Bianka McGuigan vs. Monica Hujazi dba/Bay Cities Properties, et al.

(g) 2013 accounting records of Uptown Sterling, LLC.

2. *Additionally*: Recoverex refers the Alleged Debtor to each and all the filings in related bankruptcy matters pending in the Northern District of California, including cases filed during and after 2010. The Alleged Debtor was/is an active participant and/or principal and/or responsible person in each of these cases and is well aware of same. Recoverex reserves the right to introduce at trial each, all and every docket matter and filing in those related bankruptcy cases. *These bankruptcy related documents/materials are equally available to the Alleged Debtor.*

3. *Furthermore and also*: Recoverex refers the Alleged Debtor to each and all the filings in the various and several criminal cases (including probation revocation matters) that have been filed against Monica Hujazi in the Los Angeles County Superior

1  Court from and after 2002; including, but not limited to, Criminal Case No. **7HY05760** ,

2  and Criminal Case No. **8HY05714** and Criminal Case No. **9HY06242** .

3         Recoverex reserves the right to introduce at trial each, all and every docket

4  matter and filing in those criminal cases and probation matters; including, but not limited

5  to, jury verdicts, probation and sentencing reports, judgments, orders (including

6  sentencing orders) and post-sentencing filings/reports. *These criminal file and*

7  *probation documents/materials are equally available to the Alleged Debtor.*

8

9  Dated:  July 30, 2015

10                                LUSCUTOFF, LENDORMY & ASSOCIATES

11

12

13                                SIDNEY A. LUSCUTOFF
                                  Attorneys for Recoverex Corporation

14

15

16  F:\#\5245-03\Discovery\From Hujazi\SUPPLEMENTAL Responses & Production of Documents.docx

17

18

19

20

21

22

23

24

25

26

27

28

RECOVEREX' SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION                    13-30477 HLB

# PROOF OF SERVICE
## UNITED STATES BANKRUPTCY COURT CASE 13 - 30477 - HLB
### Northern District of California, San Francisco Division

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 400 Montgomery Street, 6th Floor, San Francisco, California 94104.

On this date, I served true copies of the foregoing attached document(s) described as follows:

## RECOVEREX' SUPPLEMENTAL RESPONSES TO
## REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

on the Counsel for the Alleged Debtor in this case in an envelope addressed as follows:

Bradley M. Kass
Law Offices of Kass and Kass
520 South El Camino Real #810
San Mateo, CA 94402

**✗** BY FEDERAL EXPRESS - STANDARD OVERNIGHT - by placing same in a FedEx envelope package addressed to the persons at the addresses listed above and then causing the FedEx envelope to be delivered this same day to the FedEx office on Sansome Street (at the corner of Sacramento Street) in San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at San Francisco, California on July 30, 2015.

Natalie Romero

**EXHIBIT D**

LUSCUTOFF, LENDORMY & ASSOCIATES
400 Montgomery Street, Suite 600
San Francisco, California 94104-1207

Telephone: 415/989-7500
Telefax: 415/989-1465

Ms. Monica Hujazi
c/o M & J Appraisers
2141 Forest View Avenue
Hillsborough CA 94010

Hujazi v. McCloskey
Los Angeles Superior Case # BC38216
Our File No. 3004-19
Billing Period: 7/1/06 - 4/30/10

PREVIOUS BALANCE                                    $3,238.58

                                                    HOURS

8/29/06
    SAL Study Western Security Surplus records
        and files (from Martina Gladney case) on
        coverage and "process" issues for 1168
        Bellevue, underwriting etc.                  0.90

8/30/06
    SAL Review 300+ pages LEMAC records regarding
        2004 search for liability insurance,
        especially volume 3 (of 5), comprising
        pages 425-755 of records produced in
        Martina Gladney case.                        0.95

1/14/06
    SAL Study CAL Overnight delivery from Monica
        with Century Surety insurance policy etc.    0.35

    SAL Draft urgent letter to Monica re:
        inadequacy of Century Surety policy and
        apparent lack of adequate fire coverage
        for 1168 Bellevue; re-review Century
        policy.                                      0.80

    SAL Extensive research per Monica's request
        into possible bases to mitigate damages
        caused by McCloskey errors on
        co-insurance coverage limits; study
        question posed by client on whether
        conduct by Mt Hawley (and Buckley) could
        eliminate or mitigate the lack
        of adequate coverage, co-insurance
        penalty etc. (3.25 hours)                    2.65

