BRADLEY KASS, ESQ.     (CBN# 127658)
KASS & KASS LAW OFFICES
520 S. El Camino Real, Suite 810
San Mateo, CA 94402
Phone Number: (650) 579-0612
Fax: (650) 579-0760

Attorney for Alleged Debtor Monica Hujazi

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 13-30477 |
| PETITIONING CREDITORS: | Chapter 7-Involuntary |
| RECOVEREX ET. AL. | |
| V. | OBJECTIONS TO EVIDENCE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF ISSUES BY RECOVEREX |
| ALLEGED DEBTOR: | |
| MONICA HUJAZI | |
| | DATE: November 19, 2015<br>TIME: 10:00 am<br>DEPT: 23 |

OBJECTION TO EVIDENCE

-1-

Alleged Debtor submits the following objections to the evidence submitted by Petitioning Creditor Recoverex in support of their Motion for Summary Judgment or Alternatively Partial Summary Judgment:

## I
## OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

**Objection Number 1:**

Alleged debtor objects to the following of Petitioning Creditor Recoverex's Request for Judicial Notice:

**REQUEST FOR JUDICIAL NOTICE NUMBERS ONE THRU SEVEN**

These are multiple requests for judicial notice of records of this case and other cases. Moving party has **not attached** the documents requested that judicial notice be taken.

Northern District Local Rules Rule 7-2(d) and 7-5 require moving papers of a motion to include supporting declaration and other evidence.

In the instant motion, Recoverex seeks the introduction of judicial notice of materials which they have **not** attached to their moving papers. In other words, their moving papers cannot be relied on within the four corners of the papers but would require a review and pulling from outside materials. Moving party has not presented authority which would compel an opposing party to have the additional task of pulling documents outside the motion and then in addition speculating what portions are being requested for judicial notice of.

## II
## OBJECTIONS TO DECLARATIONS AND SUPPORTING MATERIALS

**Objection Number 2 to Declaration of Wendy Loo**

**Objections**: lack of foundation, lack of personal knowledge, heresay. Wendy Loo is testifying of what allegedly court documents say. This is heresay. In addition, Wendy Loo does not state with specificity as to what court document(s) she is referencing in her statements. Also, Wendy Loo states what certain charges are without giving any basis as to how a Deputy City Attorney would have personal knowledge of such assertions.

FRCP 56(c)(4) in discussing summary judgment and supporting evidence states:

> "(4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

It is respectfully asserted that the testimony of Wendy Loo as to court records and in a general manner does not comply with FRCP 56(c)(4) and the objection should be sustained. Further authority is FRE Rule 901 (a).

**Objection Number 3 to Declaration of Lewis Silver**

**Objections**: lack of foundation, lack of personal knowledge, heresay, relevance, legal conclusion. Lewis Silver in para 4 is asserting as a third party of the duties of other people regarding business record keeping. This is an admission by him that he does not have personal knowledge.

In addition his assertions are legal conclusions as to his belief that Ms. Hujazi owes attorney fees to Commonwealth. Mr. Silver does not cite any court judgment or finding that Ms. Hujazi owes any monies whatsoever to Commonwealth and any such claim would time barred even if valid. The declaration states demand on November 8, 2010 therefore the four year time bar has passed. Accordingly the assertions as discussed herein are not relevant.

Lewis Silver also is testifying as to what an alleged letter Ex. B was sent from an individual named Jane Ikegami to an address at 3130 La Selva Drive, Suite 307. Lewis Silver does not state any personal knowledge as to this letter nor that he has undertaken any investigation to determine if this was a proper address to send to Monica Hujazi individually, therefore it is not relevant and lacks foundation. Lewis Silver asserts he became an attorney in 2014 which infers he could not have personal knowledge of the events asserted in 2010 and 2007. Lewis Silver also does not state facts as how he would have personal knowledge to know amounts paid or asserted. His assertions are conclusions of law.

FRCP 56(c)(4) in discussing summary judgment and supporting evidence states:

> "(4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

//

//

Case: 13-30477   Doc# 331   Filed: 11/11/15   Entered: 11/11/15 16:54:12   Page 4 of 7

OBJECTIONS TO EVIDENCE                    4

It is respectfully asserted that the testimony of Lewis Silver does not comply with FRCP 56(c)(4) and the objection should be sustained. Further authority is FRE Rule 901 (a).

**Objection Number 4 to Declaration of Michael Joseph**

**Objections**: lack of foundation, lack of personal knowledge, heresay, relevance. Michael Joseph is testifying to allegations between August 1, 2011 thru February 7, 2013 which are not relevant time periods. In addition, the claim is fully secured so not qualifying as a creditor for an involuntary bankruptcy.

FRCP 56(c)(4) in discussing summary judgment and supporting evidence states:

> "(4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

It is respectfully asserted that the testimony of Michael Joseph does not comply with FRCP 56(c)(4) and the objection should be sustained. Further authority is FRE Rule 901 (a).

**Objection Number 5 to Declaration of Harold Greenberg**

**Objections**: lack of foundation, lack of personal knowledge, heresay. Harold Greenberg is testifying of what allegedly court documents say and deposition testimony. This is heresay. In addition, his statement about what another individual named Michael Prendergast stated is heresay.

FRCP 56(c)(4) in discussing summary judgment and supporting evidence states:

> "(4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

It is respectfully asserted that the testimony of Harold Greenberg as to court records does not comply with FRCP 56(c)(4) and the objection should be sustained. Further authority is FRE Rule 901 (a).

**Objection Number 6 to Declaration of Nels Stemm**

**Objections**: lack of foundation, lack of personal knowledge, heresay, relevance, legal conclusion. Nels Stemm in para 7 is asserting as a third party of the duties of other people regarding business record keeping. This is an admission by him that he does not have personal knowledge. In addition his assertions are legal conclusions as to his belief of the interpretation of what documents mean. Mr. Stemm does not cite any court judgment or finding that Ms. Hujazi owes any monies whatsoever on March 1, 2013. In addition, Mr. Stemm concedes he has only worked at Fairview since 2014. Nels Stemm does not provide any admissible evidence as to how he would have personal knowledge of books and records or activities of Bank of America.

Nels Stemm also does not state facts as how he would have personal knowledge to know amounts paid or asserted as to Bank of America.

//

FRCP 56(c)(4) in discussing summary judgment and supporting evidence states:

> "(4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

It is respectfully asserted that the testimony of Nels Stemm does not comply with FRCP 56(c)(4) and the objection should be sustained. Further authority is FRE Rule 901 (a).

DATED: November 11, 2015　　　KASS AND KASS LAW OFFICES

　　　　　　　　　　　　　　　　　___/S/_____
　　　　　　　　　　　　　　　　　BRADLEY KASS ESQ.
　　　　　　　　　　　　　　　　　Attorney for Alleged Debtor