

Signed and Filed: November 30, 2015

HANNAH L. BLUMENSTIEL
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 13-30477 HLB |
| | ) |
| MONICA H. HUJAZI, | ) Chapter 7 |
| | ) |
| Alleged Debtor. | ) |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

### I.  Introduction

On September 30, 2015, Petitioning Creditor Recoverex Corporation filed a Motion for Summary Judgment (the "Motion") requesting that the Court enter an order for relief as to Alleged Debtor Monica Hujazi.  Petitioning Creditors Allen Hyman, Michael Grodsky, Andrew Kim, and Bianka McGuigan have joined in the Motion (collectively with Recoverex, the "Movants").  Ms. Hujazi has opposed the Motion,[1] and Recoverex

---

[1] Along with her opposition to the Motion, Ms. Hujazi raised several objections (the "Hujazi Objections").  First, she filed a Special Objection and Request to Strike seeking to strike the joinder, memorandum of points and authorities, and additional evidence submitted by Mr. Hyman in support of the Motion.  She also filed an untimely Objection to Evidence, objecting to several pieces of evidence submitted by Recoverex in support of the Motion, and an untimely Special Objection Supplementing Opposition, objecting to Recoverex's standing to bring the Motion for failure to comply with Rule 1003(a) of the Federal Rules of Bankruptcy Procedure.  Finally, Ms. Hujazi raised several evidentiary objections in her opposition to the Motion, some of which were included in the timely Objection to Evidence, and some of which were not.  On November 23, 2015, the Court entered an Order Sustaining in Part and Overruling in Part the Alleged Debtor's Objections that disposed of the Hujazi Objections.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

has replied.  On November 19, 2015, the Court held a hearing on the Motion.  Appearances were as noted on the record.  Upon due consideration of the arguments made by the parties in the papers and at the hearing, the evidence submitted by the parties, the matters of which the Court may take judicial notice, and the other materials in the record, the Court will **GRANT** the Motion and enter an order for relief.

## II.  Standard for Summary Judgment in Involuntary Proceedings

Summary judgment is appropriate where materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The burden is on the moving party to show there is no genuine issue of material fact.  Celotex, 477 U.S. at 232.  Once the movant has satisfied this burden, the non-moving parties must demonstrate the existence of a genuine issue of fact for trial.  De Horney v. Bank of America Nat'l Trust & Sav. Ass'n., 879 F.2d 459, 464 (9th Cir. 1989).  The Court must view all the evidence in a light most favorable to the non-moving party. County of Tuolumne v. Sonora Cmty. Hosp., 236 F.3d 1148, 1154 (9th Cir. 2001).  To defeat a motion for summary judgment, opponents need only demonstrate the existence of a disputed material fact.

An involuntary bankruptcy case may be commenced only by creditors meeting certain requirements.  A creditor petitioning

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

for the involuntary entry of an order for relief must be the holder of a claim that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount. 11 U.S.C. § 303(b).[2] If there are fewer than twelve such creditors, a single petitioning creditor is sufficient. 11 U.S.C. § 303(b)(2). If there are twelve or more eligible creditors, at least three must join in the petition. 11 U.S.C. § 303(b)(1).

The Court's determination as to whether a claim is or is not the subject of a bona fide dispute as to liability or amount is a factual inquiry. Liberty Tool v. Vortex Fishing Sys. (In Re Vortex Fishing Sys.), 277 F.3d 1057, 1064 (9th Cir. 2002). Under the "objective test" adopted by the Ninth Circuit, the Court must determine whether "there is an objective basis for either a factual or a legal dispute as to the validity of the debt" of each creditor. Id. ("A bankruptcy court is not asked to evaluate the potential outcome of a dispute, but merely to determine whether there are facts that give rise to a legitimate disagreement over whether money is owed, or, in certain cases, how much.").

At trial, the burden is on the petitioning creditors to prove the absence of a bona fide dispute. Id. If the requisite number of petitioning creditors is established, the Court must then determine if the alleged debtor is generally paying its non-contingent, undisputed debts as they become due. 11 U.S.C. § 303(h)(1). Accordingly, to succeed on summary

---

[2] Unless otherwise noted, all references to code sections refer to Title 11 of the United States Code, §§ 101-1330 (the "Bankruptcy Code").

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

judgment, Movants have the burden of establishing (1) that no genuine dispute of material fact exists with regards to the number of petitioning creditors required under section 303(b), and (2) that Ms. Hujazi is generally not paying her debts as they become due.

**III. Procedural History**

On March 1, 2013, Petitioning Creditors Recoverex, Allen Hyman, Michael Grodsky, and Harold Greenberg (the "Original Petitioning Creditors") commenced this case by filing an involuntary petition for relief under Chapter 7 against Ms. Hujazi. On March 20, 2013, Ms. Hujazi filed a motion to dismiss asserting that Original Petitioning Creditors' claims failed to meet the requirements of 11 U.S.C. § 303(b) because their claims were "the subject of a bona fide dispute as to liability or amount," and that as a result this case must be dismissed.

