SIDNEY A. LUSCUTOFF (096943) sidney.luscutoff@lla-law.com
LUSCUTOFF, LENDORMY & ASSOCIATES
601 Montgomery Street, Suite 1088
San Francisco, California 94111

Tel:  (415) 989-7500
Fax:  (415) 989-1465

*Attorneys for Creditor* Recoverex Corporation

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br><br>Monica H. Hujazi,<br><br>            Debtor. | Case No. 13-30477 HLB<br>Chapter 7<br>Hon. Hannah L. Blumenstiel<br><br>**OBJECTION AND REQUEST FOR HEARING RE: TRUSTEE'S MOTION [DOCKET #499] TO COMPROMISE CONTROVERSY WITH DEBTOR** |

Petitioning Creditor Recoverex Corporation hereby OBJECTS to, and REQUESTS A HEARING on, the Trustee's pending November 29, 2016 "Motion To Compromise Controversy With Debtor" that appear in the Court's docket as Docket #499. The declaration of Sidney A. Luscutoff is filed as support for this opposition.

**OVERVIEW OF RECOVEREX' OBJECTION**

(1) The Trustee's motion to compromise lacks evidentiary support.  In fact, no evidence is provided to the Court (and creditors) to evaluate the many and several elements of a compromise that the Trustee describes as "a number of moving parts". Docket #499 at Page 4, Line 8.

(2) For several of these 'moving parts', the available facts contradict or, at least, undercut the

1     unsupported assertions/conclusions in the Trustee's motion.

2 (3) The 'alter ego' analysis contemplated by *In re Schwarzkopt* (9th Cir. 2010) 626 F.3d 1032 at 1039-1040 must take place before the Trustee reaches any compromise with respect to the debtor's self-settled trust known as "The Monica Hujazi Trust".

(4) The value of the debtor's one-third interest in her recently (November 2013) deceased mother's estate, including the underlying value of the mother's *multi-million dollar* estate, should first be reliably discovered, disclosed to creditors and disclosed to the Court before the Trustee proposes to compromise that asset.

(5) The ascertainable value and marketability of certain assets, notably the debtor's several vehicles like a $250,000+ McLaren automobile, has not been disclosed nor discussed.

(6) One of the litigation claims scheduled for abandonment will yield increased dividends to creditors if that claim is retained by the estate.

(7) This Chapter 7 estate is entitled to receive optimal value for each of the assets being "sold" as part of the proposed compromise; and there is no evidence the proposed compromise accomplishes that.

## II. OBJECTIVE DEFICIENCY IN TRUSTEE'S MOTION

There is no evidence presented with the Trustee's motion. On that basis alone the motion must be denied.

In order to approve the Trustee's proposed compromise, not to mention a compromise with so many moving parts, this Court must make findings. The absence of evidence creates a circumstance where the Court is not able to make these findings. See discussion: *In re Debilio* (9th Cir. BAP, 2014) BAP No. CC-13-1441. Reported at 2014 WL 4476585 and cited here for persuasive value.

Because the Trustee provides no evidence to the Court, i.e. to support required findings, approval of this compromise would be outside this Court's discretion.

## III. AVAILABLE FACTS DO NOT WARRANT COMPROMISE

Neither the creditors nor this Court have been presented with evidence of the underlying

assets, etc. and other "moving parts" which are lumped into the proposed compromise. However, there is at least one element to this compromise (vehicle ownership) which is objectively contradicted by 2015 deposition testimony of Monica Hujazi herself.

The Trustee's compromise points to an undefined potential quarrel over ownership of several vehicles that appear to be registered in the debtors' name. Instead of confronting the debtor, the Trustee instead proposes the wholesale abandonment to the debtor of all four (4) of these vehicles; including a very valuable 2006 Mercedes "McClaren" automobile. This doesn't pass muster.

The debtor, Monica Huazi herself, has already testified that she purchased one of the four vehicles – a 2006 McClaren automobile – when it was about six months old. Ref. Debtor's transcribed testimony attached as Exhibit "A" to the Declaration of Sidney Luscutoff filed with this opposition.

The debtor's own testimony is that she paid for the McClaren vehicle through a transaction with Manhattan Leasing company; and that there is no remaining amount owed on the McClaren vehicle. See transcript attached to Luscutoff Declaration, at Exhibit "A" at transcript pages 211-212, and 218-221.

Meanwhile, in that same testimony, the debtor has acknowledged that she *gifted* the 2006 McClaren vehicle to her daughter (Jacquelyn) one month post-petition in April 2013. This post-petition gift was on the occasion of Jacquelyn's sixteenth (16th) birthday.

The available internet references reveal that this McClaren vehicle may have a value of over $250,000. Ref. Luscutoff Declaration at Exhibit "B". The Trustee's proposed abandonment of the four (4) noted vehicles would therefore deprive this Chapter 7 estate of something approaching $275,000.

