# UNITED STATES BANKRUPTCY COURT

__Northern__ District of __California__

In re __Monica H. Hujazi__
Debtor

Case No. __13-30477-HLB__

Chapter _____

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Debtor Monica H. Hujazi, individually and in each of her representative capacities; and as a beneficiary of one or more trusts, including The Monica H. Hujazi Trust, Zuercher Irrevocable Trust, The Zuercher Trust of 1999.**

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE **Law Firm of Harold Greenberg**<br>**2263 S. Harvard Blvd., Los Angeles, CA 90018** | DATE AND TIME<br>**August 23, 2017 at 10:00am** |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **July 24, 2017**

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
**Harold Greenberg**, who issues or requests this subpoena, are:
**Hedy Ghavidel, Law Firm of Harold Greenberg, 2263 S. Harvard Blvd., Los Angeles, CA 90018, hedy@lawfirmofhg.com, 323-732-9536**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows: __**By personal service**__
_____
_____ on *(date)* __**July 24, 2017**__ ; or

[ ] I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: __**July 24, 2017**__

_____
*Server's signature*

**Hedy Ghavidel**
*Printed name and title*

**2263 S. Harvard Blvd., Los Angeles, CA 90018**
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**LAW FIRM OF HAROLD GREENBERG**
*2263 South Harvard Boulevard*
*Los Angeles, CA 90018-2143*
*Telephone: (323) 732-9536*
*Facsimile: (323) 732-0803*

*Harold Greenberg, Esq. (SBN: 40827)*
*Hedy Ghavidel, Esq. (SBN: 302335)*

*Attorneys for Petitioner-Creditor,* HAROLD GREENBERG

# EXHIBIT "A"

## Monica Hujazi Document Subpoena

### CATEGORIES OF DOCUMENTS TO LABEL AND PRODUCE

1. All monthly and other bank statements, dated on or after January 1, 2008, for each and all financial institution accounts and bank accounts maintained by Monica Hujazi in her capacity as Trustee of the Monica Hujazi Trust.

2. All monthly and other bank statements, dated on or after January 1, 2008, for each and all financial institution accounts in which the Monica Hujazi Trust held an interest.

3. Deposit account records (including Quickbooks reports) for each check from any financial institution which is dated on or after January 1, 2008 and where the check was made payable to the Monica Hujazi Trust and/or to Monica Hujazi as Trustee of the Monica Hujazi Trust.

4. Deposit account receipts and records (including Quickbooks reports) for bank deposits of each check written on an account of Commercial Hujazi, LLC bearing the name "Monica" in the payee line. These checks include, but are not limited to, the following:

| Commercial Hujazi Check Date | Check Number | Amount |
|---|---|---|
| 09/02/2008 | 1004 | 2,500.00 |
| 03/06/2009 | 1015 | 3,529.41 |
| 05/06/2009 | 1023 | 5,000.00 |
| 06/15/2009 | 1029 | 4,000.00 |
| 11/04/2009 | 1038 | 4,500.00 |
| 02/09/2010 | 1050 | 1,000.00 |
| 03/12/2010 | 1055 | 1,325.00 |
| 04/01/2010 | 1062 | 31,875.13 |

(list continued on next page)

| Date | Check Number | Amount |
|---|---|---|
| 06/11/2010 | 1075 | 11,250.00 |
| 01/12/2012 | 1098 | 5,000.00 |
| 04/25/2012 | 1113 | 12,500.00 |
| 06/18/2016 | 1162 | 7,000.00 |
| 09/21/2015 | 1168 | 3,500.00 |
| 12/22/2015 | 1173 | 2,500.00 |
| 05/11/2016 | 1181 | 93,184.52 |
| 06/23/2016 | 1186 | 2,500.00 |
| 09/08/2016 | 1191 | 93,184.52 |
| 03/14/2017 | 1203 | 36,270.50 |

