Sept 17, 2017

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In Re                          Case no 13-30477 HLB

Debtor:                              Chapter  7
MONICA HUJAZI                    Emergency Response

                        Rule 8013 Motions; Intervention

                              To adversed attorneys

                              Affidavit against paralegal

---

Standard of Review

1. Factual findings **Emergency motions**

Rule 8013 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy

Rules") provides that a bankruptcy court's findings of fact

"shall not be set aside [by an appellate

court] unless clearly erroneous."  A factual finding is

considered "clearly erroneous" when "the

reviewing court on the entire evidence is left with the definite

and firm conviction that a mistake

has been committed."  United States v. U.S. Gypsum Co., 333 U.S.

364, 395 (1948);

Schlumberger Res. Mgmt. Servs. v. CellNet Data Sys. (In re

CellNet Data Sys.), 327 F.3d 242,

244 (3d Cir. 2003).  If two views of the evidence are possible,

the bankruptcy judge's choice

between them cannot be clearly erroneous, even if the reviewing

court would have reached a

different conclusion.  Anderson v. Bessemer City, N.C., 470 U.S.

564, 574 (1985); Haskell v.

Washington Twp., 864 F.2d 1266, 1275 (6th Cir. 1988) ("It is not

enough that we might give the

facts another construction, resolve the ambiguities differently,

and reach a conclusion different

from that of the District Court.  Such a conclusion on our part

does not make the finding clearly

erroneous.") (internal quotations and citation omitted).

Examples of factual findings include:

• Findings of good faith, intent, reliance and prejudice

• Findings of credibility, which are entitled to even greater

deference (see Anderson, 470 U.S. at 575; Hong Kong Dep. & Guar.

Co. Ltd. v. Shaheen (In re Shaheen), 111 B.R. 48, 52 (S.D.N.Y.

1990))

## 2. ABA BUSINESS LAW SECTION

Business Law Today

Volume 17, Number 1 September/October 2007

**The Risks of E-Mail Communication**

Paralegal, ATTORNEY CLIENT E-MAIL PRIVILEGE

Paralegal, ATTORNEY CLIENT E-MAIL PRIVILEGE

**Waiver of Attorney-Client Privilege**

Inadvertent waiver of the attorney-client privilege is another area of concern with electronic communications. A company can waive the attorney-client privilege expressly or impliedly. As a general rule, the disclosure of attorney-client communications (including sharing of an e-mail) to a third party waives the privilege. In the context of e-mail, the most common pitfall leading to inadvertent waivers stems from the ease with which e-mail containing legal advice can be sent to large groups of people via the Internet. Not only will a dissemination to a third party potentially waive the privilege (i.e., the "in confidence" element of the privilege is no longer met), but dissemination to too wide of an audience within the company also may cause a waiver. Business lawyers must be attentive because it is usually the business client who fails to keep a

communication in confidence through mass distribution or forwarding of the e-mail "from legal." For example, your legal advice contained within an e-mail to a select few business people is then mass forwarded to the whole company. In some instances, this may constitute a waiver of the privilege, sometimes referred to as a "technical waiver." Although the e-mail may never leave the company, the client may be vulnerable to attack by a plaintiff's lawyer that, because the e-mail was disseminated beyond the "need to know" group (meaning individuals who need the information in order to take some action), the privilege has been waived. The trick is to ensure that sensitive e-mails are only shared on a need-to-know basis within the client's shop. Ask yourself (and train your clients to ask themselves): Do the recipients of this e-mail need this information in order to take some action or alter their actions in some way?

**Issue I FRAUD ClEARLY ERRONEOUS Attorney Bradley Declaration**

 See Sept 14, 2017 Attorney Bradley filed declaration
See paragraph 5, Bradley says he has no knowledge of or involvement in preparation of any purported pleadings filed by Mr Lai in any case including those outlined in OSC pg 3.

