Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for Plaintiff Janina M. Hoskins,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>　MONICA H. HUJAZI<br>　　　aka ZUERCHER FAMILY TRUST<br>　　　aka THE ZUERCHER TRUST<br>　　　　　OF 1999<br>　　　aka BAY CITIES FINANCIAL<br>　　　aka ALEXANDRIA APARTMENTS<br>　　　aka BROWNSTONE LOFTS<br>　　　aka PENINSULA COMMONS<br>　　　aka SF CORNERS<br>　　　aka EMERALD SQUARE<br>　　　　　APARTMENTS,<br><br>　　　Debtor. | Case No. 13-30477 HLB<br>Chapter 7<br>Hon. Hannah L. Blumenstiel |
| JANINA M. HOSKINS,<br>CHAPTER 7 TRUSTEE,<br><br>　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE,<br><br>　　　Defendant. | Adversary Proceeding No. 24-_____ |

**COMPLAINT FOR TURNOVER OF PROPERTY**

Plaintiff Janina M. Hoskins, Chapter 7 Trustee of the estate of the above Debtor, alleges as follows:

1.      Plaintiff is informed and believes that, on March 1, 2013, an Involuntary Petition for Chapter 7 relief was filed against Monica H. Hujazi ("Debtor"). The Order for Relief Under Chapter 7 was entered November 30, 2015. Plaintiff is serving as Chapter 7 Trustee of the Debtor's estate.

2.      This Court has jurisdiction over this Adversary Proceeding under 28 U.S.C. §§ 151, 157(b)(2), and 1334, and under Rule 5011-1 of the Bankruptcy Local Rules for the Northern District of California.

3.      This Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O).

4.      Venue is proper under 28 U.S.C. § 1409.

5.      Plaintiff consents to entry of final orders or a final judgment in this Adversary Proceeding.

6.      The Defendant is a government entity organized under federal law that is responsible for the collection of federal tax.

7.      The Debtor's bankruptcy estate included multiple parcels of real property in the San Francisco Bay Area. During the course of her administration of the bankruptcy estate, Plaintiff, as Chapter 7 Trustee, sold multiple parcels of real estate.

8.      Plaintiff, with the assistance of her accountants, prepared tax returns on a fiscal year basis based on the timing of real estate sales.

9.      For the fiscal year ended October 31, 2017, federal tax of $971,225 was paid on February 6, 2018.

10.     After the following fiscal year tax returns were completed, the tax return for the year ending October 31, 2017, was amended three times to carry back administrative expense losses and net operating losses which the Internal Revenue Code permits a taxpayer to do.

    a. The first amended tax return was filed on May 7, 2020, and requested a refund of $350,638. Plaintiff received the tax refund in the amount of $350,638 and accrued interest in the amount of $51,474.79.

        b. The second amended tax return was filed on March 1, 2021, and requested a refund of $49,612. The Trustee received a refund of $49,612 and $2,130.43 in accrued interest on September 1, 2021.

        c. The third amended return was filed on February 8, 2022, and requested a refund in the amount of $289,391 and accrued interest. As of the date of this complaint, the Defendant has not turned over the $289,391 refund with accrued interest.

11. Since February 8, 2022, Plaintiff through her accountants has requested on numerous occasions that the Internal Revenue Service issue the $289,391 refund with accrued interest.

12. The Defendant has acknowledged receipt of the amended return filed on February 8, 2022.

13. The Defendant has not delivered any of the refund identified in paragraph 10(c) above to Plaintiff.

14. Plaintiff is entitled to request that the Bankruptcy Court determine the right of the estate to the tax refunds under 11 U.S.C. § 505(a)(2)(B) because more than 120 days have passed since a proper request for the refund was submitted.

15. The refund identified in paragraph 10(c) above is property of the bankruptcy estate under 11 U.S.C. § 541(a).

16. Plaintiff alleges that interest is accruing on the refund identified in paragraph 10(c) above.

17. The Defendant is aware of the pendency of the bankruptcy case and is aware that Plaintiff has asserted that the refund identified in paragraph 10(c) is property of the bankruptcy estate that must be turned over to Plaintiff for the benefit of the bankruptcy estate.

18. The Defendant has not explained why the refund is not property of the estate, has not explained why the refund should not be turned over, and has refused to turn over the refund.

/ / /

/ / /

/ / /

Case: 13-30477    Doc# 893    Filed: 04/22/24    Entered: 04/22/24 16:48:01    Page 3 of 4

3

## FIRST CLAIM FOR RELIEF
### Turnover of Property
### (11 U.S.C. § 542)

19. Plaintiff realleges the allegations set forth in paragraphs 1 through 18 above and incorporates them by reference.

20. The Defendant is in possession of the refund identified in paragraph 10(c) above in the amount set forth plus accrued interest until the date of payment.

21. The refund identified in paragraph 10(c) above is property of the bankruptcy estate under 11 U.S.C. § 541(a) that the Defendant must "deliver to the trustee, and account for, such property or the value of such property."

22. The Defendant owes a debt to the bankruptcy estate that is property of the bankruptcy estate and that has matured, is payable on demand, and Defendant must pay such debt to or on the order of Plaintiff in her capacity as Chapter 7 Trustee of the estate of the above Debtor.

WHEREFORE, Plaintiff requests judgment as set forth below.

## REQUEST FOR JUDGMENT

A. On Plaintiff's First Claim for Relief, for judgment against the Defendant in the amount of $289,391 under 11 U.S.C. § 542(a) and (b).

B. For an award of interest between February 15, 2018, and the date on which the judgment is paid in full.

C. For costs of suit.

D. For such other relief the Court deems appropriate.

DATED: April 22, 2024          RINCON LAW, LLP

By: */s/Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for Plaintiff Janina M. Hoskins,
Chapter 7 Trustee