Ms. Monica Hujazi

Substituted Judgment Petition #1
Litigation of Helena's Estate Plan
Our File No. 3004-16
Billing Period: 7/1/06 - 4/30/10

| | | |
|---|---|---:|
| | deposition & 12/18/06; meeting with Ed Thirkel and M. Hujazi. | 9.00 |
| 1/04/08 | Fee for outside translator services for Translation (English to Swiss-German) of December 2007, letter to Flammer re: US taxes on Swiss residents. | 210.60 |
| 1/22/08 | Secretary of State Counter Filing Fee. | 15.00 |
| 1/22/08 | Articles of Incorporation (HWZ Properties)Filing Fee to Secretary of State. | 100.00 |
| 2/04/08 | Copy Central: copies of trust documents from Kathleen Durrens. | 42.42 |
| 2/04/08 | Federal Express to Hugh W. Nevin/Cohen & Grigsby 11 Stanwix St., 15th floor, Pittsburgh, PA. | 45.21 |
| 4/10/08 | Secretary of State filing fee for HWZ LLC Articles of Organization | 70.00 |
| 4/10/08 | Secretary of State- Counter fee | 15.00 |
| 4/10/08 | Outside fee for in-person Secretary of State filing services. | 55.00 |
| | TOTAL CURRENT OUT-OF-POCKET ADVANCES | 951.13 |
| | TOTAL CURRENT FEES AND COSTS | 89,114.72 |
| 3/07/07 | Payment of Fees and Costs - Ck No. 641 | -18,195.19 |
| 3/17/08 | Payment of Fees and Costs - Ck No. 1817 | -80,000.00 |
| 3/18/09 | Payment of Fees and Costs - Ck No. 2074 | -10,000.00 |
| | TOTAL PAYMENTS | -108,195.19 |
| | TOTAL BALANCE DUE NOW | $113.42 |
| | Please Remit | $113.42 |

TERMS: Payment due upon presentation of invoice. Ten (10%)
per year added to invoices not paid within fifteen days
by check or cash. You may use a credit or debit card as an
alternate payment channel. A 2.5% convenience fee will apply.

**EXHIBIT E**

| | | |
|---|---|---|
| 07/16/2015 | | Hearing Continued (related document(s):242 Order To Set Hearing) **Hearing scheduled for 10/01/2015 at 10:00 AM at San Francisco Courtroom 23 - Blumenstiel.** Bradley Kass appeared for the alleged Debtor. Sid Luscutoff appeared for Recoverex. Thomas Koegel appeared for E. Lynn Schoenmann. Petitioining Creditors, Allen Hyman and Harold Greenberg appeared. The discovery cut-off is extended to 8/31/15. All parties are to produce documents no later than 7/31/15. Parties shall certify if there are no further documents to produce. Unproduced documents will not be admitted at trial. By 8/31/15, Monica Hujazi shall complete 1 day of deposition. Dispositive motions shall be filed and served by 9/30/15. Trial will be scheduled at the continued status conference. The court will issue an amended trial scheduling order. (bg ) Corrective Entry: Court modified docket text to reflect the correct deadline for all parties to produce documents (7/31/15). Modified on 8/24/2015 (bg). (Entered: 07/16/2015) |

data:text/html;charset=utf-8,%3Ctable%20border%3D%221%22%20cellpadding%3D%2210%22%20cellspacing%3D%220%22%20style%3D%22font-family%...　　1/1

**EXHIBIT F**

# U.S. Bankruptcy Court
## Northern District of California (San Francisco)
## Bankruptcy Petition #: 12-32747

|  |  |
|---|---|
| *Assigned to:* Judge Hannah L. Blumenstiel | *Date filed:* 09/26/2012 |
| Chapter 7 | *Date converted:* 12/18/2014 |
| Previous chapter 11 | *341 meeting:* 03/26/2015 |
| Voluntary | *Deadline for filing claims:* 04/23/2015 |
| Asset | |

**Debtor**
**The Zuercher Trust of 1999**
911 N. Amphlett Blvd.
San Mateo, CA 94401
SAN MATEO-CA
Tax ID / EIN: 46-6271961

represented by **James Bulger**
J. Kim APLC
601 South Figueroa St., Ste 4025
Los Angeles, CA 90017
(213) 612-3737
Fax : (213) 612-3773
*TERMINATED: 11/07/2013*