Subsequent to the filing of the motion to dismiss, additional creditors joined in the involuntary petition. On April 15, 2013, the Los Angeles Housing Department and the Los Angeles Fire Department (collectively the "Los Angeles Creditors") joined. On April 18, 2013, Blanca Valdovinos and Mirian Gonzalez (collectively the "Class Action Creditors") joined. And on April 24, 2013, Bitalino Sanchez Trieles, Gregorio Centeno Flores, Rodolfo Rivera Cabrera, and Tomas Cux (collectively the "Tenant Creditors") joined.

Because the motion to dismiss relied upon evidence submitted by the parties, it was treated as a motion for summary judgment. On August 2, 2015, the Court denied in part

and granted in part Ms. Hujazi's motion, finding that she had failed to meet her burden of demonstrating that no dispute of material fact existed as to the ineligibility of the Original Petitioning Creditors and as to the Los Angeles Creditors under section 303(b). The Court granted summary judgment in favor of Ms. Hujazi as to the Tenant Creditors and the Class Action Creditors, concluding that these claims were the subject of a bona fide dispute as to liability. The Court also noted that it made no finding as to whether Ms. Hujazi had twelve or more claims of the type specified in section 303 such that three or more petitioning creditors would be required for entry of an order for relief.

In its order denying Ms. Hujazi's motion to dismiss, the Court ordered Ms. Hujazi to file and serve an answer within 14 days. That order specifically provided that, if Ms. Hujazi wished to assert the defense of too few petitioning creditors, she must file and serve a list of creditors in compliance with Rule 1003(b), and that failure to assert the defense or file such a list would constitute a waiver of the defense.

On August 15, 2013, Ms. Hujazi filed her answer to the involuntary petition. The answer denied the assertion that the Original Petitioning Creditors are eligible to seek relief under section 303(b), but did not specifically raise the defense of too few petitioning creditors. On October 8, 2013, Ms. Hujazi filed a list of creditors. The list disclosed six creditors holding claims that are not the subject of a bona fide dispute as to liability or amount, and no other creditors.

Over the pendency of this case, several other creditors

1 have joined in the involuntary petition in addition to those

2 already listed above.  On June 21, 2013, Craig Heidig joined in

3 the involuntary petition.  On November 6, 2015 Creditor Bianka

4 McGuigan joined, and on November 10, 2015, Creditor Andrew Kim

5 joined.[3]

6 **IV.  Discussion**

7     In the Motion, Movants assert that they are entitled to

8 the entry of an order for relief (1) because a sufficient

9 number of petitioning creditors are seeking relief, and (2)

10 because Ms. Hujazi was not paying her debts as they became due

11 prior to the petition.  Ms. Hujazi presents several arguments

12 in opposition to the Motion.  The parties' arguments are each

13 addressed below.

14     **A.  Ms. Hujazi has waived the defense of insufficient**

15           **number of petitioning creditors**

16     After her motion to dismiss was denied, Ms. Hujazi was

17 explicitly instructed to comply with Rule 1003(b) and to raise

18 the defense of insufficient number of petitioning creditors in

19 her answer, or else have the defense deemed waived.  Ms. Hujazi

20 filed a motion to reconsider the order denying the motion to

21 dismiss in which she expressly asked the Court to reconsider

22 the part of the order requiring her to file her list of

23 creditors.  The Court denied that request, and Ms. Hujazi has

24 ───────────────

25 [3] In the Court's November 19, 2013 scheduling order, the Court set a deadline of 14 days from the entry of that order for petitioning creditors to join. That deadline has passed.  However, given the facts that (1) Ms. Hujazi failed

26 to disclose Ms. McGuigan and Mr. Kim in her list of creditors and failed to assert too few petitioning creditors as a defense, (2) no party has filed an

27 opposition to their joinder, and (3) there is otherwise no indication that Mr. Kim or Ms. McGuigan had been given notice of their opportunity to timely join

28 in the petition prior to the Court's deadline, the Court will permit the joinder of these creditors in the involuntary petition.

not appealed that decision. Accordingly, Ms. Hujazi was under an obligation to comply with the Court's order. As the Motion correctly point out, the list of creditors filed by Ms. Hujazi indicated that she had only six creditors holding claims that are not the subject of a bona fide dispute as to liability or amount. Further, her answer failed to assert a defense of insufficient number of petitioning creditors.

The purpose of the list of creditors is to afford the petitioners the information necessary to obtain the joinder of additional creditors if such joinder is necessary to make the petition sufficient. See Fed. R. Bankr. P. 1003 Advisory Committee Notes. Ms. Hujazi was instructed to provide a list of creditors and assert the defense of insufficient petitioning creditors to further this purpose. The petitioning creditors are entitled to rely on the assertions made by Ms. Hujazi in her list of creditors and her answer. Having admitted that fewer than twelve creditors hold claims of the type required by section 303, and having failed to assert the defense of an insufficient number of petitioning creditors in her answer, Ms. Hujazi has clearly waived such defense.[4]

Given this waiver, to obtain an order for relief, Movants must establish that at least one creditor who has joined the petition holds a claim of at least $15,325 in the aggregate that is not the subject of a bona fide dispute as to liability or amount. 11 U.S.C. § 303(b)(2). As noted above, the City of Los Angeles Creditors joined in the petition on April 16, 2013.