As to the McClaren vehicle, the Trustee proposes to abandon it because the "Debtor has asserted that the Vehicle does not belong to her but rather belongs to her daughter". Docket #499 at Page 4, Lines 12-13.

Such an "assertion" by Monica Hujazi is not evidence; and it is not proof of anything. On

**OBJECTION TO MOTION TO COMPROMISE CONTROVERSY       - 3 -       CASE NO. 13-30477 HLB**

the other hand, the sworn deposition testimony of Monica Hujazi confirms that the debtor's post-petition gift of the valuable McClaren automobile to daughter Jacquelyn (and that still may be registered in the debtor's own name) should be disregarded.

The proposed compromise should not be approved, if only because of the unsupported (and unsupportable) give-away of this quarter-million-dollar asset. While it may be axiomatic that Ms. Hujazi is not a compliant or cooperative debtor, the Trustee's unwillingness to confront Ms. Hujazi with the facts should not be countenanced. This McClaren automobile and all the debtor's vehicles should be immediately surrendered to the Trustee for liquidation on the open market.

### IV. ALTER EGO ANALYSIS OF AN UNIDENTIFIED "FAMILY TRUST"

The compromise makes reference to complications involved in a "Probate Matter" for the estate of Helena Hujazi, the debtor's mother. Specifically, the Trustee's motions avers that the "…issue is complicated because the monies were paid to the Debtor in her capacity as a trustee of a family trust." Docket #499 at Page 5, Lines 22-23. No details are given, including the identity of this trust.

Deposition testimony of Monica Hujazi in connection with adversary proceedings in the Zuercher Trust bankruptcy suggest that this unidentified trust is an entity called "The Monica H. Hujazi Trust". Those adversary proceedings were brought by the trustee of the Zuercher bankruptcy in order to unwind certain fraudulent conveyances of Zuercher Trust real estate to limited liability companies formed by Monica Hujazi. A transcript of one of those depositions reveals that Ms. Hujazi placed the membership interests of two of her LLCs [S.F. Corners, LLC and North Oxford Bright Horizons, LLC] into her own hands as "Trustee of the Monica H. Hujazi Trust."

This transcript is attached as Exhibit "C" to the Luscutoff Declaration filed with this opposition.

Document production in the Zuercher Trust case also surfaced two amendments to operating agreements for the Peninsula Commons LLC and the SF Corners LLC which changed the identity of the "Member" of each of those LLCs to Monica Hujazi, Trustee for the Monica Hujazi Trust".

These two documents "Hujazi – 0490" and "Hujazi – 0491" are also attached to the Luscutoff declaration at Exhibit "D"

This trust, The Monica H. Hujazi Trust, therefore appears to be part of a constellation of entities used by the debtor to conceal assets and to hinder and delay collection efforts by the debtor's many creditors.

Under the circumstances, and until a proper investigation is first accomplished, no compromise should be approved that (directly or indirectly) operates to benefit or relinquish this estate's interest to the unidentified "family trust"; including, but not limited to, The Monica H. Hujazi Trust.

At the very least, the Trustee should engage in a thorough Rule 2004 Examination of dealings and transactions by the debtor in her capacity as Trustee of the Monica H. Hujazi Trust. Perhaps this trust was established innocently; or, perhaps, it was the initial step in a plan to "protect" assets from creditors at a time that Ms. Hujazi was insolvent. If that is proved, the trust should be disregarded.

See: *In re Schwarzkopf* (9th Cir., 2010) 626 F.3d 1032, at 1037.

But the analysis does not end there. Independent of 'why' this trust was established is the question of "how" it has been operated. Upon analysis, this trust might well be the *alter ego* of debtor Monica Hujazi. *In re Schwarzkopf, supra, at 1038 – 1040*.

In that event, the assets of this trust would be treated as the assets of this Chapter 7 estate. Only a careful analysis of its financial transactions will reveal whether this is the case. No compromise of this estate's claims/rights in the unidentified "family trust" should be considered until such an analysis is done by the Trustee, with the Court's intervention as necessary.

### IV. ESTATE OF HELENA W. HUJAZI, DECEASED

As noted before, the Trustee's motion is bereft of facts and figures and appraisals, including those necessary to evaluate the proposed compromise of this estate's interest in the debtor's inheritance from her mother.

Recoverex believes that a careful investigation of the estate of the debtor's recently deceased

mother, Helena Hujazi, will reveal that the debtor's one-third interest in that estate is extremely valuable. This is because of two things:

First. There is the intrinsic value of Helena Hujazi's estate. Based on information received from counsel for the administrator of the Helena Hujazi estate, the November 2013 value of the estate was over $4.0 million dollars. See Exhibit "E" to Declaration of Sidney Luscutoff filed with this opposition.

Today's value of the assets in the decedent's estate must be ascertained before any compromise takes place. The debtor is apparently entitled to upwards of one-third of that estate.