5. Deposit account receipts and records (including Quickbooks reports) for bank deposits of each check written on an account of Sylvan Hujazi, LLC bearing the name "Monica" in the payee line. These checks include, but are not limited to, the following:

| Sylvan Hujazi Check Date | Check Number | Amount |
|---|---|---|
| 08/04/2009 | 1006 | 9,500.00 |
| 03/12/2010 | 1019 | 1,875.00 |
| 01/12/2012 | 1040 | 10,000.00 |
| 06/18/2015 | 1081 | 12,500.00 |
| 09/21/2015 | 1088 | 5,000.00 |
| 12/22/2015 | 1092 | 4,000.00 |
| 04/04/2015 | 1098 | 4,000.00 |
| 05/23/2016 | 1103 | 4,000.00 |
| 03/12/2017 | 1111 | 11,550.00 |

6. Copies of each deposit receipt, including electronic receipts, for deposits made, on or after January 2008, into a bank or financial institution account owned by the Monica Hujazi Trust.

7. Images of each check dated on or after January 2008, issued on an account owned by the Monica Hujazi Trust at any financial institution or bank, where the payee of that check was Monica Hujazi as an individual.

8. Images of each check dated on or after January 2008, issued on an account owned by the Monica Hujazi Trust at any financial institution or bank, where the payee of that check was Monica Hujazi in a representative capacity.

9. Images of each check, dated on or after January 2008, issued on an account owned by the Monica Hujazi Trust where that check was made payable to an entity or person other than Monica Hujazi as an individual.

10. Each organizational chart or similar document depicting Monica Hujazi vis-a-vis either the Monica Hujazi Trust or Sylvan Hujazi, LLC or Commercial Hujazi, LLC.

11. The trust agreement, including all amendments, restatements and modifications, of the Monica Hujazi Trust.

12. Each Internal Revenue Service Form SS-4 (Application for Employer Identification Number) prepared in connection with the Monica Hujazi Trust.

13. Each Internal Revenue Service Notice Number CP 575 B issued in connection with the Monica Hujazi Trust.

14. Each Internal Revenue Service Form 1041, including drafts, prepared in connection with the Monica Hujazi Trust.

15. Each Internal Revenue Service Form 1041 actually filed on behalf of the Monica Hujazi Trust and/or its trustee.

16. Each California Franchise Tax Board Form 541 filed by Monica Hujazi in any of her representative capacities, from and after January 2009.

***Northwestern Mutual Variable Whole Life Policy***

17. A copy of each Northwestern Mutual Life Insurance policy of life insurance insuring the life of Monica Hujazi; including, but not limited to, Northwestern Mutual Life Policy No. 15 282 759.

18. Images of each check issued by any person or entity and made payable to the Northwestern Mutual Life Insurance Company, on or after January 2001, in connection with each Northwestern Mutual Life Insurance policy of life insurance insuring the life of Monica Hujazi; including, but not limited to, Northwestern Mutual Life Policy No. 15 282 759.

19. A copy of every "Annual Policy Statement" dated between January 2005 and the present in connection with each Northwestern Mutual Life Insurance policy of life insurance insuring the life of Monica Hujazi; including, but not limited to, Northwestern Mutual Life Policy No. 15 282 759.

20. A copy of every "Premium Notice" dated between January 2005 and the present in connection with each Northwestern Mutual Life Insurance policy of life insurance insuring the life of Monica Hujazi; including, but not limited to, Northwestern Mutual Life Policy No. 15 282 759.

21. A copy of every ""Loan Receipt" issued in connection with each Northwestern Mutual Life Insurance policy of life insurance insuring the life of Monica Hujazi; including, but not limited to, Northwestern Mutual Life Policy No. 15 282 759.

22. A copy of every "Annual Interest Bill" issued in connection with each Northwestern Mutual Life Insurance policy of life insurance insuring the life of Monica Hujazi; including, but not limited to, Northwestern Mutual Life Policy No. 15 282 759.