I did not authorized any of the filings of any purported pleadings filed by Mr Lai in any case including those outline in OSC pg 3.

Paragraph 6, I only seen Mr Lai twice, one at BAP appeal hearing, He handed me some pleading indicated he intended on filing them to help Monica Hujazi

Paragraph 7, I looked at them observed they had my name on them. I informed Mr Lai he could not file any papers with my name on them as I did not authorize then. I informed Mr Lai the only individuals that can file papers in a case are the attorney's offices.

Paragraph 10. I do not recall ever having any telephone conversations with Mr Lai. He has a few times left message for me to call at my office which I have not returned any calls. Also some e-mails to me but I have not reviewed them in any detail or ….ever responded to any of them.

Paragraph 11, I have never inquired as to any connection between Mr Lai and Ms Hujazi.

## Argument Will Argue in Turn

All above FRAUD LIES Perjury, Meets the Clearly erroneous, see Monica E-mails,   See submitted Appendix 104 E-mails to paralegal Monica, Bradley, Peter, and Dennis


**See paragraph 5,** Bradley says he has no knowledge of or involvement in preparation of any purported pleadings filed by Mr Lai in any case including those outlined in OSC pg 3. Response to paragraph 5,

5-1, July 9, pg 22,

**1 July 9, Monica**                                                    Jul 9

to  Peter, Dennis, Bradley,

1.Language you (Dennis) used I Frap 28j isn't now the time to put that almost in motions to object? Bradley you said good case law but had to be the correct timing? Well I think timing now…(the BAP judges decision said, Monica is correct, she may file Frap 28j written Oral Argument submitted.-timing was correct).

5-9. July 13, pg 26, Monica to Dennis, Bradley, Peter, Peter Bonis is not listed on top? I don't understand why you have Dentons firm…(I did not list Peter Bonis name on top of my Sterling motion, because Monica said she spoke to Bradley to file it.

5-11. July 15, pg 27, Monica to Dennis, Peter, Bradley, Peter, Bradley said we going to need to get at least one more law to man up in this motion to be reheard at BAP.

Get stuff to Bradley to on solutions everybody on high stress. (Dennis submitted we have been interviewing over a dozen for help).

5- 14. July 17 pg 29, Monica Bradley, Peter, Dennis, I think this should be attached on a motion for reconsideration? …and styed till all hearings done on injunction

5-15. July 15, pg 29 Monica to Dennis, Bradley, Peter, "Bradley said you would push 28j stuff at the right time? (BAP judges order said, FRAP 28j was on time, Monic can submit it.

5-19. July 16, pg 30, Monica to Bradley, Dennis, Peter, Roland foreman attorney, Tip of iceberg damages, from Sterling. So why don't they go after him first for his fraud! (Fraud is Dennis Sterling motion July 27, 2017 reason for this inquiry)

Which Bradley said  better to cut a deal for $60, thousand.
Bradley did not stay the appeal, **I do not think he put the long**
**injunction that Dennis help him with before the courts**.

5-21. July 15, Monica to Dennis, pg 31, If BAP said its in check
and recheck? Send copy to Peter.  I think Bradley pulled out 28j
check if so can go in? (**Dennis made frap 28j motion**).

5-22, July 15, Monica to Dennis, Bradley, Peter,  "Bradley said
you (Dennis made this motion) would push 28j stuff at the right
time

5-23.  July 15, Monica to Dennis and Bradley,  **They** (the **BAP**,
**order) court (BAP JUDGE SAID) told us in BAP by law we CAN FILE**
**28J.**

5-25.  July 20, Monica to Dennis, BAP reconsideration can't have
new facts?  …Motion for reconsideration…not refer to injunction
pending…But Bradley said on adversary she would ignore, …so this
reply got to be fit adversary 17 030 36.

5-27. July 20,  pg 34, Monica to Dennis, …adversary case number?
That filed today at Golden gate?  BAP filed in Pasadena?