**Derrick F. Coleman**
Coleman Frost LLP
429 Santa Monica Blvd., #700
Santa Monica, CA 90401
(310) 576-7312
Email: derrick@colemanfrost.com
*TERMINATED: 11/07/2013*

**Bradley M. Kass**
Law Offices of Kass and Kass
520 S El Camino Real #810
San Mateo, CA 94402
(650) 579-0612
Email: kassoffice@sbcglobal.net

**Trustee**
**Peter S. Kravitz**
*TERMINATED: 12/19/2014*

represented by **Reagan E. Boyce**
Ezra Brutzkus Gubner LLP
21650 Oxnard St, # 500
Woodland Hills, CA 91367
(818)827-9000
Email: rboyce@ebg-law.com

**Richard D. Burstein**
Ezra Brutzkus Gubner LLP
21650 Oxnard St, # 500
Woodland Hills, CA 91367

Case: 13-30477   Doc# 325   Filed: 11/05/15   Entered: 11/05/15 16:25:52   Page 24 of
                                                    41

**EXHIBIT G**

# Claims Summary

<u>12-32747 The Zuercher Trust of 1999</u> **Converted** 12/18/2014

Type: bk          Chapter: 7          Office: 3 (San Francisco)

Assets: y          Judge: HLB
Date Filed:        Last Date to File Claims:        Last Date to File
09/26/2012         04/23/2015                        (Govt):

Trustee: E. Lynn Schoenmann

| Claim # | | Amount claimed * | Date filed | Creditor number | Creditor name |
|---|---|---|---|---|---|
| 1 | View | $312940.00 | 11/20/2012 | 12888718 | Michael E. Grodsky |
| 2-2 | View | $3300795.00 | 12/03/2014 | 13908924 | Lion Brownstone, LLC |
| 3 | View | $31933.31 | 01/08/2013 | 13054403 | Los Angeles County Treasurer and Tax Collector |
| 4 | View | $12862.95 | 01/24/2013 | 13078205 | Derrick Arnold ans Michael Macklin |
| 5 | View | $10024.58 | 01/24/2013 | 13078206 | Janet Leffler and Michael Chester |
| 6 | View | $2129.86 | 01/24/2013 | 13078208 | Kevin Washington |
| 7 | View | $5280.90 | 01/24/2013 | 13078210 | Russ Demarco |
| 8 | View | $6344.25 | 01/24/2013 | 13078227 | Demetrick Murag and Karen Wike |
| 9 | View | $8869.59 | 01/24/2013 | 13078229 | Franklin Nolasco |
| 10 | View | $11980.17 | 02/01/2013 | 12888719 | Niven and Smith |
| 11 | View | $144936.86 | 02/01/2013 | 13090001 | Allen Hyman |
| 12-3 | View | $5200000.00 | 03/25/2015 | 13999026 | Win Win Alexandria Union, LLC |
| 13 | View | $28000.00 | 02/04/2013 | 13095054 | Law Firm of Harold Greenberg |
| 14 | View | $18900000.00 | 02/04/2013 | 13097060 | Daniel J. Bramzon |
| 15-2 | View | $634000.00 | 04/23/2015 | 12888717 | Luscutoff, Lendormy & Associates |
| 16-2 | View | $22310.16 | 01/05/2013 | 13137178 | City and County of San Francisco |
| 17 | View | $21887.65 | 04/15/2013 | 13199669 | Los Angeles County Department of Public Health, En |
| 18 | View | $10102.60 | 04/16/2013 | 13216295 | Los Angeles Fire Department |
| 19 | View | $52755.98 | 04/16/2013 | 13216295 | Los Angeles Fire Department |
| 20 | View | $1000000.00 | 08/28/2013 | 13410247 | CERTAIN UNDERWRITERS AT LLOYDS, LONDON SEVERALLY S |
| 21 | View | $42341.46 | 04/08/2015 | 14015165 | LAW OFFICES OF GEORGE P. ESHOO |
| 22 | View | $45941.83 | 04/22/2015 | 14027159 | Peter S. Kravitz, Chapter 11 Trustee (ADMINISTRATIVE) |
| 23 | View | $1489169.74 | 04/22/2015 | 14027158 | Ezra Brutzkus Gubner LLP (ADMINISTRATIVE) |
| 24 | View | $5700.00 | 04/25/2015 | 14028429 | Bradley/Kass Esq |