---

[4] Ms. Hujazi's opposition to the Motion contains a short statement asserting that the defense has not been waived, but provides no argument in support of such claim. Ms. Hujazi's opposition in this regard is not well-taken.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Together, these creditors assert claims totaling $62,585.58.
In the Court's order denying Ms. Hujazi's motion to dismiss,
the Court previously granted summary judgment against Ms.
Hujazi as to the claims of the Los Angeles Creditors,
determining that such claims are not the subject of a bona fide
dispute as to liability or amount.  Movants have provided
competent evidence that these claims have not been paid.  Ms.
Hujazi has provided no evidence to genuinely dispute this fact.
Accordingly, the Court concludes that the requisite number of
creditors have joined in the petition under section 303(b), and
that Movants are entitled to summary judgment on this issue.

**B.    Even if Ms. Hujazi had not waived the defense of insufficient number of petitioning creditors, at least three creditors holding qualifying claims have joined the petition**

In the Motion, Movants assert that, even if Ms. Hujazi had
not waived the defense of insufficient number of petitioning
creditors, at least three petitioning creditors hold claims
that qualify under section 303(b).  Again, the Court agrees.
In support of the Motion, Movants have provided competent
evidence demonstrating petitioning creditors Mr. Kim and Ms.
McGuigan hold valid judgments against Ms. Hujazi that have not
been satisfied.

In her opposition to the Motion, Ms. Hujazi asserts that
Ms. McGuigan's judgment was entered by default, and that her
services were primarily performed for other entities.  Neither
of these assertions change the fact that Ms. McGuigan holds a
valid, enforceable judgment against Ms. Hujazi.  Ms. Hujazi

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

does not otherwise dispute that the claim of Ms. McGuigan is not the subject of a bona fide dispute as to liability or amount. Ms. Hujazi's opposition to the Motion does not address the judgment of Mr. Kim.

Accordingly, the Court concludes that Movants have satisfied their burden of establishing that Mr. Kim and Ms. McGuigan are the holders of claims against Ms. Hujazi that are not the subject of a bona fide dispute as to liability or amount. Ms. Hujazi has provided no evidence to bring these claims in to dispute. Further, as is discussed in more detail below, petitioning creditors Mr. Hyman and Mr. Grodsky also hold claims that are not the subject of a bona fide dispute as to liability or amount. Accordingly, since each of these creditors have joined in the petition and hold qualifying claims, the three petitioning creditor threshold of section 303(b) has been met.

**C.   Ms. Hujazi has generally not been paying her debts as they become due**

Section 303(h) provides that the Court shall enter an order for relief only if "the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount." 11 U.S.C. § 303(h)(1). The Ninth Circuit has adopted a "totality of the circumstances" test for determining whether an alleged debtor is generally paying its debts as they become due. Focus Media, Inc. v. NBC (In re Focus Media, Inc.), 378 F.3d 916, 929 (9th Cir. 2004) (citing Hayes v. Rewald (In re Bishop, Baldwin, Rewald, Dillingham & Wong, Inc.), 779 F.2d

471, 475 (9th Cir. 1985)).  Thus, "[a] finding that a debtor is generally not paying its debts requires a more general showing of the debtor's financial condition and debt structure than merely establishing the existence of a few unpaid debts." Focus Media, 378 F.3d at 929 (quoting Liberty Tool, & Manufacturing v. Vortex Fishing Sys., Inc. (In re Vortex Fishing Sys.), 277 F.3d 1057, 1072 (9th Cir. 2002)).

In the Motion, Movants assert the following creditors hold claims that were not being paid as they became due:

1.    The City of Los Angeles Creditors

2.    Allen Hyman, Esq. and Michael Grodsky, Esq.

3.    Bank of America

4.    Wells Fargo Home Mortgage

5.    The Michael Joseph Profit Sharing Plan

6.    Otto Miller

7.    Bianka McGuigan

8.    American Express

9.    Robert Wrinkle

10.   George Eschoo

11.   Lloyds of London

12.   Commonwealth Land Title Insurance Co.

13.   Andrew Kim

14.   Pacific Gas & Electric

The Court will address each in turn.

**1.    The City of Los Angeles Creditors**

Movants first assert that the City of Los Angeles Creditors' claims were past due as of the petition date.  In support of this, Movants submit the declaration of Wendy Loo,

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

which establishes that the claims have not been paid.  Ms. Hujazi argues in her opposition that these claims are disputed, and that the claims should not be considered since the same creditors have submitted claims in the <u>In re Zuercher Trust of 1999</u> bankruptcy case.  She does not mention these claims in her declaration.  As stated above, the validity of the Los Angeles Creditors' claims has been established.  Thus, Ms. Hujazi's complaints in that regard are not well-taken.  Ms. Hujazi does not appear to dispute that the amounts claimed by the Los Angeles Creditors have not been paid.  Accordingly, the Court concludes that Movants have met their burden of establishing that these debts were not being paid as they become due as of the petition date.

    **2.    Allen Hyman, Esq. and Michael Grodsky, Esq.**

Movants next assert that the attorney fee claims of petitioning creditors Mr. Grodsky and Mr. Hyman were not being paid as they became due.  The record contains the Declaration of Allen Hyman (Doc. 42) and the Declaration of Michael Grodsky (Doc. 44), each of which contains a detailed breakdown of the services performed for Ms. Hujazi, and the amounts owed for those services.  Ms. Hujazi raises several arguments in opposition to the assertion that Mr. Grodsky and Mr. Hyman hold claims that are not the subject of a bona fide dispute as to liability or amount.  First, Ms. Hujazi asserts that, because Mr. Grodsky and Mr. Hyman have filed claims in the <u>In re Zuercher Trust of 1999</u> bankruptcy case, that these claims cannot be asserted against Ms. Hujazi and are thus somehow subject to a bona fide dispute as to liability or amount.  Ms.