Second. There is hidden value for the debtor in the decedent's two LLCs, i.e. Sylvia-Hujazi and Commercial-Hujazi. Operating agreements for the two (2) LLCs which hold the decedent's assets apparently include a proviso which entitles the debtor to purchase the LLC membership units of the decedent's husband, Issa Mohammad (a one-third owner of the LLCs). More importantly, that purchase price is the value of the LLC real estate assets measured as of the date of creation of the LLCs in early 2008, i.e. almost nine years ago. Given the run-up of real estate values in the Bay Area this is conceivably a seven-figure bargain.

## V. DEBTOR'S AUTOMOBILES AND JEWLERY, ETC. SHOULD NOT BE ABANDONED

Bankruptcy trustees routinely liquidate personal property assets, including vehicles.

There is nothing before the court to suggest that the debtor's jewelry and four (4) vehicles can not be immediately and routinely sold and turned into cash. If the stumbling block is the debtor's refusal to cooperate with the Trustee, this Court has ample authority and power to encourage and require the debtor's cooperation.

The proposed compromise is a give-away of assets with real value. (As noted above, the Mercedes McClaren by itself is worth more than a quarter million dollars.) And there is no objectively comparable or demonstrable benefit received in return.

### VI. TRUSTEE SHOULD NOT ABANDON S.F. SUPERIOR CASE #513683

Abandoning this S.F. Superior Court case (against Recoverex's assignor) to the debtor produces no identified value to the estate or its creditors.

Instead, if the compromise is *not* approved, the Trustee has an opportunity to achieve a substantial (six-figure) reduction of the claim of creditor Recoverex in exchange for a dismissal of that proposed-to-be-abandoned S.F. Superior Court case. Such a claim reduction would yield a corresponding benefit to the remaining creditors of this estate.

As discussed in the Declaration of Sidney Luscutoff, Recoverex was late in responding to the Trustee's overture for such a negotiated settlement. (By that time, the Trustee had already entered into her agreement for the compromise that is proposed now.) The Trustee's overture reminded Recoverex that any such settlement would be exposed to potential overbids.

Meanwhile, the Trustee's proposed compromise and abandonment of claims amounts to a 'sale' of debtor's pre-petition claims (in this S.F. Superior case and against HWZ Properties) back to the debtor. Because of this, "a bankruptcy court is obliged to consider … whether any property of the estate that would be disposed of in connection with the settlement might draw a higher price through a competitive process and be the proper subject of a section 363 sale." (citations omitted) *In re Berkeley Delaware Court, LLC* (9th Cir. 2016) 834 F.3d 1036 at 1040.

Of course, the Court is not able to make such a determination since the Trustee does not provide evidence or analysis of claims in this S.F. Superior Court case or of the other claims (such as against HWZ Properties) that are being abandoned, i.e. 'sold', as part of the debtor's negotiated compromise.

### VII. "SALES" TO DEBTOR SHOUD RECEIVE CLOSE SCRUTINY

The proposed compromise is tantamount to a 'sale' *to* the debtor of the estate's claims *against* the debtor, i.e. vis-à-vis The Monica H. Hujazi Trust and the Estate of Helena Hujazi, deceased. Likewise, it amounts to a 'sale' of the estate's four (4) vehicles to the debtor.

"The trustee (and, ultimately, the bankruptcy court) must assure that the estate receives optimal value as to the asset to be sold." *In re DeBilio*, supra, citing to *In re Lahijani* (9th. Cir. BAP, 2005) 325 B.R. 282 at 288-289.

Notwithstanding deference accorded to Chapter 7 trustees, "… in the face of stakeholder opposition, the bankruptcy court must take greater care in approving the sale." *Ibid.*

This metric of care augers in favor of something *much more than* the Trustee's acceptance of "assertions" from the debtor. Under authority of the Bankruptcy Code and Rule 2004, the debtor should be required to cooperate and provide the Trustee and this Court with actual evidence and financial/transaction records; not mere assertions.

## CONCLUSION

With all of these things in mind, Recoverex urges that this Court deny the pending motion for a compromise. It is fatally deficient.

To be sure, no action should be taken to approve any such compromise until the debtor first provides the information necessary to measure the debtor's assets, accounts and activities (and those of The Monica Hujazi Trust) against the rubrics/tests enunciated by the Ninth Circuit Court of Appeals decision of *In re Schwarzkopf*, *supra*.

DATED: December 20, 2016          LUSCUTOFF, LENDORMY & ASSOCIATES


By: /s/ Sidney A. Luscutoff
    SIDNEY A. LUSCUTOFF
    Attorneys for Creditor Recoverex Corporation

**OBJECTION TO MOTION TO COMPROMISE CONTROVERSY** - 8 -          **CASE NO. 13-30477 HLB**

Case: 13-30477   Doc# 521   Filed: 12/20/16   Entered: 12/20/16 17:53:19   Page 8 of 8