23. A copy of every Form 1099-R issued in connection with each Northwestern Mutual Life Insurance policy of life insurance insuring the life of Monica Hujazi; including, but not limited to, Northwestern Mutual Life Policy No. 15 282 759.

*New England Life Variable Flex Life Policy*

24. A copy of every New England Life Insurance, New England Financial and Metropolitan Life Insurance Company insurance policy insuring the life of Monica Hujazi; including, but not limited to, Policy No. Y062779.

25. A copy of every check dated on or after January 2009 and made payable to New England Life Insurance, New England Financial or Metropolitan Life Insurance Company in connection with a policy of life insurance insuring the life of Monica Hujazi; including, but not limited to, Policy No. Y062779.

26. A copy of every document bearing the title: "Your Annual Statement of Values" issued from and after January 2009 in connection with each New England Life Insurance, New England Financial and Metropolitan Life Insurance Company insurance policy insuring the life of Monica Hujazi; including, but not limited to, Policy No. Y062779.

27. A copy of every document bearing the title: "Variable Flexible Life Insurance Account Activity" covering periods from and after January 2009 in connection with each New England Life Insurance, New England Financial and Metropolitan Life Insurance Company insurance policy insuring the life of Monica Hujazi; including, but not limited to, Policy No. Y062779.

28. A copy of every document reflecting "Account Transfer Activity", covering periods from and after January 2009, in connection with each New England Life Insurance, New England Financial and Metropolitan Life Insurance Company insurance policy insuring the life of Monica Hujazi; including, but not limited to, Policy No. Y062779.

29. A copy of every Form 1099-R issued in connection with each New England Life Insurance, New England Financial and Metropolitan Life Insurance Company insurance policy insuring the life of Monica Hujazi; including, but not limited to, Policy No. Y062779.

30. Each monthly (or periodic) statement dated from and after January 2008 for any bank or financial entity account in Mexico owned by the Monica Hujazi Trust or in which the Monica Hujazi Trust held a beneficial interest.

*2006 Mercedes-Benz SLR McLaren*

31. Each lease agreement and/or contract for purchase of a 2006 Mercedes-Benz SLR McLaren automobile where that lease or contract was executed by Monica Hujazi as an individual or in any other capacity.

32. All written communication (including facsimile transmissions, emails and notices) to or from Manhattan Leasing Enterprises, Ltd that refers to a 2006 Mercedes-Benz SLR McLaren automobile or to a lease for such automobile.

33. Each lease termination document bearing the name Manhattan Leasing Enterprises, Ltd which references or relates to a 2006 Mercedes-Benz SLR McLaren automobile.

34. All certificates of title and California Department of Motor Vehicles registration documents dated on or after 2006 for a Mercedes-Benz SLR McLaren automobile.

35. Each offer and advertisement, dated on or after March 1, 2013, for the sale of a 2006 Mercedes-Benz McLaren automobile.

36. Each lending agreement, dated on or after January 1, 2009, where a 2006 Mercedes-Benz McLaren is pledged as security for the borrowing.

37. Each bill of sale, dated on or after January 2013, for a 2006 Mercedes-Benz SLR McLaren automobile.

38. Declarations pages, dated on or after January 2009, for each automobile insurance policy referencing a Mercedes motor vehicle and which list as an insured either Monica Hujazi or Monica H. Hujazi.

39. Every premium statement and cancellation notice issued by SAFECO insurance and dated between January 2006 and March 2013 which bears the name of either Monica Hujazi or Monica H. Hujazi.