5-35.  July 24, Dennis to Monica, **I'll send copy to Bradley** and
Peter but will they file it or I file it? (both don't answer the
phones).

5-37. July 25 pg 39, Dennis to Monica, I sent to Peter and
**Bradley twice, Sterling stuff**…

5-38. July 27 pg 40, Monica to Dennis, it cannot be filed under
Denton.  Peter only one that given you clearance to file.
Bradley said you can't file for him Peter sick wife give us

excusable neglect. (**this is after Monica told Dennis July 26 to file Sterling motion).**

5-39.  July 27, Dennis to Monica, pg 40, I got Denton from previous motion Ramundo motion, you said Bradley said to file Sterling? So I did. …I did not put Peter name on, cause e mail **you said Bradley said, me to file sterling.**

5-41. July 28, Monica to Dennis, Peter, I did not say ok, I said you need to check with Peter on filing things there a big difference  Peter going to be e-mailing you on punch list…**see** July 26, Monica says O.K to file. (**Monica FORGOT SHE TOLD ME TO FILE Sterling motion).**

5-42. July 28, pg 41,  Dennis to Monica, I'll try to find it you have 20 e mails a day, I'll try and find it**, You said file it spoke to Bradley.**   if late the court would just say it's late? The Hearing is July 13, 14 days = July 27 on time.  (**Dennis calculate Sterling last final day not to default is July 27 on time).**

5-43. Aug 4, (8 days ago) pg 42, Monica to Dennis,
 **Filing on Bradley previous context means send to him and let him know he said.**

5-45.  Aug 4 (8 days ago), pg 42, Monica to Dennis, **Bradley, Well letting him know to clear read and approve is what he requested he said all must go through him and now said to stop completely (Now Bradley does not want Dennis to send any motions for him to be approved before filing)**

5-46, July 26, Monica to Dennis pg 42,  Sterling you can't sorry you put ISSAC  HUGH ERROR (SHE does not know previous motions Issac name on motions I copied the same format).

Peter allows you to **but I'll talk to him (Bradley for Dennis filing) after depo on Sterling, pound on other errors and we will call after the depo. (she will call Bradley after depo hearings).**

**5-47. July 30 Monica to Dennis, Bradley, Filing in Bradly previous context means send to him and let him know he said that in the court hallway! And went over that in frap 28 stuff which was ignore Now he wants nothing done period,**

5-48. Dennis to Monica, Bradley  Aug 4, pg 43, I informed you Sterling motion response from July 13, 2017 hearing was filed **within 14 days waiting for Peter or Bradley to file within 14 days, NO ONE RESPONDED  see attached E MAIL you SAID THEN FILE IT (sterling motion)  You said I never told me to file it,  I said I'll find the E mail that you said to file it. Attached IS THE email YOU TOLD ME TO FILE IT.,** Doesn't adversary and appeal on Sterling settlement need to be filed?  Jointly??


**Part B of Paragraph 5, Bradley's Declaration**

5-a, I did not authorized any of the filings of any purported pleadings filed by Mr Lai in any case including those outline in OSC pg 3.   Dennis Response:

5-a, 16. July 12, pg 29, Dennis to Monica, we got to July 20 to file this motion  What did Sterling (Bradley) lawyer do to get slammed?  (Bradley did not file any stays reconsideration  to stay [as I said, I hear Bradley many times defaults motions so I make sure we file timely] not to default).

## Conclusion to paragraph 5,

Obviously Bradley's paragraph 5, meets the clearly erroneous element.

**Paragraph 6**, I only seen Mr Lai twice, one at BAP appeal hearing, He handed me some pleading indicated he intended on filing them to help Monica Hujazi

More Perjury, Bradley manufacturing hearsay, Paralegal's job is to prepare motions to supplement Attorneys motions, Paralegals submit their motions to the attorneys for filing (in this case Frap 28j Client can submit her own 28j). At Ninth Appeals court hallway, Monica and Dennis asked Bradley to file the Frap 28j. Dennis had no intent of filing Monica's 28j, but Dennis helped Monica the client can serve her written oral argument to the court, clerks as she tried to do and as the BAP judges order says she can submit her 28j.