Case 13-30477 Doc# 8 294/25/2015 11:25:52 Entered 11/25/15 16:25:52 Page 26 of 41

| 25 | View | $50000.00 | 04/23/2015 | 14028430 | Monica Hujazi |
| 26 | View | $212442.35 | 04/23/2015 | 14028431 | Coleman Frost LLP (**ADMINISTRATIVE**) |
| 27 | View | $4255.00 | 08/16/2015 | 14122319 | Alexa Valles |

**Total Number of Claims: 27**

| | |
|---|---|
| **Total Amount Claimed \*** | $29865549.68 |
| **Total Amount Allowed \*** | |

\* Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| **Secured** | $58638.47 | |
| **Priority** | | |
| **Administrative** | $1747553.92 | |

**EXHIBIT H**



1

2

Signed and Filed: August 2, 2013

3

4

5

6

HANNAH L. BLUMENSTIEL
U.S. Bankruptcy Judge

7

UNITED STATES BANKRUPTCY COURT

8

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

In re                          ) Case No. 13-30477 HLB
                               )
10

MONICA H. HUJAZI,              ) Chapter 7
                               )
11

_____Alleged Debtor. )

12

**ORDER DENYING ALLEGED DEBTOR'S MOTION TO DISMISS**

13

**I.   Introduction**

14

This case comes before the Court on a Motion to Dismiss

15

(the "Motion") filed March 30, 2013 by alleged debtor Monica H.

16

Hujazi ("Hujazi").  On March 1, 2013, Sidney Luscutoff on

17

behalf of Recoverex Corporation ("Recoverex"), Michael E.

18

Grodsky ("Grodsky"), Allen Hyman ("Hyman"), and Harold

19

Greenberg ("Greenberg") (collectively, the "Original

20

Petitioning Creditors") filed an involuntary petition for

21

relief under Chapter 7 against Hujazi (the "Petition").  Each

22

of the Original Petitioning Creditors has opposed the Motion.

23

Since the filing of the Motion, several additional

24

creditors have joined in the Petition.[1]  On April 15, 2013, the

25

Los Angeles Housing Department and the Los Angeles Fire

26

Department (collectively the "Los Angeles Creditors") joined

27

28

---

[1] Parties that have joined in the Petition after the hearing on the Motion are
not discussed herein, and need not be discussed based upon the Court's ruling.

ORDER DENYING ALLEGED DEBTOR'S
MOTION TO DISMISS

the Petition.  On April 18, 2013, Blanca Valdovinos and Mirian
Gonzalez (collectively the "Class Action Creditors") joined the
Petition.  On April 24, 2013, Bitalino Sanchez Trieles,
Gregorio Centeno Flores, Rodolfo Rivera Cabrera, and Tomas Cux
(collectively the "Tenant Creditors") joined in the Petition.

On April 25, 2013, the Court held a hearing on the Motion.
For the following reasons, the Court will **DENY** Hujazi's Motion.

## II.  Responsive Pleading in Involuntary Proceedings

Involuntary cases commenced pursuant to section 303 of the
Bankruptcy Code[2] are treated similarly to adversary proceedings.
Rule 1011(b) of the Federal Rules of Bankruptcy Procedure
requires an alleged debtor to file and serve a responsive
pleading to an involuntary petition in the manner prescribed by
Rule 12 of the Federal Rules of Civil Procedure.  Here, Hujazi
has filed a pre-answer motion to dismiss, as is her right.  If
her motion involved only the matters specifically asserted in
the Petition, the Court could treat it as one to dismiss under
Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3]
However, the parties have raised matters outside of the
pleadings.  Therefore, the Court must treat the Motion as one
for summary judgment under Rule 56 of the Federal Rules of Civil

---

[2] Unless otherwise indicated, all statutory citations refer to Tile 11 of the
United States Code (the "Bankruptcy Code").

[3] Hujazi does not state the rule under which she brings her Motion.  Arguably,
the motion could be characterized as asserting the defense of lack of subject-
matter jurisdiction pursuant to Rule 12(b)(1).  The Ninth Circuit, however,
has expressly found that the requirements of section 303(b) are not
jurisdictional, but are instead substantive matters which must be proven or
waived for petitioning creditors to prevail in involuntary proceedings.  In re
Rubin, 769 F.2d 611, 614 (9th Cir. 1985).  Given the substantive nature of
Hujazi's arguments and the applicable Ninth Circuit precedent, the Motion is
more properly characterized as asserting the defense of failure to state a
claim under Rule 12(b)(6).