Hujazi provides no legal authority in support of this proposition, and the Court can find none.  The Zuercher Trust of 1999 is a self-settled trust created by Ms. Hujazi, for which she is the sole beneficiary.  Accordingly, Ms. Hujazi's creditors can seek satisfaction from the trust.  Doing so does not render such creditors' claims the subject of a bona fide dispute.

Next, Ms. Hujazi asserts that Mr. Grodsky and Mr. Hyman failed to provide her with a "notice of right to arbitration" as required by California Business and Professions Code section 6201.  That statute provides that an attorney's failure to provide its client with notice of their right to arbitrate under California law can constitute grounds for dismissal of an action against the client.  She contends that this failure constitutes grounds for dismissal of this action.  Again, Ms. Hujazi fails to city any authority to support this proposition, and the Court can find no authority that would permit state law to limit a creditor's right to file an involuntary petition under federal bankruptcy law.

Next, the opposition asserts that Mr. Grodsky and Mr. Hyman did not have a written fee agreement with Ms. Hujazi, and that the two-year statute of limitation on actions based upon oral contracts found in California Code of Civil Procedure 339 has expired.  This argument is not well-taken.  First, Ms. Hujazi has failed to provide any evidence in support of her claim that she did not have a written fee agreement with either Mr. Grodsky or Mr. Hyman.  The declaration of Monica Hujazi filed in support of the opposition makes no mention of the lack

of a written fee agreement with either attorney. The

declaration of her counsel Bradley Kass also filed in support

of the opposition states that "[i]n discovery productions in

this case, the Petitioning Creditors have not produced written

fee agreements covering all the alleged unpaid fees." This

statement, however, is not evidence that such agreements did

not exist. There is no indication that such agreements were

ever sought in discovery, and Ms. Hujazi has not affirmatively

stated that she did not enter into written fee agreements.

Because Ms. Hujazi has not supported her factual contention by

competent evidence as required by Rule 56, she has failed to

raise a genuine dispute of material fact on this issue.

Next, Ms. Hujazi asserts that, because she did not have a

written fee agreement with Mr. Grodsky and Mr. Hyman, that they

are entitled only to a "reasonable" fee for their services

pursuant to California Business and Professions Code section

6148(a). This would presumably create a dispute as to amount

such that nonpayment of these debts would be justified. Ms.

Hujazi is correct in that, under California law, an attorney

that anticipates fees exceeding $1,000 must provide a client a

written fee agreement. However, as above, Ms. Hujazi fails to

provide any evidence that she did not receive written fee

agreements from either Mr. Grodsky or Mr. Hyman. Further,

though Ms. Hujazi asserts in her declaration that she does not

believe their fees to be reasonable, she states no basis as to

why they are not reasonable, what a reasonable fee would be, or

which of the fees asserted are not reasonable. Absent such

evidence, Ms. Hujazi has failed to demonstrate a genuine

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

dispute of material fact on these issues.

Finally, Ms. Hujazi asserts that she holds offsetting claims against Mr. Hyman and Mr. Grodsky. Presumably, this too would render these claims subject to a bona fide dispute as to amount such that nonpayment of these debts would be justified. Ms. Hujazi correctly cites to the case of Chi. Title Ins. Co. v. Seko Inv., Inc. (In re Seko Inv., Inc.), 156 F.3d 1005 (9th Cir. 1998) for the proposition that counterclaims against a petitioning creditor can potentially defeat that creditor's claim in an involuntary. However, Seko does not state that a counterclaim creates a dispute as to any and all claims held by a petitioning creditor against an alleged debtor. Seko provides that a counterclaim for recoupment arising out of the same transaction that forms the basis for the petitioning creditor's claim essentially creates a defense and thus a bona fide dispute as to the validity of that claim. It also provides that such claim for recoupment can form the basis for not paying such a claim as it becomes due. Ms. Hujazi fails to provide any evidence, aside from her unsupported conclusory declaration, of any offsetting claims against Mr. Grodsky or Mr. Hyman. Further, Movants have established that each of these creditors holds multiple claims against Ms. Hujazi. For recoupment to be a defense, Ms. Hujazi would need to assert offsetting malpractice claims for every instance of representation for which the attorneys are owed. Ms. Hujazi has not done so here. Accordingly, the Court finds no genuine dispute of material fact on this issue, and concludes that Movants have met their burden of establishing that Mr. Grodsky

and Mr. Hyman are holders of unpaid claims that are not the subject of a bona fide dispute as to liability or amount.