# UNITED STATES BANKRUPTCY COURT

__Northern__ District of __California__

In re __Monica H. Hujazi__
Debtor

Case No. __13-30477-HLB__

Chapter _____

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Boston Private Bank__
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE **Law Firm of Harold Greenberg** **2263 S. Harvard Blvd., Los Angeles, CA 90018** | DATE AND TIME **August 3, 2017 at 10:00am** |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|   |   |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __July 24, 2017__

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Harold Greenberg__, who issues or requests this subpoena, are:
**Hedy Ghavidel, Law Firm of Harold Greenberg, 2263 S. Harvard Blvd., Los Angeles, CA 90018, hedy@lawfirmofhg.com, 323-732-9536**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows:  **By personal service**
_____
_____ on *(date)* **July 24, 2017** ; or

[ ] I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

I declare under penalty of perjury that this information is true and correct.

Date:  **July 24, 2017**

_____
*Server's signature*

**Hedy Ghavidel**
_____
*Printed name and title*

**2263 S. Harvard Blvd., Los Angeles, CA 90018**
_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

**LAW FIRM OF HAROLD GREENBERG**
*2263 South Harvard Boulevard*
*Los Angeles, CA 90018-2143*
*Telephone: (323) 732-9536*
*Facsimile: (323) 732-0803*

Harold Greenberg, Esq. (SBN: 40827)
Hedy Ghavidel, Esq. (SBN: 302335)

Attorneys for Petitioner-Creditor, HAROLD GREENBERG

# EXHIBIT "A"

### Boston Private Bank Document Subpoena

### DOCUMENTS TO LABEL AND PRODUCE

| Cashier's Check No. | Date | Amount | Payee |
|---|---|---|---|
| 108534 | 11/13/2012 | 2,250.00 | Monica Hujazi |
| 108577 | 12/11/2012 | 10,250.00 | Monica Hujazi |
| 108818 | 05/21/2013 | 12,500.00 | Monica Hujazi |
| 108987 | 11/12/2013 | 12,500.00 | Monica Hujazi |
| 117507 | 11/25/2013 | 18,750.00 | Monica Hujazi |
| 117763 | 09/17/2014 | 12,500.00 | Monica Hujazi |
| 117827 | 12/16/2014 | 12,500.00 | Monica Hujazi |

# UNITED STATES BANKRUPTCY COURT

**Northern** District of **California**

In re **Monica H. Hujazi**
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. **13-30477-HLB**

Chapter _____

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Boston Private Bank as Successor in Interest to Borel Private Bank & Trust Company**
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE **Law Firm of Harold Greenberg** **2263 S. Harvard Blvd., Los Angeles, CA 90018** | DATE AND TIME **August 3, 2017 at 10:00am** |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **July 24, 2017**

CLERK OF COURT

OR

_____        *[signature]*
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
**Harold Greenberg** , who issues or requests this subpoena, are:
**Hedy Ghavidel, Law Firm of Harold Greenberg, 2263 S. Harvard Blvd., Los Angeles, CA 90018, hedy@lawfirmofhg.com, 323-732-9536**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows: **By personal service** _____

_____

_____ on *(date)* **July 24, 2017** ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: **July 24, 2017**

_____
*Server's signature*

**Hedy Ghavidel**
_____
*Printed name and title*

**2263 S. Harvard Blvd., Los Angeles, CA 90018**
_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

**LAW FIRM OF HAROLD GREENBERG**
*2263 South Harvard Boulevard*
*Los Angeles, CA 90018-2143*
*Telephone: (323) 732-9536*
*Facsimile: (323) 732-0803*

Harold Greenberg, Esq. (SBN: 40827)
Hedy Ghavidel, Esq. (SBN: 302335)

Attorneys for Petitioner-Creditor, HAROLD GREENBERG

# EXHIBIT "A"

**Boston Private Bank as Successor in Interest to Borel Private Bank & Trust Company Document Subpoena**

**DOCUMENTS TO LABEL AND PRODUCE**

| Cashier's Check No. | Date | Amount | Payee |
|---|---|---|---|
| 3350 | 02/01/2011 | 5,000.00 | Monica Hujazi |
| 3510 | 04/22/2011 | 2,250.00 | Monica Hujazi |
| 4202 | 10/12/2011 | 5,000.00 | Monica Hujazi |