### Conclusion to 6,

Paralegal prepares motions for the Attorney to submit to the courts, here Frap 28j, Monica can submit her own Oral written argument for her 15 minutes oral hearing, BAP Judge order, said, Frap 28j was correct, can be submitted.

**Paragraph 7,** I looked at them observed they had my name on them. I informed Mr Lai he could not file any papers with my name on them as I did not authorize then. I informed Mr Lai the only individuals that can file papers in a case are the attorney's offices.

Besides all the E-mails Dennis files for Peter Bonius intertwind with Bradley in several of instant cases, here, Bradley

(BIG MANUFACTURED LIE), Bradley Tuesday morning quarterback means, hearsay after the known fact. Prior to Dennis filing, Bradley had no indication nor Dennis to file any motions for Bradley.

Dennis, I never indicated I was going to file this motion, attorneys has to file or approve filing, but Monica the client can submit her Oral written argument herself to the court corroborated by BAP Judges order.

7-**5**-52. Aug 4 (8 days ago) Monica to Dennis, pg 45, Filing in Bradley previous context **means send to him and let him know he said.**

Conclusion to paragraph 7,

Bradley Tuesday Morning quarterback hearsay Dennis intended on filing? Intent is for Bradley to file and Monica can submit Frap 28j herself as she did file after hearing.

Corroborated by BAP Judges order, said, frap 28j was correct
filing.

**Paragraph 10.** **I do not recall ever having any telephone**
conversations with Mr Lai.  He has a few times left message for
me to call at my office which I have not returned any calls.
Also some e-mails to me but I have not reviewed them in any
detail or …ever responded to any of them.
Response
10-29. July 21, pg 36, Monica to Dennis,  Have to check with
Bradley?  On any or that you better email him? Call…
10-44. Aug 4,(8 days ago) pg 42, Dennis to Monica**, Already**
**answer last E mail BOTH NEVER ANSWER PHONE, I SENT THEM THE**
**DRAFTS THEY DON'T CHECK THEM THEY DON'T ANSWER PHONE SO LAST**
**FILING DATE IS IS FILED BECAUSE YOU DEFAULT.**
**10-**49. Aug 4 (8 days ago) Dennis to Monica, pg 44, I called them
I e mailed them I sent draft copies to them  I told you over and
over you told me to send them the drafts, call them I did, they
never respond don't answer calls,  so that's how NOT WORKING
TOGETHER WITH THEM IS
**That's why I said I'm done (Dennis quits Monica's legal work)**
Stop completely when they never answer phone calls, or e mails
and I tell you to reminded them of the deadlines, All TO NO
AVAIL
10-51. Aug 10 (2 days ago) Dennis to Monica,
He doesn't answer phone
He doesn't give me copies,
He doesn't respond to e mail

So what are you talking about we filing something

You defaulted BAP rehearing (Peter never file as BAP judges response, BAP order says, PETER to REFILE the Extension. 10-53. Aug 4 (8 days ago) pg 45 Dennis to Monica, Already answer last e mail. Both never answer phone, I sent them the drafts they don't check them, they don't answer phone so last filing date it is filed because you would default.

## Conclusion to paragraph 10

Monica repeadly told Bradley (violations unsupervised paralegal) Dennis working on the motions, Monica phone conversation, Told Dennis

A, to call Bradley go to his office and read the supporting records in support of the drafting the motions,

B, As Monica also told Dennis and went together to George Eshoo's attorney office to read the thousands of records also in support of drafting the motions,

C, Monica also went to Peter Bonius office Walnut Creek with Dennis to discuss drafting motions in support, and Monica told Dennis to give Peter the Homestead act motion Dennis make and the Trustee motions Dennis made to find out why, Monica

10-1, Filed bankruptcy 1.2 million and In Re Zuercher 30 million? = 31,5 million filed (4) four years ago,

10-2 Trustee's have sold 90 million of Monica's assets in four years, and

10-3 recent docket filing, trustees say, last month still collecting 30 million debt?