Procedure.[4]  Fed. R. Civ. P. 12(d).

## III. Standard for Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56.  The burden is on the moving party to show there is no genuine issue of material fact.  Id. at 232.  Once the movant has satisfied this burden, the non-moving parties must demonstrate the existence of a genuine issue of fact for trial.  De Horney v. Bank of America Nat'l Trust & Sav. Ass'n., 879 F.2d 459, 464 (9th Cir. 1989).  The Court must view all the evidence in the light most favorable to the non-moving party.  County of Tuolumne v. Sonora Cmty. Hosp., 236 F.3d 1148, 1154 (9th Cir. 2001).  To defeat the motion, opponents need only demonstrate the existence of a disputed material fact.

An involuntary proceeding may be commenced only by creditors meeting certain requirements.  An entity petitioning for involuntarily relief must be the holder of a claim that is not contingent as to liability or the subject of a bona fide

---

[4] Rule 56(d) of the Federal Rules of Civil Procedure states that parties must be given a reasonable opportunity to present all material pertinent to the motion.  A court may treat a motion to dismiss as a motion for summary judgment provided the parties are "fairly apprised" that the court will look beyond the pleadings.  Cunningham v. Rothery (In re Rothery), 143 F.3d 546, 549 (9th Cir. 1998).  A party is considered to be "fairly apprised" if it "submits matters outside the pleadings and invites consideration of them." Id.  The Court finds that the parties have thoroughly briefed the matters herein, have had ample opportunity to present all material pertinent to the Motion, and have been fairly apprised that the Court will look beyond the pleadings.

ORDER DENYING ALLEGED DEBTOR'S
MOTION TO DISMISS

Case: 13-30477   Doc# 325   Filed: 11/05/15   Entered: 11/05/15 16:25:52   Page 31 of
Case: 13-30477   Doc# 89   Filed: 08/02/13   Entered: 08/05/13 09:45:58   Page 3 of
13

dispute as to liability or amount. 11 U.S.C. § 303(b). If there are fewer than 12 such holders, only one such holder need petition to commence a case. 11 U.S.C. § 303(b)(2). If there are 12 or more such holders, at least three of those holders must join in the Petition. 11 U.S.C. § 303(b)(1).

In her motion, Hujazi challenges the Original Petitioning Creditors' ability to file the Petition on the grounds that each of their asserted claims fails to meet the "not... the subject of a bona fide dispute as to liability or amount" requirement of 11 U.S.C. § 303(b). Though the Los Angeles Creditors, Class Action Creditors, and Tenant Creditors are not discussed in the original Motion, Hujazi has asserted via supplemental pleadings and oral argument that the claims of these entities are also the subject of bona fide disputes.

Under the "objective test" adopted by the Ninth Circuit, the Court must determine whether "there is an objective basis for either a factual or a legal dispute as to the validity of the debt" of each creditors. Liberty Tool v. Vortex Fishing Sys. (In Re Vortex Fishing Sys.), 277 F.3d 1057, 1064 (9th Cir. 2002). The Court's determination is a factual inquiry. Id. ("A bankruptcy court is not asked to evaluate the potential outcome of a dispute, but merely to determine whether there are facts that give rise to a legitimate disagreement over whether money is owed, or, in certain cases, how much."). At trial, the burden is on the petitioning creditors to show a lack of bona fide dispute. Id. However, in order for Hujazi to prevail in the context of a motion for summary judgment, the undisputed facts must show that none of the petitioning creditors hold a

1  claim that meets the requirements of 11 U.S.C. § 303(b).[5]  The
2  Court will address each creditor in turn.

3  **IV.  The Original Petitioning Creditors**

4      Recoverex alleges in the Petition a claim for $634,000.00
5  arising from fees for legal services provided by Luscutoff.
6  Hujazi first argues that this claim is the subject of a bona
7  fide dispute as to liability or as to amount on the grounds that
8  Luscutoff failed to competently represent her, failed to
9  properly communicate with her during representation, failed to
10 bill her for the work performed, and committed malpractice in
11 the course of his representation.  Hujazi's arguments are not
12 well-taken.  Hujazi acknowledges in the Motion and her
13 declaration that Luscutoff has represented her in a variety of
14 matters for approximately 20 years.  She references only some of
15 these matters specifically.  In its response, Recoverex includes
16 billing statements for a multitude of matters that Hujazi has
17 failed to address in her motion.