**3.  Bank of America**

Movants next assert that Ms. Hujazi has failed to pay debts owed to Bank of America as they became due.  Movants assert that these debts arise from a May 2012 settlement agreement involving two promissory notes executed by Ms. Hujazi.  The settlement agreement required her to make payments beginning on June 15, 2012 through October 15, 2015.  Movants assert that she made none of the required payments, and that she also failed to make payments on the original underlying notes.  The settlement agreement provided that failure to make payments constituted an event of default that entitled Bank of America to immediate enforcement and acceleration of the original obligations.  Post-petition, Bank of America assigned the obligations to Fairview Investment Fund I, LLC.  The settlement authorized such an assignment.

In support of these assertions, Movants submitted the declaration of Nels Stemm.  Stemm is one of the principals of Fairview Investment Management LLC, the investment manager of Fairview Investment Fund I, LLC.  The declaration incorporates another Nels Stemm declaration filed in support of Fairview's motion for order confirming no stay in effect or for relief from stay filed in this case.  Attached to that declaration are the loan documents and the settlement agreement referenced above.  The declaration specifically states that no payments were made under the settlement agreement.

In opposition to this claim, Ms. Hujazi asserts that Bank

of America "unlawfully asserted multiple duplicate liens against multiple parcels," that litigation ensued, and that a settlement was allegedly reached.  She further alleges that Bank of America did not comply with the terms of the settlement and has allowed multiple liens to remain on the properties. Finally, Ms. Hujazi asserts that a settlement is not a qualifying debt under section 303(b).

As before, Ms. Hujazi has provided no evidence in support of her claims that Bank of America in some way failed to comply with the terms of its settlement agreement, and has failed to provide any evidence to controvert the facts established by Movants.  Further, Ms. Hujazi has cited no case law, and this Court can find none, in support of the proposition that an unpaid debt arising from a settlement agreement does not qualify for purposes of an involuntary petition under section 303.  Accordingly, Ms. Hujazi has failed to demonstrate the existence of a genuine dispute of material fact as to the validity of this creditor's claims.  The Court therefore concludes that Movants have met their burden of establishing that Bank of America is the holder of a qualifying claim under section 303, and that such debt was not being paid as it became due as of the petition date.

**4.   Wells Fargo Home Mortgage**

Next, Movants assert that Ms. Hujazi failed to make required payments to Wells Fargo Home Mortgage as they became due.  In support of this argument, Movants submitted Exhibit D to the Luscutoff declaration, which consists of Ms. Hujazi's mortgage statements.  These statements establish that Ms.

Hujazi was frequently late paying the loan to Wells Fargo Home
Mortgage secured by 1016 San Raymundo Road, Hillsborough,
California.  Ms. Hujazi asserts that these documents show that
she was making ongoing payments, thus defeating the Motion.
She does not dispute the validity of this debt.

While Ms. Hujazi is correct in that the mortgage
statements do show that she was paying Wells Fargo Home
Mortgage, such payments were frequently past their due date.
These documents establish that Ms. Hujazi, pre- and post-
petition, frequently made payments when it was convenient for
her, and not when they were due.  Accordingly, the Court finds
and concludes that Ms. Hujazi was not paying this obligation
when due as of the petition date.

**5.    The Michael Joseph Profit Sharing Plan**

Movants assert in the Motion that Ms. Hujazi borrowed
$350,000 from the Michael Joseph Profit Sharing Plan on
February 4, 2010.  The note required 35 monthly payments of
$3,333.13 beginning April 1, 2010, and a balloon payment on
March 1, 2013.  Movants assert that Ms. Hujazi failed to make
the balloon payment, and instead submitted a check of $3,400 on
March 7, 2013, which was returned for insufficient funds.
During the payment period, three checks were returned for
insufficient funds, one check could not be deposited because it
was made out to "Michael Phillips," and payments were erratic.
Thirteen payments were late, some by 10 days, and some by over
60 days.  In support of these allegations, Movants submit the
declaration of Michael Joseph, and the deposition of Ms.
Hujazi.

In response, Ms. Hujazi does not dispute the validity of this debt.  Instead, she acknowledges that the balloon payment was due on March 1, 2013, the day that the involuntary petition was filed.  Therefore, Ms. Hujazi's failure to make this payment is justified because of the filing of the involuntary petition.

With regards to this debt, the Court agrees with Ms. Hujazi.  While some payments were late, Ms. Hujazi was generally paying this debt as it became due as of the petition date.  Her failure to make the balloon payment on March 1, 2013 cannot be counted against her because of the filing of the involuntary petition.

### 6.    Otto Miller

Movants assert that, on April 6, 2012, Ms. Hujazi executed a promissory note of $235,000 as a result of a litigation settlement with Otto Miller.  The note required Ms. Hujazi to make seven installment payments of $34,133.29 beginning October 1, 2012.  Movants further assert that, as of the petition date, Ms. Hujazi had failed to make six of the payments, and that as of November 26, 2014, she had failed to make any of the payments.  These facts are support by the declaration of Otto Miller filed in support of the Motion.

In response to this claim, Ms. Hujazi asserts that the claim is disputed because the settlement agreement has not been finalized.  She fails, however, to explain how the settlement agreement is not valid, and fails to offer any evidence in support of this proposition.  Ms. Hujazi also argues that Mr. Miller unlawfully foreclosed on property located at 2141 Forest

View Avenue, Hillsborough, California.  She fails to indicate, however, how that act, which occurred post-petition, justifies nonpayment of the pre-petition settlement agreement obligation. Finally, she again argues that a settlement agreement is not a qualifying debt under section 303(b), but offers no support for this assertion.