After four years 31.5 million sell 90 million assets and four year later the debt is still 30 million?

Dennis prepared trustee motion for updated accounting, she may
be paid up NO 30 MILLION DUE, from

A, Reap L.A fraud list the Reap 4 million debt on all her
buildings means 5 buildings 20 million only 4 million is the
debt,

B, Bank of American  1,2 and 800K = 2 million, same B of A puts
the same 2 million on all of Her buildings = 12 to 16 million
but only 2 million is the debt.

So the so called 30 million, no one informed the trustees or
court, 25 million does not belong to Monica, so the court filing
for San Ramundo residence and the last few weeks filing to sell
all four vehicles are all void.  Dennis handed this trustee
motion to Peter in his office to file.  Both issues filed in
Peter/Dennis Reconsideration motion file July 20, 2017 where we
again could not find Peter that sent another BARE BONES motion
for San Ramundo.  Dennis tried to get the bare bones motion to
follow Peters 8013-2 formant but was not able to get a copy
until after filing Reconsideration.

 Bradley Also meets clearly erroneous standard.


**Paragraph 11,** I have never inquired as to any connection between
Mr Lai and Ms Hujazi.

11-17. Forestview,

Bradley has the paralegal Dennis Forest view draft motion, 1.2
million straw buyer note proof violation of homestead so I agree

with Peter on fraud on both courts.  Dennis submitted to Monica

Forestview injunction stay.

Sterling Heatley

Re Ellis, (Monica) **Dennis put those objections on outline!**

**(Sterling** motion).

11-24. July 18, pg 32, Monica to Peter, Bradley, Dennis,  Peter,
Bradley going to need at least one more law to man up….We do
need to get one more lawyer… we are in it to win it.   Dennis
worked real hard on research…but we need **one more heavy**
**litigator…to much for Bradley you (peter) and Dennis.**
**11-**26. July 20, p 33, Monica to Dennis, Peter, …motion for
reconsideration…briefing due otherwise Dennis going to have to
file and …request a joiner of the pending injunction.    ….The
other 2 BAP motions for appeals putting a lot of stress on
Dennis to! (both Bradley cases).
11-28.  July 22, Monica to Dennis, Bradley,  Opposition would be
filed 2 weeks prior? …file an appeal, …On that Bradley??

11-32.  July 26, App pg 37,  **Monica to Dennis,**
          " **Well you can just file for Bradley, Sterling file but**
**let Bradley know…"**
.Did you send copy to Peter and Bradly on Sterling?
Objections….
                        Conclusion to paragraph 11,
     Again meets the Clearly erroneous standard All above FRAUD
LIES Perjury, see Monica E-mails,

30. Monica E-mails, July 19, Peter was not there so she really was made Bradley was there for sterling fees so it really was a mess day, (**Peter for Sterling case also…Dennis files for Peter**).

34. July 24, pg 38, Monica to Dennis, You got to send to Bradley and Peter? Peter can barely appear for what we …..

36. July 25, pg 39, Monica to Dennis, Better send to Peter? On Sterling stuff.

50. Aug 4, (8 days ago) Dennis to Monica I'm done with your legal work. (**Dennis quits Monica's legal work**).

3. July 9, pg 23, Monica to Dennis, it is sign off by Peter Bonius but got Bradley name on front page?

**They both interwind their cases**.

4. July 10, pg 23, Dennis to Monica, I told you Peter appeared in order to file so he's also on record as attorney means I can submit behind Peter as agent for both of them.