18      Under Hujazi's interpretation of section 303, if she
19 contests even a dollar of the claims that a creditor may assert
20 against her, those claims would be "disputed" such that the
21 creditor would be barred from filing an involuntary petition.
22 The Court disagrees.  The claim must not only be disputed; it
23 must be the subject of a bona fide dispute.  A bare assertion
24 that the amount owed might be different than claimed, without a

25

26 [5] Under section 303, a petition may be filed by a single one creditor.
   Accordingly, if even one of the creditors who filed or joined in the petition
27 satisfy section 303(b), the case can still proceed provided there are fewer
   than twelve creditors holding eligible claims under section 303(b).  The
   parties have not raised, and the Court does not at this time consider, whether
28 Hujazi has more than twelve creditors holding eligible claims such that three
   or more petitioning creditors would be required to file the Petition.

ORDER DENYING ALLEGED DEBTOR'S

specific, legitimate argument as to why the amount claimed is incorrect, cannot meet the "objective test" standard for a bona fide dispute.

To be eligible to file a petition, Recoverex need only be the holder of a single "claim" that is not the subject of a bona fide dispute as to liability or amount. A "claim" is "a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5). Each individual matter in which Luscutoff represented Hujazi would give rise to a distinct right to payment, and therefore a separate claim.[6] Even if each of the matters Hujazi references in her motion is subject to a bona fide dispute, it appears there may exist many matters for which Hujazi has no just cause to complain. These matters would each give rise to a "claim" that is not the subject of a bona fide dispute as to liability or amount. Recoverex need hold only one such claim in order to establish its eligibility to file the Petition. Whether or not Recoverex holds a claim to which Hujazi has valid basis to dispute is a material fact that must still be determined.

Second, Hujazi argues that she may assert counterclaims for

---

[6] The Court notes that, in certain circumstances, a bill for attorney fees, like any other bill, may be the subject of an account stated under California law. Trafton v. Youngblood, 69 Cal. 2d 17 (Cal. 1968). This would preclude recovery on the individual charges that make up the account stated. Jones v. Wilton, 10 Cal. 2d 493, 498 (Cal. 1938). However, an essential element of an account stated is the assent of both parties. Hansen v. Fresno Jersey Farm Dairy Co., 220 Cal. 402 (Cal. 1934). Neither party has asserted assent of an account stated. Accordingly, the Court must consider the fees due for each matter in which Hujazi received representations as individual causes of action that consist of individual rights to payment.

ORDER DENYING ALLEGED DEBTOR'S

malpractice against Recoverex. Though some of these malpractice claims may be time barred, Hujazi nonetheless argues that, pursuant to section 431.70 of the California Code of Civil Procedure, the malpractice claims may be asserted as a setoff against any amounts for which she might be liable. Hujazi posits that, even if she is liable on any or all of the debts owed to Recoverex, such a setoff creates a bona fide dispute as to the amount she owes. Again, Hujazi's arguments are not well-taken.

Even if Hujazi could assert counterclaims or defenses which would entitle her to setoff, the Ninth Circuit has found that such a setoff only creates a bona fide dispute as to amount when it arises out of the same transaction or occurrence which forms the basis for a creditor's claim, such as a claim for recoupment. Liberty Tool, 277 F.3d at 1065 ("[a] dispute as to the amount of a claim is not a bona fide dispute if it is based on a counterclaim arising from a wholly separate transaction.")(citing Chi. Title Ins. Co. v. Seko Inv., Inc. (In re Seko Inv., Inc.), 156 F.3d 1005, 1008 (9th Cir. 1998)). Here, Recoverex asserts multiple claims against Hujazi based upon different instances of legal representation. A counterclaim or affirmative defense of malpractice committed with respect to one instance of representation could create a bona fide dispute as to the claim for attorney fees that arose out of that specific transaction, but not as to every other claim which Recoverex may potentially hold. Whether or not Hujazi has a malpractice claim corresponding to each instance of representation is not clear. Therefore, the Court cannot as a

matter of law find that each claim is subject to a dispute.