As detailed in the declaration of Otto Miller, the settlement agreement required Ms. Hujazi to secure the promissory note she provided Mr. Miller with a deed of trust against the 2141 Forest View Avenue property.  After execution of the settlement agreement, Mr. Miller discovered that the property was held in the name of 2141 Forest View LLC and filed a motion to enforce the terms of the settlement agreement in the state court proceeding.  The state court granted that motion, ordering Ms. Hujazi to execute a deed of trust on behalf of 2141 Forest View LLC.  When Ms. Hujazi failed to do so, the state court ordered the clerk of court to execute the deed of trust, which was later recorded on May 16, 2012.  Ms. Hujazi offers no evidence or argument that would invalidate the actions of the state court, or that would show she has taken any action to challenge the validity of the settlement agreement.

Movants have met their burden of establishing the existence of an unpaid debt to Mr. Miller that is not the subject of a bona fide dispute.  Ms. Hujazi has failed to offer any evidence to create a genuine dispute of material fact.[5]

---

[5] The Court notes that it appears Mr. Miller was paid out of the post-petition proceeds of the sale of the 2141 Forest View property.  However, subsequent satisfaction of the debt does not prevent the debt from qualifying for

1  Accordingly, the Court concludes that Mr. Miller is the holder

2  of a qualifying claim that was not being paid as it became due

3  as of the petition date.

4      **7. Bianka McGuigan**

5      As discussed above, the Court has concluded that Ms.

6  McGuigan is the holder of a judgment that has not been paid.

7  Ms. Hujazi's assertions that the judgment was entered by

8  default do not justify nonpayment of the debt.  She has offered

9  no evidence to suggest that the judgment is invalid, or that

10  she has otherwise taken steps to vacate the default.

11  Accordingly, the Court concludes that Movants have met their

12  burden of establishing that Ms. McGuigan is the holder of a

13  qualifying debt that was not being paid as of the petition

14  date.

15      **8. American Express**

16      This debt was disclosed in Ms. Hujazi's list of creditors

17  as not being the subject of a bona fide dispute as to liability

18  or amount.  Thus, it is a qualifying debt.  Movants concede

19  that this debt was being paid, but assert that the payments

20  were made using checks that were returned for insufficient

21  funds, and that the payments were frequently late.  Ms. Hujazi

22  asserts that her American Express bill has been paid for years.

23      In support of their assertions, Movants have submitted

24  Exhibit I to the Luscutoff Declaration, which includes Ms.

25  Hujazi's answers to interrogatories.  However, it appears that

26  almost all of the pages from this exhibit are missing (only

27  _____

28  purposes of an involuntary. <u>Bartmann v. Maverick Tube Corp.</u>, 853 F.2d 1540,
1544 (10th Cir. 1988) ("Post-petition payment of a debt does not affect
whether the debt is subject to a bona fide dispute.").

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

pages 1 and 16 were provided).  The Motion also cites to Ms.
Hujazi's deposition, in which she does verify that a check was
returned for insufficient funds.  Finally, the Motion cites to
Exhibit B to the Luscutoff declaration, which consists of Ms.
Hujazi's American Express statements.  These statements
establish that the January 2013 and February 2013 payments'
"posting dates" were slightly after their due dates.  This does
not, however, establish that these bills were definitively paid
after their due date.

**9.   Robert Wrinkle**

Mr. Wrinkle is a tax attorney that Ms. Hujazi hired in
2010 and 2011 to prepare her tax returns.  Movants assert that
Ms. Hujazi failed to pay debts owed to Mr. Wrinkle as they
became due.  In her opposition, Ms. Hujazi asserts that Mr.
Wrinkle is still employed by her, and that if payments were not
being received timely, he would not still be providing
services.  She also asserts that an attorney client
relationship is a "special relationship" and that the Motion
fails to properly explain that relationship.

In support of this debt, Movants offer the declaration of
Robert Wrinkle.  The declaration establishes that, on December
28, 2012, Mr. Wrinkle sent Ms. Hujazi an invoice for $12,055
for his services. As of March 1, 2013, no payments had been
made on that invoice.  Later in March, he received a check from
Uptown/Sterling Towers LLC, which he deposited.  For over a
year after that, no payments were received.  In July 2014, Ms.
Hujazi provided two checks for $2,500 each, one from
Uptown/Sterling and the other from Bay Cities Properties as

1  payors.  One of the checks bounced.  In July 2015, Ms. Hujazi
2  made another $2,500 payment at Mr. Wrinkle's office, and asked
3  him to do more tax work for her.

4      Ms. Hujazi also submitted a declaration from Robert
5  Wrinkle.  This second declaration clarifies that counsel for
6  Recoverex prepared the original declaration for Mr. Wrinkle's
7  signature, but does not otherwise contest the truthfulness of
8  its contents.  It also explains that Mr. Wrinkle does not
9  recall having given Ms. Hujazi an explicit deadline to pay him.

10      The Wrinkle declarations establish that Ms. Hujazi owed a
11  debt to Mr. Wrinkle, and that she failed to pay that debt at
12  the time it was invoiced.  Ms. Hujazi fails to provide any
13  evidence to dispute that a debt was owed to Mr. Wrinkle, or
14  that such debt was not due when invoiced.  Accordingly, the
15  Court concludes that Movants have met their burden of
16  establishing that Mr. Wrinkle holds a qualifying debt, and that
17  Ms. Hujazi had not paid that debt as it became as of the
18  petition date.