**Peter and Bradley appear both in their cases so when I file Bradleys cases Peter permits me to file to meet deadlines for Peter when Bradley's case also**.

5. July 9, Monica to Dennis, Monica says it is sign off by Peter Bonis but got Bradly name on front page? (Peter and Bradley both interchange **intertwind their cases so Dennis files both cases, because Peter permits Dennis to file**.

6. July 13, pg 25, Monica to Dennis, Bradley and Peter, Monica ask, Peter Bonis is not listed on top? I don't understand why

you have Dentons firm?  (Dennis)  Dentons firm is listed on

Sterling motion for yesterdays hearing

7.  July 7, Monica to Dennis,  Nest week last week to stop

Sterling settlement agreement?  That is covered by injunction?

8. July 7, pg 25, Monica to Dennis,  Peter was no show his wife

been super sick and was not on court call?? And Bradly was their

on fees against Sterling Heatly. So when he saw she was going

ahead without Peter he did a special appearance.  She orders me

out in 45 days but would consider more on title stuff (**so Dennis**

**Helped**

**Peter filed RECONSIDERATION, Judge said she would consider**

**more??)** and this title dispute why did Bradly not stay the

**appeal?** ...I do not think he put the **long injunction that Dennis**

**help him with before the courts.  (Dennis injunction Motion**

**helped Bradley Monica says).**

10.  July 12, pg 26 Dennis to Monica,  So did any of the two

lawyers Bradley or Peter file an notice of appeal?  I need to

know what the 14 days deadline for this reconsideration stay

motion is due.  One day late and your in the streets must be

filed within 14 days.  I can file this stay and appeal because I

filed both Monica and Zuercher for both Bradley and Peter so I

can file it within 14 days to make sure it's filed.

**I hear too many times Bradley filed late.**

12. July 14, pg 28, Monica to Bradley, Dennis, Peter, Ronald, Tip of iceberg of damages, From Sterling along…more equity,

13. July 14, pg 28, Monica to Dennis, that would be needed to be filed 14 days before the hearing?  What now drafting it,…what the injunction doing about this?

17. E-MAIL, July 16, pg 30 Amplett office building, (Monica says) Dennis was there at last **round of police** and craziness where I got the nephew the buyer break to pop his mouth off (that he was nephew of city hall building department that forced Monica out of her building).  (Bradley let two motions unchallenged to **ABANDONED** Amplett (A **MILLIONS DOLLARS o ffice and furniture and SYDNEY CIVIL LAW SUIT RECORDS)**.  I, Dennis Lai was present at Amplett office while new owner Doug throwing out all Monica's belongings into 15 foot dumpster civil law suit records.  I convinced Doug new owner to permit me to collect the Monica business and law suit records from the 15 FOOT DUMPSTER full of debree, torn bushes, cement parts.  I convinced Doug the new owner permitted me to collect office furniture, desk, tables, filing cabinet, and 15 thousand civil law suit records. Which Sydney filed motion to abandoned Amplett furniture and records, then Sydney went in and stole all Monica's million dollars of furniture and civil law suit records that Monica was suing Sydney.  Doug and his helpers helped me to collect chairs underneath the debree, and collect about 10,000 records while

owner Doug called the police twice because Monica kept
interviewing him for facts discovered Doug slipped said he was
City building inspectors Nephew that office that did a hostile
take over taking out the electrical meter forcing Monica out of
her building.  All caused by Bradley too busy as Monica said all
Peter, Dennis, Bradley all on high stress, OVERWHELMED too many
18 conspiracies to efficiently prepare and file motions in
relief, reason Dennis assisting both Attorneys with supporting
motions.  Bradley motions 4 issues, he argues one issue and NO
CITATIONS for the three other issues,  too busy to do research,
here, Peter filed two Bare Bones motions that Dennis sees both
attorneys need supplement motions help.  Dennis does not want to
go through that again with Ramundo residence, no MORE ABANDONED
MOTION.