Hujazi asserts the same substantive arguments with respect to petitioning creditors Grodsky, Hyman, and Greenberg, and each of these creditors responds with arguments akin to those of Recoverex. The Court finds the above rationale applicable to these creditors for the reasons stated above. Whether each creditor holds at least one claim that Hujazi does not contest, and whether Hujazi may assert a malpractice claim against each such claim, are disputed material facts that must still be determined.

**V. The Class Actions Creditors and the Tenant Creditors**

Petitioning creditors Valdovinos and Gonzalez allege a claim for $18,900,000.00. Per their joinder papers, they seek tort and contract damages in a class action against Hujazi. Included in these papers is a list of 101 additional claimants. None of these parties have filed a response to the instant Motion.

The class action involves a four-story apartment building located at 821 S. Union, Los Angeles, California. The Class Action Creditors assert that they, and the members of the class of similarly situated plaintiffs, are entitled to damages in tort due to the dilapidated conditions found in the common areas of the building. A trial in the case has not yet occurred.

These claims, by their very nature, are the subject of a bona fide dispute as to liability and amount. Hujazi asserts, and the creditors have not contested, that the lawsuit is currently in a state of vigorous litigation. A court has not yet established liability, and may never establish liability.

ORDER DENYING ALLEGED DEBTOR'S
MOTION TO DISMISS
13

Case: 2:10-bk-07 7dismiss #325    Filed: 11/05/15    Entered: 11/05/15 16:25:52    Page 36 of
Case: 13-30477    Doc# 89    Filed: 08/02/13    Entered: 08/05/13 09:45:58    Page 8 of

1 Further, the amount of damages that may be awarded on claims
2 such as the ones involved here is fact dependent, and
3 necessarily will not be settled until a judgment has been
4 rendered.

5 The central purpose of section 303(b)(1) is "to prevent
6 creditors from using involuntary bankruptcy to coerce a debtor
7 to satisfy a judgment even when substantial questions may remain
8 concerning the liability of the debtor." In re Marciano, 446
9 B.R. 407, 429 (Bankr. C.D. Cal. 2010)(quoting Platinum Fin.
10 Servs. Corp. v. Byrd (In re Byrd), 357 F.3d 433, 438 (4th Cir.
11 2004)). The claims of the Class Action Creditors are not the
12 type of claims that are within the spirit of 11 U.S.C § 303(b).
13 The Court finds that these claims are subject to a bona fide
14 dispute as to liability and amount.

15 The Tenant Creditors Sanchez, Centeno, Rivera, and Cux
16 assert in their joinder papers claims totaling $49,731.20 for
17 illegal rent collection due to Hujazi's failure to maintain a
18 building located at 621 South Union, Los Angeles, California.
19 They argue that they are entitled to refunds of rent, and to
20 damages for illegal rent collection.

21 Like the claims of the Class Action Creditors, these claims
22 are not of the type envisioned by section 303(b) as being
23 eligible to file an involuntary petition. Upon an objective
24 review, the amount and liability of these creditors' claims is
25 by their nature subject to dispute, and will be necessarily
26 dependent upon a finding of liability in a court of competent
27 jurisdiction. These creditors acknowledge that some rents were
28 paid to Hujazi, and some to another entity. Even if they are

1  entitled to a refund of rent, a finder of fact needs to
2  determine what amounts are due to be refunded, and from whom
3  such amounts are due.  Further, the Tenant Creditors assert that
4  they are entitled to at least minimum statutory damages.  If
5  damages are awarded, they may exceed the minimum required under
6  the statute, and will remain unknown until determined after
7  trial.  The Court finds that the claims asserted by the Tenant
8  Creditors are also subject to a bona fide dispute as to
9  liability and amount.

10      Based upon the above, the Tenant Creditors and the Class
11  Action Creditors are not eligible to join in an involuntary
12  petition against Hujazi.  Further, since these claims are the
13  subject of a bona fide dispute, they cannot be counted towards
14  the twelve creditor threshold found in 11 U.S.C. § 303(b).

15  **IV.  The Los Angeles Creditors**

16      The Los Angeles Housing Department and the Los Angeles Fire
17  Department have joined in the Petition asserting claims totaling
18  $62,858.58 for investigative costs connected to various
19  violations of building, fire, and safety codes related to builds
20  she managed.  Unlike the claims addressed above, Hujazi does not
21  dispute her liability to these entities.  Instead, she asserts
22  that the amount of money owed to each of these entities is the
23  subject to a bona fide dispute only as to amount.