19      **10.   George Eschoo**

20      George Eschoo is a litigation attorney who Ms. Hujazi
21  hired to represent her in a tenant case in Los Angeles, and
22  then in a variety of other matters.  Movants assert that Ms.
23  Hujazi owed debts to Mr. Eschoo pre-petition that she failed to
24  pay as they became due.  As with Mr. Wrinkle, Ms. Hujazi
25  asserts that Mr. Eschoo is still employed, and would not still
26  be employed had he not been timely paid for his services.

27      In support of the Motion, Movants submit the declaration
28  of George Eschoo.  This evidence establishes that Mr. Eschoo

**ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT**

regularly sent bills to Ms. Hujazi, which totaled $280,000 as
of February 28, 2013. As with the claims of Mr. Wrinkle, Ms.
Hujazi fails to provide any evidence to dispute that a debt was
owed to Mr. Eschoo, or that such debt was not due when
invoiced. Accordingly, the Court concludes that Movants have
met their burden of establishing that Mr. Eschoo holds a
qualifying debt, and that Ms. Hujazi had not paid that debt as
it became due as of the petition date.

**11. Lloyds of London**

Movants assert in the Motion that Ms. Hujazi is liable for
and has not paid a $1,000,000 debt owed to Lloyds of London.
On October 17, 2012, the San Mateo County Superior Court
entered a statement of decision against Ms. Hujazi and the
Zuercher Trust of 1999 for fraud damages totaling $1,000,000.
Movants state that a judgment was never entered due to the
filing of the In re Zuercher Trust of 1999 bankruptcy case.
The statement of decision is submitted as Exhibit F to the
Luscutoff declaration, and through request for judicial notice
no. 10. Movants further assert that the statement of decision
establishes liability even though no judgment had been entered,
and that Ms. Hujazi has not paid this debt.

Ms. Hujazi asserts that because no judgment has been
entered, nothing is due to Lloyds of London. She further
asserts that the claim is disputed, and that it will continue
to be litigated in state court.

The Court finds that Movants have failed to establish that
Lloyds of London is the holder of a claim that is not the
subject of a bona fide dispute as to liability or amount.

Movants cite to California law for the proposition that they would be entitled to a judgment based upon the statement of decision. <u>Leiserson v. City of San Diego</u>, 184 Cal. App. 3d 41, 47-48 (Cal. App. 4th Dist. 1986). However, the <u>Leiserson</u> case simply is not applicable to these facts. <u>Leiserson</u> involved a situation where the judge issued an "intended decision" but died before entry of judgment. The appellate court found that a new judge could enter judgment, not that a party was entitled to judgment by virtue of the intended decision. As stated by another California court, "a court is not bound by its statement of intended decision and may enter a wholly different judgment than that announced." <u>In re Marriage of Ditto</u>, 206 Cal. App. 3d 643, 646-47 (Cal. App. 4th Dist. 1988). Movant's sole support for this claim is the statement of decision. However, because this claim has not been reduced to judgment, and because Movants provide no other factual support, the Court cannot find that no genuine dispute of material fact exists as to Ms. Hujazi's liability on this claim.

### 12. Commonwealth Land Title Insurance Company

Movants assert that Ms. Hujazi agreed in writing to indemnify Commonwealth Land Title Insurance Company ("Commonwealth") against loss or damages arising from the insurance Commonwealth gave to Ms. Hujazi's construction lender Cathay. After being forced to defend two Los Angeles lawsuits by mechanics lien claimants, Commonwealth demanded reimbursement of the defense costs totaling $54,811. On January 18, 2012, Commonwealth filed a complaint against Ms. Hujazi in state court. In support of the Motion, Movants have

submitted the state court complaint of Commonwealth as Exhibit
G to the Luscutoff declaration and request for judicial notice
no. 11, and the declaration of Lewis Silver, which includes a
copy of Commonwealth's agreement with Ms. Hujazi.

Ms. Hujazi asserts in her declaration that no monies are
owed to Cathay bank, and that no indemnification is owed by
her. She also asserts, without any evidence or argument in
support, that a claim by Commonwealth is barred by the statute
of limitations.

Based upon the evidence submitted by Movants, Movants have
met their burden. Ms. Hujazi has submitted no evidence which
would raise a genuine dispute of material fact as to validity
of the agreement apart from her conclusory statements, and has
failed to submit any argument or evidence as to why the claim
of Commonwealth is invalid. Accordingly, the Court concludes
that Commonwealth is the holder of a qualifying debt that was
due and unpaid at the time of the filing of the petition.

### 13. Andrew Kim

As noted above, the Court has concluded that Mr. Kim is
the holder of a judgment that has not been paid. Ms. Hujazi
does not address Mr. Kim's debt in her opposition, and she has
offered no evidence to suggest that the judgment is invalid.
Accordingly, the Court concludes that Movants have met their
burden of establishing that Mr. Kim is the holder of a
qualifying debt that was not being paid as it became due as of
the petition date.