Peter working with paralegal Dennis

2. July 7, pg 22, Monica to Dennis,  Bradley appeared for Peter,
wife sick, Sterling fees Bradley won.  Judge rules without Peter
no show, order Monica out of her residence 45 days Ramundo case.
PETER AND BRADLEY BOTH INTERWIND APPEAR in their cases.

31, July 17, App pg 36, Monica to Peter, Dennis,  I think this
should be attached on a motion for reconsideration?  Supplement
injunction to stop too may motions at one time.  Sterling,
reconsider, BAP En Banc, Extension,…top here is priority.

40. July 25  pg 40**, Monica to Peter, Dennis,** Leo called said
SOS, Bunch OF STUFF need to be addressed by Aug 3, (Ramundo case
reconsideration)  and you filed to wrong court? (but clerks
stamp case number on reconsideration motion).


## CONCLUSION

For all the reasons above Sanctions should not be
imposed, Dennis helping Peter took this case on Contingency,
means he DOES NOT WANT TO DEFAULT MOTIONS OR ABANDONE MOTION
CASES.  Peter raised he will file civil law suit against Sydney
for 89 million and punative damages, so PETER DOES NOT WANT TO
DEFAULT or ABANDONE any motions.

If Dennis Chan Lai marries his fiancé Monica, Dennis will
have standing to also Sue with Peter Bonius the civil law suits
and any other civil law suits there probably be very many to
this 18 Complex Racketeering conspiracies.

PETER IN HIGH STRESS, wife very, very sick, ON PRO=BONO, Dennis
and Peter looking up Pacer records, Peter could not pay for the
copying cost to copy the records for Monica's motions.

Sydney, Greenberg collecting Trustee sales of properties sold,
taking that money and filing EXCESSIVE depositions to Peter,
which Monica told Peter to Let Dennis go to Peter's office to
respond to all those FLOODING Depositions so Peter can properly
research and argue Monica's motions instead of Bare Bones
motions.  So Dennis won't have to go through another AMPLETT and
go dumpster diving again.

Paralegal was ignored, all calls not answered, e-mails not
answered, motions submitted to Attorneys in person or e-mail all

Case: 13-30477    Doc# 629    Filed: 09/19/17    Entered: 09/20/17 10:13:50    Page 21 of
23

ignored to prevent default Dennis Lai filed as bankruptcy clerks told Dennis paralegal I could file because can't get ahold of either of the attorneys (Peter Bonius). Peter Bonius has taken this case on contingency, defaulting motions hurts Peter's chances to get paid, OBVIOUSLY Peter must win to get paid. Hearing to show cause should be dismissed, Bradley's declaration meets the Clearly Erroneous standard.   Judical Notice 201, I only have 3 days to prepare this motion, HAINES V KERNER 30 L. Ed. 2d 652 (1972).

CERTIFICATION    Proof Of Service-9013-3

I Certify that all the above is all true and correct, under penalty of perjury Dated Sept *19* 2017, Notary, In lieu of Notary, 28 USC 1746 and true copies mailed to:

Monica Hujazi
1021  Ramundo
Hillsborough Calif 94010
baycitiesproperties@yahoo.com

Attorney Peter Bonis Esq
Peter Bonis SBN 122016
LAW OFFICES OF PETER BONIS
1990 California st    8th floor
Walnut Creek, California 94596
Telephone 925 287-6428
peter@bonislaw.com

Bradley Kass Esq  cbn# 1276558
Kass & Kass Law Offices
520 S. El Camino Real suite 810
San Mateo Calif 94402
Tele 650 579-0612
Email  Kassoffice@sbcglobal.net
**Briefs e-mailed service and Appendix put in U.S Post office box, I do not have

Computer software to composite all Appendix for e-mail.   HAINES
V KERNER, Pro-se

Thank you

Dennis Chan Lai Pro-se
Freelance Paralegal
1771 21st Ave
San Francisco   Calif 94122