24      Hujazi argues that the amount owed is subject to a bona
25  fide dispute as to amount because she has been presented with
26  inconsistent bills.  In their joinder papers, the Los Angeles
27  Creditors assert claims totaling $62,858.58.  Hujazi asserts
28  that two days after the joinder, she was presented a bill

ORDER DENYING ALLEGED DEBTOR'S
MOTION TO DISMISS
Case: 13-30477   Doc# 89   Filed: 08/02/13   Entered: 08/05/13 09:45:58   Page 10 of
13

Case: 13-30325   Filed: 11/05/15   Entered: 11/05/15 16:25:52   Page 38 of

totaling $45,385.00 for both claimants. This, Hujazi insists, creates a bona fide dispute as to the amount she owes because the amounts contradict. Hujazi's argument is not well-taken.

Hujazi acknowledges that she is liable for the investigative costs incurred by the Los Angeles Creditors. At the time the petition was filed, the Los Angeles Creditors were owed a sum certain. The fact that Hujazi has received differing accounts of what that sum is does not necessarily create dispute as to the amounts owed. In her reply, Hujazi recognizes that the latter amount derives from a "final bill" that was not available at the time the joinder was filed. What she does not do is dispute the amount in the final bill. Instead, she argues that the inconsistency has created a dispute. As already discussed above, bare assertions cannot meet the objective standard for determining the existence of a bona fide dispute. Accordingly, the Court finds no merit in this argument.

The Los Angeles Creditors are holders of claims arising from a state court judgment. These are the types of creditors that section 303 envisions as being permitted to commence an involuntary case. Accordingly, the Court finds that the Los Angeles Creditors are eligible under section 303(b) to file an involuntary petition against Hujazi.

## V. Conclusion and Further Orders

The Los Angeles Creditors each are holders of a claim of the type described in section 303(b), they were entitled to join in the Petition. Their joinder has the same effect as if they had filed the Petition. 11 U.S.C. § 303(c). Further, a dispute of material fact exists with regards to the existence of a bona

1  fide dispute of the claims of the Original Petitioning
2  Creditors.  Accordingly, the Motion must be **DENIED**.

3      The Court must still determine (1) whether the requisite
4  number of creditors have joined in the Petition as required by
5  section 303(b), and (2) whether Hujazi is generally not paying
6  here debts as such debts become due, unless such debts are the
7  subject of a bona fide dispute as to liability or amount as
8  required by section 303(h)(1).  To expeditiously resolve these
9  remaining issues, the Court hereby **ORDERS** as follows:

10     1.   In accordance with Rule 12(a) of the Federal Rules of
11          Civil Procedure, as made applicable by Rule 1011(c) of
12          the Federal Rules of Bankruptcy Procedure, **Hujazi**
13          **shall file an answer no later than 14 days after the**
14          **entry of this order;**

15     2.   In accordance with Rule 1003(b) of the Federal Rules
16          of Bankruptcy Procedure, if she asserts in her answer
17          the defense of too few petitioning creditors based
18          upon the existence of twelve or more creditors holding
19          claims of the type specified in section 303(b), then
20          **Hujazi shall file with the answer a list of such**
21          **creditors with their addresses, a brief statement of**
22          **the nature of their claims, and the amounts owed;** and

23     3.   If Hujazi fails to assert the existence of twelve or
24          more creditors holding claims of the type specified in
25          section 303(b), or fails to file the list described in
26          paragraph (2) above, then **the Court shall deem that**
27          **defense waived.**

                    **\*\*END OF ORDER\*\***

28

## Court Service List

Michael E. Grodsky
c/o Law Offices of Michael E. Grodsky
5900 Wilshire Blvd #2600
Los Angeles, CA 90036

Allen Hyman
c/o Law Offices of Allen Hyman
10737 Riverside Dr
North Hollywood, CA 91602

Harold Greenberg
Law Firm of Harold Greenberg
2263 S. Harvard Blvd
Los Angeles, CA 90018

Craig W. Heidig
541 Lancaster Way
Redwood City, CA 94062

Benjamin G. Ramm
BASTA, Inc.
2500 Wilshire Blvd. # 1050
Los Angeles, CA 90057

Wendy A. Loo
Los Angeles City Attorney's Office
200 North Main Street, Suite 920
Los Angeles, CA 90012