### 14. Pacific Gas & Electric

Finally, Movants assert that Ms. Hujazi failed to timely

**ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT**

make payments to Pacific Gas & Electric in the two months prior to the petition date.  This debt was disclosed in Ms. Hujazi's list of creditors as not being the subject of a bona fide dispute as to liability or amount, and thus is a qualifying debt under section 303.  To establish the untimely payments, the Motion cites to Exhibit I to the Luscutoff declaration, which purports to be Hujazi's answers to interrogatories. However, as noted above, it appears that almost all of the pages from this exhibit are missing.  Ms. Hujazi asserts that Movants have failed to meet their burden due to lack of proof. The Court agrees.  Given the lack of evidence, the Court cannot find that Ms. Hujazi has not been paying this bill as it become due.

**D.   Ms. Hujazi's ancillary arguments are not well-taken**

Finally, Ms. Hujazi makes several arguments in her opposition to the Motion that challenge the sufficiency of the Motion on a number of collateral bases.  First, Ms. Hujazi asserts that the Original Petitioning Creditors were barred from filing this case by the automatic stay in the In re Zuercher Trust of 1999 bankruptcy case.  The Court disagrees. While the Original Petitioning Creditors listed "Zuercher Family Trust" and "the Zuercher Trust of 1999" as "akas" on the involuntary petition, such a listing does not extend the benefits of the automatic stay in that case to Ms. Hujazi personally.  Further, under the home court rule, even if this action were somehow construed to be an action against the Zuercher Trust of 1999, the petition would still be proper. Prewitt v. North Coast Village, Ltd., (In re North Coast

Case: 13-30477   Doc# 341   Filed: 11/30/15   Entered: 11/30/15 15:57:41   Page 26 of 29

1 | Village, Ltd.), 135 B.R. 641, 643 (B.A.P. 9th Cir. 1992).

2 |     Next, Ms. Hujazi asserts that the Motion should be denied
3 | because Recoverex has failed to establish that it has standing
4 | to be a petitioning creditor and thus seek summary judgment.
5 | She argues that since the Motion fails to establish that
6 | Recoverex holds a claim against Ms. Hujazi, it cannot seek
7 | entry of an order for relief.  She also argues that the Motion
8 | should be denied as a bad faith filing because Recoverex does
9 | not hold a claim against Ms. Hujazi.  The Court disagrees.  As
10 | noted above, petitioning creditors Grodsky, Hyman, Kim, and
11 | McGuigan have each joined in the Motion.  Since the Court has
12 | determined that each of these creditors qualifies for purposes
13 | of section 303, Ms. Hujazi's arguments are moot.

14 |     Finally, Ms. Hujazi argues that the Motion should be
15 | denied because Movants have failed to "establish the financial
16 | condition and debt structure."  Ms. Hujazi cites Vortex for the
17 | proposition that "[a] finding that a debtor is generally not
18 | paying its debts 'requires a more general showing of the
19 | debtor's financial condition and debt structure than merely
20 | establishing the existence of a few unpaid debts.'"  Vortex,
21 | 277 F.3d at 1072 (quoting In re Dill, 731 F.2d 629, 632 (9th
22 | Cir. 1984)).  While the Court agrees with the law cited by Ms.
23 | Hujazi, it does not agree that Movants have failed to establish
24 | the elements necessary for involuntary relief.

25 |     Applying the totality of the circumstances analysis
26 | prescribed by the Ninth Circuit, the Court concludes that
27 | Movants have met their burden of establishing that Ms. Hujazi
28 | has been generally not paying her debts as they become due, and

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

that Ms. Hujazi has failed to raise a dispute of material fact
sufficient to warrant a trial on the merits.  Accordingly,
Movants are entitled to summary judgment on this issue.  Ms.
Hujazi is the subject of several unpaid judgments, and has
failed to pay several professionals she has employed over the
years.  Though not as severe, Movants have also established
that Ms. Hujazi has an inability to make recurring monthly
payments on a timely basis.  While it is true that she has paid
some of her creditors, the question of whether an alleged
debtor has been generally paying debts as they become due
requires the Court to look at all of Ms. Hujazi's debts and the
circumstances in which payments are made.  Doing so, it becomes
clear that Ms. Hujazi has made it a common practice to pick and
choose which debts to pay and which not to pay, and to bounce
checks or make excuses when timely payment is not possible.  On
this basis, the Court concludes that entry of an order for
relief under section 303 is warranted.   Accordingly, the Court
hereby **GRANTS** Movants' Motion.

**\*\*END OF ORDER\*\***

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

## Court Service List

Michael E. Grodsky
c/o Law Offices of Michael E. Grodsky
5900 Wilshire Blvd #2600
Los Angeles, CA 90036

Allen Hyman
c/o Law Offices of Allen Hyman
10737 Riverside Dr
North Hollywood, CA 91602

Harold Greenberg
Law Firm of Harold Greenberg
2263 S. Harvard Blvd
Los Angeles, CA 90018

Craig W. Heidig
541 Lancaster Way
Redwood City, CA 94062

Benjamin G. Ramm
BASTA, Inc.
2500 Wilshire Blvd. # 1050
Los Angeles, CA 90057

Wendy A. Loo
Los Angeles City Attorney's Office
200 North Main Street, Suite 920
Los Angeles, CA 90012